DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

CARY CHAPIN and BARBARA DOUMA,          )
ELISA ADAMS, MARK ANDERSEN,             )
JOHN BALDWIN AND DEAN BALDWIN,          )
DENISE BARBIER AND TRUMAN               )
BARBIER, EMILY BRATTON AND              )
RICHARD HATHAWAY, CONCH VILLA           )        Civil No. 2012-77
CONDOMINIUM ASSOCIATION,                )
CONCORDIA CAMPGROUNDS, INC.,            )
BONITA CORBIEL, JEAN COTTRELL           )
AND STEPHEN COTTRELL, , JERRY           )
DALY, CARLOS DI BLASI, HARRY            )
EISENER AND CYNTHIA SAUERS,             )
JOHN FITZGERALD, RUNE FREMLIN           )
AND BIRGITTA FREMLIN, NINA C.           )
HAHLER, RICK HOY AND SUSAN HOY,         )
BARBARA JAKOBSEN AND ARNE               )
JAKOBSEN, AVIS JAMES AND OSCAR          )
JAMES, PHILIP JONES AND                 )
MARJORIE JONES, ANN MCCRAVE,            )
JEFFREY MCCRAVE, DAN NEAR, ,            )
NANCY AND JOSEPH NEMETH, IRENE          )
PATTON AND RUDY PATTON, ED              )
PIEPER AND BARBARA PIEPER,              )
CELSO PRINCIPAAL, DEBORAH               )
RAMSAY, SHARON SCHOTT, UPPER            )
DECK VILLAS ASSOCIATION, TERRY          )
R. WITHAM,                              )
                                        )
                Plaintiffs,             )
                                        )
                v.                      )
                                        )
GREAT SOUTHERN WOOD PRESERVING, INC.;   )
THE PUTNAM LUMBER & EXPORT COMPANY;     )
AND PUTNAM FAMILY PROPERTIES, INC.,     )
XYZ CORPORATION,                        )
                                        )
                Defendants.             )
_____)

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 2

```
                                          )
PUTNAM LUMBER & EXPORT COMPANY, PUTNAM    )
FAMILY PROPERTIES, INC.,                  )
                                          )
                Third Party Plaintiffs,   )
                                          )
            v.                            )
                                          )
WHITECAP INVESTMENT CORP. d/b/a           )
PARADISE LUMBER AND MSI BUSINESS          )
SUPPLIES,                                 )
                                          )
                Third Party Defendants.   )
_____     )
                                          )
WHITE CAP INVESTMENT CORP. d/b/a          )
PARADISE LUMBER,                          )
                                          )
                Third Party Plaintiff,    )
                                          )
            v.                            )
                                          )
GREAT SOUTHERN WOOD PRESERVING, INC.,     )
                                          )
                Third Party Defendant.    )
_____     )
```

ATTORNEYS:

**Terri L. Griffiths, Esq.**
Law Office of Terri Griffiths
Carbondale, IL
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
St. Croix, VI
> *For Cary Chapin, Barbara Douma, Emily J. Bratton, John Baldwin, Dean Baldwin, Terry R. Whitham (individually and as representative of a class of persons similarly situated), Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Harry Eisener, Cynthia Sauers, Elisa Adams, Denise Barbier, Truman Barbier, Jean Cottrell, Stephen Cottrell, Nancy Nemeth, Joseph Nemeth, Irene Patton, Mark Anderson, Richard Hathaway, Conch Villa Condominium Association, Concordia Campgrounds, Inc., Bonita Corbiel, William Culver, Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Avis James, Oscar*

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 3

> *James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton,*
> *Ed Pieper, Barbara Pieper, Deborah Ramsay, Margaret Ramsay,*
> *and Sharon Shott,*

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
> *For Great Southern Wood Preserving, Inc.,*

**Lisa M. Komives, Esq.**
Bolt Nagi PC
St. Thomas, VI
> *For Putnam Lumber & Export Co. and Putnam Family*
> *Properties, Inc,*

**Alex Moskowitz, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
> *For MSI Building Supplies,*

**Chad C. Messier, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
> *For Whitecap Investment Corp. d/b/a Paradise Lumber,*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant/third party
defendant Great Southern Wood Preserving to dismiss all claims
asserted against it by the plaintiffs[1] for want of personal
jurisdiction.

---

[1] The term "the plaintiffs," as used herein, refers to: Cary Chapin, Barbara
Douma, Emily J. Bratton, John Baldwin, Dean Baldwin, Terry R. Whitham
(individually and as representative of a class of persons similarly
situated), Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Harry Eisener,
Cynthia Sauers, Elisa Adams, Denise Barbier, Truman Barbier, Jean Cottrell,
Stephen Cottrell, Nancy Nemeth, Joseph Nemeth, Irene Patton, Mark Anderson,
Richard Hathaway, Conch Villa Condominium Association, Concordia Campgrounds,
Inc., Bonita Corbiel, William Culver, Jerry Daly, Carlos Di Blasi, John

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 4

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Great Southern Wood Preserving ("GSWP") is an Alabama corporation, and carries out its business principally in Alabama. That business is the lumber business. In addition to selling wood directly, GSWP also provides chemical and pressure treatments to prevent lumber from decaying. The ostensible purpose of such treatments is to render the lumber safe for use in buildings.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the defendant/third party plaintiff Putnam Family Properties, Inc., doing business as Putnam Lumber and Export Company ("Putnam Lumber"). Putnam Lumber, a Florida corporation, is itself a lumber retailer. Putnam Lumber regularly sold lumber to, among others, Whitecap Investment Corporation, doing business as Paradise Lumber ("Paradise Lumber").

Paradise Lumber is a lumber retailer operating in St. John, United States Virgin Islands. It sold lumber that it had purchased from Putnam Lumber, and which had been treated by GSWP, to various consumers in St. John. These consumers, which

---

Fitzgerald, Rune Fremlin, Birgitta Fremlin, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Margaret Ramsay, and Sharon Shott.

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 5

include the plaintiffs, used the lumber in their sundry buildings.

Paradise Lumber and the plaintiffs claim that the GSWP-treated lumber prematurely decayed, causing damage to the buildings into which it had been incorporated.

On December 29, 2010, Paradise Lumber initiated an action captioned as *Whitecap Investment Corp. v. Putnam Lumber & Export Co.*, Civil No. 2010-139 (hereinafter, "the 2010 Action"). In the 2010 Action, GSWP submitted an answer to the complaint. In its Answer, GSWP asserted as an affirmative defense that this Court lacked personal jurisdiction over it. Thereafter, GSWP moved to dismiss the 2010 Action on the ground that this Court cannot exercise personal jurisdiction over it. Paradise Lumber and Putnam Lumber opposed the motion.

Subsequently, on October 1, 2012, the plaintiffs initiated this action against GSWP, Putnam Lumber, and XYZ Corporation. Putnam Lumber filed a third party complaint against Paradise Lumber. Paradise Lumber filed a third party complaint against GSWP.

Thereafter, on October 29, 2012, GSWP filed the instant motion, seeking dismissal of the plaintiffs' complaint on the ground that this Court cannot exercise personal jurisdiction

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 6

over it. The plaintiffs, Paradise Lumber, and Putnam Lumber

oppose the motion.

On March 21, 2013, the Court denied GSWP's motion to

dismiss the 2010 Action for lack of personal jurisdiction.

On March 7, 2013, the plaintiffs filed a motion to amend

the complaint in the instant action to add additional

plaintiffs. The Magistrate Judge granted that motion. GSWP has

since renewed its objection to this Court's exercise of personal

jurisdiction over GSWP.

## II. <u>DISCUSSION</u>

### A. <u>Personal Jurisdiction</u>

Once challenged, " '[t]he burden of demonstrating the facts

that establish personal jurisdiction,' falls on the plaintiff."

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir.

2009) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368

(3d Cir. 2002)). A challenge to a court's exercise of personal

jurisdiction may be either facial or factual. In a facial

challenge, a court must take all allegations in the complaint as

true and the plaintiff "need only establish a prima facie case

of personal jurisdiction." *O'Connor v. Sandy Land Hotel Co.*, 496

F.3d 312, 316 (3d Cir. 2007).

However, if the challenge arises after the allegations in

the complaint have been controverted, "the plaintiff bears the

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 7

burden to prove, by a preponderance of the evidence, facts

sufficient to establish personal jurisdiction." *Carteret Sav.*

*Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citing

*Time Share Vacation v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 62

(3d Cir. 1984)). The plaintiff may discharge this burden by

producing "affidavits or other competent evidence that [show

that] jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*,

86 F.3d 1287, 1302 (3d Cir. 1996).

**B.   Statutory and Due Process Considerations**

"Under Federal Rule of Civil Procedure 4(k), a District

Court typically exercises personal jurisdiction according to the

law of the state where it sits." *O'Connor*, 496 F.3d at 316; *see*

*also* Fed. R. Civ. P. 4(k)(1)(A).

If the exercise of personal jurisdiction comports with

local law, a court must next ask whether, under the Due Process

Clause of the United States Constitution, the defendant has

"certain minimum contacts with . . . [the forum state or

territory] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice." *Int'l*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Due Process Clause recognizes two types of personal

jurisdiction: general and specific. *See O'Connor*, 496 F.3d at

317 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*,

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 8

466 U.S. 408, 414-15 & n.9 (1984)). "A court may exercise general jurisdiction over a defendant where he or she has 'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334 (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 416; *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000)). "Specific jurisdiction exists if the defendant has ' "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities.' " *Metcalfe*, 566 F.3d at 334 (quoting *Burger King Corp.*, 471 U.S. 462, 472 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicopteros Nacionales de Colombia*, 466 U.S. at 414)). " 'If the defendant "maintain[s] continuous and substantial forum affiliations," then general jurisdiction exists. If the defendant's contacts fall short of that standard, then at least one contact must give rise or relate to the plaintiff's claim.' " *Metcalfe*, 566 F.3d at 334 (quoting *O'Connor*, 496 F.3d at 321 (quoting *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 212 (3d Cir. 1984)) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)) (alteration original)).

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 9

## III. <u>ANALYSIS</u>

### A. <u>Virgin Islands Long-Arm Statute</u>

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 f.2d 61, 63 (3d Cir. 1984)); *see also* Fed. R. Civ. P. 4(k)(1)(A). In the Virgin Islands, establishing personal jurisdiction requires a "two-part analysis." *Metcalfe*, 566 F.3d at 330. "First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the Virgin Islands Long-Arm Statute, V.I. Code Ann. tit. 5, § 4903." *Id.* "[S]econd, the nonresident defendant must have minimum contacts with the Virgin Islands sufficient to satisfy constitutional due process." *Id.* (citing *Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. 267, 279 (Super. Ct. 2005) ("[T]he Court's *in personam* jurisdiction is limited first by the terms of the [long-arm] statute and then by the Due Process Clause of the Fourteenth Amendment of the Constitution."); *Godfrey v. Int'l Moving Consultants, Inc.*, 18 V.I. 60, 66 (D.V.I. 1980) ("The proper method of testing jurisdiction over a nonresident defendant is to first determine whether the long-arm statute authorizes the Court to exercise

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 10

its adjudicatory powers, and then, secondly, to decide if such

an exercise is constitutionally permissible.")

The Virgin Islands Long-Arm Statute provides, in pertinent

part, that

> A court may exercise personal jurisdiction
> over a person, who acts directly or by an
> agent, as to a claim for relief arising from
> the person's
>
> (1)   transacting   any   business   in   this
>       territory;

V.I. CODE ANN. tit. 5, § 4903(a) ("Section 4903(a)").

To evaluate whether there is personal jurisdiction under

the Virgin Islands Long-Arm Statute, the Court must "determine

(1) whether the defendant's contacts meet one of the categories

under section 4903(a) and then (2) whether the plaintiff's claim

'arises from' that contact." *Molloy v. Indep. Blue Cross*, 56

V.I. 155 (S. Ct. 2012). Here, there is no dispute that GSWP's

putative contacts with the Virgin Islands are also what give

rise to the present action--namely, the treating of lumber

destined for the Virgin Islands and the selling of treated

lumber. There is also no dispute that, to the extent GSWP has

contacts with the Virgin Islands, it would fall within the

"transacting any business" category of Section 4903(a).[2] Thus,

_____

   [2] In the alternative, the plaintiffs, Paradise Lumber, and Putnam Lumber
argue that this Court may exercise personal jurisdiction over GSWP under

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 11

the Court's analysis will first focus on determining whether GSWP's conduct is sufficient to constitute "transacting business."

"Under subsection (a)(1), the term 'transacting any business' can be satisfied by only a single act which in fact amounts to the transaction of business within the state or territory." *Fin. Trust Co. v. Citigroup*, 268 F. Supp.2d 561, 567 (D.V.I. 2003) (finding it sufficient under subsection (a)(1) that the defendant entered into a contract with a Virgin Islands resident and solicited the plaintiffs while they were in the Virgin Islands). "[T]ransacting business is a term that connotes activity that is less than doing business, but more than an inconsequential act." *Manbodh Asbestos Litig.*, 47 V.I. at 283; *see also Paradise Motors, Inc. v. Toyota de P.R., Corp.*, 314 F. Supp. 2d 495, 498 & n.4 (D.V.I. 2004) (finding participation in some business activity in the Virgin Islands coupled with the receipt of substantial revenue from the activity sufficient to establish the application of subsection (a)(1) of the long-arm statute).

Here, GSWP argues that it does not and has not transacted any business in the Virgin Islands. In support of this

---

Section 4903(a)(3), which covers individuals who "caus[e] tortious injury" in the Territory. For the reasons discussed herein, the Court finds it unnecessary to reach this issue.

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 12

contention, it offers the affidavit of Bill Freeman ("Freeman").

Freeman is a general manager at a GSWP lumber-processing

facility. He avers that GSWP "has not ever marketed,

distributed, or sold treated wood products in the United States

Virgin Islands." (GSWP's Ex. B ¶ 4, ECF No. 9-2.) He further

avers that the lumber at issue in this case was simply "treated

per specifications provided by Putnam Lumber, and [GSWP] had no

involvement with sales by Putnam Lumber of the wood to any end

users or retailers." (*Id*.) More generally, he avers that

> [GSWP] has never (1) been licensed to do
> business in the U.S. Virgin Islands; (2)
> maintained any offices in the U.S. Virgin
> Islands; (3) employed any persons who reside
> in the Virgin Islands; (4) advertised in the
> Virgin Islands; (5) maintained a telephone
> number in the U.S. Virgin Islands; (6) owned
> any assets in the U.S. Virgin Islands; (7)
> held any bank accounts in the U.S. Virgin
> Islands; (8) transacted any business in the
> U.S. Virgin Islands; (9) derived substantial
> revenues from goods manufactured for or sold
> by [GSWP] to Putnam and used or consumed in
> the U.S. Virgin Islands or services rendered
> by [GSWP} in the U.S. Virgin Islands.

(GWSP's Ex. B ¶ 5.)

In response, the plaintiffs, Putnam Lumber, and Paradise

Lumber rely on the deposition of Freeman, in which he admits

that GSWP received over $2,000,000 in revenue from lumber sales

to Putnam Lumber. (Paradise Lumber's Ex. N., Tr. of Dep. of

Freeman 695:21–23, ECF No. 80-14.) Out of these total sales,

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 13

GSWP received $432,884.72 for lumber or the treatment of lumber

which was sold in the Virgin Islands. (Paradise Lumber's Ex. F.,

at 4, Putnam Lumber's Resp. to Interrogatories, ECF No. 80-6.)

This amount of revenue certainly qualifies as "substantial." *See*

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 332 (3d Cir.

2009) (finding the receipt of $85,000 in revenue to be

"substantial").

What is less clear is whether GSWP engaged in any business

activity in the Virgin Islands to receive this substantial

revenue. Michael Simerly ("Simerly"), GSWP's corporate

representative, admits that in or about 2008, he became aware

that Virgin-Islands customers of Putnam Lumber were complaining

about the quality of GSWP's lumber. (Paradise Lumber's Ex. M.,

Tr. of Dep. of Simerly 36:25-37:17, ECF No. 80-13.) On July 22,

2008, Simerly sent an email to Michael Noble ("Noble"), an

employee of Putnam Lumber, in which he stated: "[A]ny material

that goes over seas [*sic*] does not carry a warranty, BUT we can

help you out some with this issue. How many pieces is your

customer talking about?" (Paradise Lumber's Ex. L, ECF No. 80-

12.) Noble replied:

> I'm not sure that the U.S. Virgin Islands is
> considered overseas. are [*sic*] you saying
> that the .15 treatment we bought on 5/4"
> decking which is approved in the United
> States is not covered in the United States
> Virgin Islands? would [*sic*] there be any

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 14

> reason it would disintegrate there and not
> here? Per our conversation, every piece of
> 5/4x6/16' RED treated was purchased from
> Great Southern and sold to our only client
> in St. John, U.S.V.I.

(Paradise Lumber's Ex. L.) On October 20, 2009, Simerly again

emailed Noble, asking, "Do you have any TSO items in the works

coming to Jesup or any stock items we can quote into Jax? Have

you been loading any flat racks out of Jax, or are the islands

still slow?" (Paradise Lumber's Ex. V.) Simerly has subsequently

stated that his reference to "islands" in this email "was just a

generic islands as far as the Caribbean." (Paradise Lumber's Ex.

M., Tr. of Dep. of Simerly, 37:16–17.)

Confronted with the same issue, parties, and evidence as

introduced here, the Court drew the following conclusions in the

2010 Action:

> Th[e] evidence suggests that GSWP was aware
> Putnam Lumber did business in the Virgin
> Islands. Moreover, it appears that on at
> least one occasion GSWP sought to do
> business with Putnam Lumber specifically
> because Putnam Lumber sold lumber in the
> Virgin Islands.
>
> This case is thus at least one degree
> removed from *Metcalfe*. There, as here, the
> defendant, Renaissance, never set foot on
> Virgin Islands soil. However, Renaissance
> did engage in several direct communications
> with the plaintiffs, who at that time were
> located in the Virgin Islands. Here, by
> contrast, GSWP never dealt directly with a
> purchaser of its goods located in the Virgin
> Islands. It never sent any communications to

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 15

the Virgin Islands nor received any. Instead, it dealt entirely with an intermediary--Putnam Lumber--which was not itself located in the Virgin Islands. Moreover, unlike *Metcalfe*, there is no evidence GSWP was aware of the destination of the lumber prior to 2008, when it conducted the majority of its transactions with Putnam.

However, the mere fact that GSWP never did business directly with the plaintiffs is not dispositive. As the Supreme Court of the Virgin Islands has made clear, [in *Molloy v. Indep. Blue Cross*, 56 V.I. 155 (S. Ct. 2012),] the determinative inquiry is whether the defendant's conduct evinced "an intent to transact business within the Virgin Islands." *Molloy*, 56 V.I. at 176. In that case, the defendant, BCBSA, did not directly engage in any business with any person in the Virgin Islands. Yet by acting as an agent for a Virgin Islands entity, and receiving substantial revenues from that entity, it was held to have transacted business.

Here, there is evidence that, at least by 2008, GSWP was aware that some portion of the lumber it provided to Putnam Lumber was being shipped to the Virgin Islands. At the same time, GSWP continued to provide lumber and lumber treatment services to Putnam Lumber up until 2009. Specifically, GSWP received $79,575.41 in revenue from lumber that was sold by Putnam in the Virgin Islands in 2008 and 2009. Indeed, the evidence suggests that, on prior occasions, Putnam Lumber specifically requested certain types of lumber from GSWP for resale to the Virgin Islands. It also appears that on at least one occasion, GSWP reached out to Putnam Lumber for the purpose of selling wood to the Virgin Islands, although the evidence as to this point is disputed.

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 16

> The preponderance of the admittedly limited
> evidence tends to show that GSWP provided
> lumber or the treatment of lumber to Putnam,
> with the knowledge that a portion of this
> lumber would be resold to the Virgin
> Islands. The evidence further shows that
> GSWP was aware of the destination of this
> lumber prior to at least some of the sales
> it made in 2008 and 2009. Although GSWP did
> not deal directly with a Virgin Islands
> citizen or entity, its position is
> nonetheless similar to that of BCBSA in the
> *Molloy* case. GSWP, like BCBSA, engaged in
> conduct that it knew would bring about
> substantial revenue from the Virgin Islands.
> Indeed, the evidence suggests that GSWP was
> specifically informed by Putnam Lumber that
> certain shipments of lumber would ultimately
> be resold to the Virgin Islands.
>
> Moreover, as in *Metcalfe*, there is some
> evidence--albeit disputed--that GSWP
> warranted that its lumber would be free of
> defects. This further supports the inference
> that, particularly after it became aware of
> the ultimate destination of the lumber, that
> GSWP intended to have a relationship with
> residents of the Virgin Islands.

*Whitecap Inv. Corp. v. Putnam Lumber & Export Co.*, Civ. No.
2010-139 (CVG), at *25-25 (D.V.I. Mar. 21, 2013) (slip op.)
(internal citations to the record omitted). The Court thus
concluded that GSWP had transacted business within the meaning
of Section 4903(a).

The present case concerns the same party--GSWP--and the
same underlying transactions. Further, the parties in the
present case have presented the same evidence as was presented
in the 2010 Action. The Court thus sees no reason to deviate

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 17

from its decision in the 2010 Action. Accordingly, the Court
finds that the Virgin Islands Long-Arm Statute would apply to
GSWP.

   **B. Due Process**

      Even if the Virgin Islands Long-Arm Statute applies, the
Court must inquire as to whether Due Process would preclude this
Court from exercising personal jurisdiction over GSWP.

      In order for the assertion of personal jurisdiction to
comport with Due Process, as a threshold matter, the defendant
must have taken "action . . . purposefully directed toward the
forum State." *Pinker*, 292 F.3d at 370 (quoting *Asahi Metal
Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)). "A
court may exercise general jurisdiction over a defendant where
he or she has 'continuous and systematic' contacts with the
forum, whether or not those contacts are related to the
plaintiff's cause of action." *Metcalfe*, 566 F.3d at 334. "If the
defendant maintain[s] continuous and substantial forum
affiliations," then general jurisdiction exists." *O'Connor*, 496
F.3d at 321 (internal citation and quotation marks omitted.)

      Here, GSWP sold hundreds of thousands of dollars of lumber
to Putnam Lumber for nearly ten years. As discussed above, the
evidence shows that GSWP continued to do this for at least a
year after learning that Putnam Lumber was selling this lumber

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 18

in the Virgin Islands. Moreover, on one occasion, GSWP sold lumber directly to MSI, a Virgin Islands corporation. (Paradise Lumber's Ex. F., at 4, ECF No. 80-6.) Further, as in *Renaissance*, GSWP warranted that its lumber would be free from rot or other decay for some period of time, although whether or not this warranty was applicable in the Virgin Islands is disputed. (*See* Paradise Lumber's Ex. M., ECF No. 80-13.)

Yet, as noted above, GSWP did not contract directly with anyone in the Virgin Islands. Instead, it contracted with Putnam Lumber, which in turn had an ongoing relationship with Paradise Lumber, in the Virgin Islands. The operative inquiry is thus whether the exercise of personal jurisdiction is constitutional where a defendant has only made contacts with the forum state through a third party.

Presented with the same evidence in the 2010 Action, the Court drew the following conclusions:

> [T]he evidence is clear that GSWP placed goods in the stream of commerce--namely, lumber--and benefited economically from the sale of the lumber that ultimately was sent to the Virgin Islands. Moreover, it continued to do so after becoming aware, by 2008 at the latest, of the fact that this lumber was being sold in the Virgin Islands. There is also some evidence that this lumber was protected by a warranty, which would obligate GSWP to Virgin Islands residents for some time after the sales. (*See* Paradise Lumber's Ex. G.) Thus, under Justice Brennan's test, GSWP has made sufficient

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 19

minimum contacts with the Virgin Islands to be subject to personal jurisdiction in this Court.

What is less clear is whether GSWP has engaged in the type of "additional conduct" contemplated by Justice O'Connor's test. There is no evidence that GSWP "designed" any product specifically with the Virgin Islands market in mind, or that it advertised its products or services in the Virgin Islands. The evidence does show that, on at least one occasion, GSWP offered to provide advice to individuals in the Virgin Islands who were complaining about the quality of the lumber. This evidence tends to suggest that there was a channel through which GSWP offered to provide advice about its products to end-users in the Virgin Islands. It is not clear whether this channel was used more than once. However, the Court notes that GSWP was clearly offering some degree of ongoing assistance when its representative stated "we can help you out some with this issue. How many pieces is your customer talking about?"

Given that the evidence clearly establishes minimum contacts under Justice Brennan's test, and there is evidence of at least one instance of additional conduct directed at the Virgin Islands, the Court finds that GSWP had the minimum contacts with the Virgin Islands necessary for this Court to exercise personal jurisdiction over it.

"After making a determination with regard to minimum contacts, a court has the option of evaluating whether exercising jurisdiction comports with notions of fair play and substantial justice." *Pennzoil Prods.*, 149 F.3d at 205 (internal quotation marks omitted). The factors courts are to consider in this inquiry include: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 20

interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 205-06. In *Pennzoil Products*, the Third Circuit noted in particular that there were "[n]o claims of exorbitant travel expenses, unavailability of evidence, drains on judicial resources or countervailing state interests . . . ." *Id.* at 208.

Likewise, in this case, GSWP has not made any claims that it would be unduly burdened by litigating in the Virgin Islands. The Virgin Islands would certainly have an interest in having these claims litigated here, as the injured parties are all Virgin Islands residents or corporations. Given that the alleged decay of the lumber occurred in the Virgin Islands, and damaged structures in the Virgin Islands, it would seem that this would also be the most convenient forum. As GSWP is not the only defendant in this action, dismissing GSWP from this case might force the parties in this case to proceed against GSWP in another forum while simultaneously litigating before this Court. This piecemeal litigation would assuredly be inefficient and a net drain on judicial resources. Lastly, GSWP has not adduced any "countervailing state interest," *id.*, that might be compromised by proceeding with this litigation in this Court.

The Court finds that the exercise of personal jurisdiction over GSWP would be in accord with "notions of fair play and substantial justice." *Id.* at 205.

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Memorandum Opinion
Page 21

*Whitecap Inv. Corp. v. Putnam Lumber & Export Co.*, Civ. No.

2010-139 (CVG), at *31-34 (D.V.I. Mar. 21, 2013) (slip op.)

(internal citations to the record omitted).

   As noted above, the instant motion concerns the same party-

-GSWP--and the same underlying transactions. Further, the same

evidence was introduced in favor of and against the instant

motion to dismiss as was presented in the 2010 Action. The Court

thus sees no reason to deviate from its reasoning in the 2010

Action. Accordingly, the Court finds that the exercise of

personal jurisdiction over GSWP in the instant action comports

with Due Process.

   An appropriate order follows.


                              S_____
                                 **Curtis V. Gómez**
                                 **Chief Judge**