IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CARY CHAPIN, *et al.*, ) | |
| ) | CIVIL NO. 2012-77 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GREAT SOUTHERN WOOD PRESERVING, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Before the Court are the motion to strike, to enforce settlement and for sanctions [DE 339] of Whitecap Investment Corp. d/b/a Paradise Lumber ("Whitecap"), and the motion for sanctions [DE 343] of Putnam Lumber & Export Company and Putnam Family Properties, Inc. (collectively, "Putnam"), stemming from defendant Great Southern Wood Preserving, Inc.'s ("Great Southern") motion for summary judgment.[1]  [DE 321].  In seeking summary judgment, Great Southern argues that a settlement reached between it, Putnam and Whitecap following mediation in another matter precludes Putnam and Whitecap from bringing claims against Great Southern in this case. In the instant motions, Whitecap and Putnam each argue that the terms of the very settlement agreement upon which Great Southern relies are confidential, and expressly prohibit Great Southern from disclosing *any* of its terms here.  Accordingly, they argue that Great Southern should be sanctioned for revealing and relying on those terms of the agreement in connection with its summary judgment motion.  On September 12, 2014, the District Court referred the motions to the undersigned to address the sanctions issue arising in each motion.

---

[1] Whitecap's and Putnam's motions are collectively referred to as the "Sanctions Motions."

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Page 2

## I.   FACTUAL BACKGROUND

### A.   The Chapin Case – Civil No. 2012-77

This case arises out of the distribution of defectively treated lumber that was eventually purchased by plaintiffs. Plaintiffs argue that as a result of defective treatment, the lumber has prematurely decayed, causing damage to plaintiffs' buildings, including structural components, into which the lumber was incorporated. Plaintiffs have named *inter alia* Putnam and Great Southern as being responsible for supplying the defective wood. Putnam has asserted cross-claims against Great Southern and third-party claims against Whitecap in this matter. Whitecap, in turn, has asserted cross claims against Great Southern.

On January 3, 2014, Great Southern moved for summary judgment on "any and all cross claims (both asserted and unasserted) against it" by Whitecap and Putnam in this matter [DE 321], contending that by virtue of a settlement in an earlier case, all claims by Whitecap and Putnam against Great Southern were "released and dismissed with prejudice," and may not be asserted here. Mem. in Supp. Summ. J. at 2 [DE 322]. The Sanctions Motions followed.

### B.   The Whitecap Case – Civil No. 2010-139

In *Whitecap v. Putnam Lumber*, *et al*. Civil No. 2010-139 ("*Whitecap*"), Whitecap, a retail seller of lumber products, sought damages related to the sale of allegedly defective lumber products manufactured, produced and distributed by Putnam and Great Southern. On May 31, 2013, through mediation, the parties reached a settlement (the "*Whitecap* Settlement").

At approximately 6:30 p.m. on May 31, 2013, the parties appeared in open court before Judge Curtis V. Gómez. After each party put its appearance on the record through counsel, the following exchange took place:

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Page 3

> MR. KROBLIN: The parties have reached a resolution for this matter.
>
> THE COURT: All right. Is this a complete resolution of all matters pending before the court?
>
> MR. KROBLIN: In the - - yes in this action civil 2010-139, yes, Your Honor.
>
> THE COURT: All right, you want to recite what the understanding is between the parties that resolves this matter in its entirety?
>
> MR. KROBLIN: Your Honor, there is, we have a confidentiality agreement with regard to this matter so if this record is closed then we would - -
>
> THE COURT: All right, so you wish to petition the court to close at least this portion for the recitation of the agreement between the parties?
>
> MR. CARLSON: Or, Your - - either that or we could leave the amount out and have us execute the piece of paper that has the amount.
>
> THE COURT: That's fine.

Tr. of Proc., May 31, 2013, at 4 [DE 326-4]. At no point thereafter in the proceedings did any party object to Attorney Carlson's (Putnam's counsel) suggestion that only the dollar amount of the settlement be left out of the public record.

Next, counsel for plaintiff Whitecap, Attorney Kroblin, made the following recitation of the settlement terms in open court and on the record:

> MR. KROBLIN: Thank you, Your Honor. We have a mediation agreement, Your Honor, wherein the parties stated they hereby resolve all the claims, counterclaims and cross-claims in the caption case, the action as follows so again that's case 2010-139 in the District Court of the Virgin Islands, St. Thomas, St. John Division.

> One, the parties agree as follows: one, the defendants will pay the plaintiff a sum of and that will be admitted within 30 days as follows and certain payment on or behalf by Putnam Family Properties, Inc, Putnam Lumber and Export Company and Mike Noble and another sum by or behalf, by or on behalf of Great Southern Wood Preserving Inc, Great Southern. All claims, counterclaims and cross-claims in the action are hereby are released and dismissed with prejudice each party to bear at their own attorney's fees, costs and expenses. The terms of this settlement agreement are confidential and will not be revealed to anyone other than the attorney's of the parties here to financial advisors, tax advisors or presume to a court order. In no event shall the terms of the settlement be admissible in any other action other than an action between the parties through the course of the terms of this agreement. Lastly, the parties will execute and file a stipulation of dismissal with prejudice on or before midnight on May 31st, 2013. The court will retain jurisdiction for 60 days to enforce the terms of the settlement.

Tr. of Proc., May 31, 2013, at 4-6 (grammatical errors in original). Following a confirmation by representatives of all parties of the terms of the settlement as described by Attorney Kroblin, the parties executed a writing entitled "Mediation Agreement," which the Court accepted for filing under seal.[2] *Id.* at 9-11.

## II. APPLICABLE LAW

A court has the power to sanction counsel for bad faith conduct pursuant to its inherent authority.[3] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-52 (1991); *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109 (3d Cir. 2011) (noting a court's inherent power "extends to the regulation of attorneys"); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 566 (3d Cir. 1985)

---

[2] With respect to the issues raised in the Sanctions Motions, the language in the Mediation Agreement does not vary in any material way from the terms read into the record before Judge Gómez.

[3] "[G]enerally a court should not resort to [] sanctions" pursuant to its inherent power where bad-faith conduct in the course of litigation can be adequately addressed by other sanctioning provisions. *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109, 112 (3d Cir. 2011). Here, the parties have sought sanctions only pursuant to the Court's inherent authority, and the circumstances of this case dictate consideration of sanctions pursuant to such authority. *See Chambers*, 501 U.S. at 50 (stating "if in the informed discretion of the court, neither the statute [i.e., 28 U.S.C. § 1927] nor the Rules are up to the task, the court may safely rely on its inherent power").

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Page 5

(noting a district court has the inherent power "to sanction errant attorneys financially") (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). "[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *The Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 2001) (quoting *Chambers*, 501 U.S. at 44). "Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must ensure that the sanction is tailored to address the harm identified." *The Republic of the Philippines*, 43 F.3d at 74.

A court may only use its inherent power to assess attorney's fees as a sanction in narrowly-defined circumstances. *Roadway*, 447 U.S. at 765. These rare situations are, for example, when a party has engaged in egregious acts such as litigating in bad faith, abusing judicial processes, or threatening witnesses with violence. *See, e.g., The Republic of the Philippines*, 43 F.3d at 73-74; *Alyeska Pipeline Svc. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" subject to sanctions pursuant to a court's inherent power).

### III. DISCUSSION

Both Putnam and Whitecap urge the Court to sanction Great Southern under its inherent authority. First, they argue that the terms of the settlement are confidential, and that the references to the terms that Great Southern makes in the course of its summary judgment moving papers violate such confidentiality.[4] *See* Whitecap's Mot. at 4 [DE 339]; Putnam's Mot. at 4 [DE 343]. But, as noted above, all of the terms of the settlement with the exception of the amount to be

---

[4] Whitecap and Putnam also complain that Great Southern shared the Mediation Agreement with plaintiffs' counsel in this case, albeit with the term of payment redacted, and that such sharing had a negative effect on mediation of this matter. Because all of the information shared was available in the public record as a result of the proceedings before Judge Gómez in the *Whitecap* case, however, this conduct cannot separately support sanctions.

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Page 6

paid were made a part of the public record before Judge Gómez, without objection by any party. As they raised no objection at the time of the proceeding, they may be deemed to have waived an objection to the current discussion of the non-price terms.[5] Great Southern's references to the settlement terms in their summary judgment memorandum, therefore, does not present that "rare case" where sanctions through the Court's inherent powers would be appropriate.

Second, Putnam and Whitecap contend that Great Southern is precluded from using anything from the *Whitecap* Settlement in this case because the present action is not "an action between the parties to enforce the terms of this agreement." With respect to this argument, the exact language of the parties' agreement is important. The Agreement provides in paragraph 3 in pertinent part: "in no event shall the terms of the settlement be admissible in any other action, other than an action between the parties to enforce the terms of this agreement."[6] [DE 326-2; filed under seal]. Without deciding the meaning of this clause, the Court observes that a reasonable argument exists that the summary judgment motion directed to the cross claims between the parties could fit within the phrase "an action between the parties to enforce the terms of this agreement," where, as here, the term to be enforced is the scope of the release of claims against Great Southern. Accordingly, the Court cannot conclude that Great Southern's attempt to seek an interpretation of the release term by way of a summary judgment motion in this case is the type of

---

[5] *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3rd Cir. 1988) ("It is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'")(quoting *Nat'l Polymer Products v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981)); *Regional Properties, Inc. v. Financial & Real Estate Consulting Co.*, 752 F.2d 178, 183 (5th Cir.1985) (waiver results "where a party demonstrates intentional relinquishment of rights of which the party has full knowledge").

[6] This portion of the parties' agreement was also read into the record in open court on May 31, 2013; however, the transcription is somewhat garbled at the end of the sentence. [DE 326-4, at 7].

*Chapin, et al. v. Great Southern Wood Preserving, Inc., et al.*
Civil No. 2012-77
Page 7

egregious act – such as litigating in bad faith or abusing the judicial process – warranting sanctions under the Court's inherent power.

Accordingly, it is RECOMMENDED that the motions for sanctions [DEs 339, 343] be DENIED.

**Dated:**   September 19, 2014            S\_____
                                                           **RUTH MILLER**
                                                           United States Magistrate Judge