```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

CHAPIN, ET AL., )
)
       Plaintiffs, )
)
       v. )   Civil No. 2012-77
)
GREAT SOUTHERN WOOD PRESERVING )
INCORPORATED, ET AL., )
)
       Defendants. )
)

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Gary Chapin*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin, Dean Baldwin, Harry Eisener, Denise Barbier, Truman Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson, Conch Villa Condominium Association, Concordia Campgrounds, Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 2

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Joseph Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay*

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 3

> *Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
> *Counsel for MSI Building Supplies.*

Case: 3:12-cv-00077-CVG-RM   Document #: 580   Filed: 09/29/14   Page 4 of 10

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 4

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for Whitecap Investment Corp., d/b/a Paradise Lumber.*

## ORDER

**GÓMEZ, J.**

    Before the Court is the Magistrate Judge's Report and Recommendation on Putnam Lumber & Export Company ("Putnam Lumber") and Putnam Family Properties, Inc.'s ("Putnam Family") motion for sanctions and Whitecap Investment Corp d/b/a Paradise Lumber's ("Whitecap") motion to strike, to enforce the terms of the settlement agreement, and for sanctions. The Report and Recommendation addresses only the sanctions portion of the latter motion.

    From in or about 2003 until in or about 2009, Great Southern sold treated lumber and provided lumber-treatment services to Putnam Family. Putnam Family was a lumber wholesaler. Putnam Lumber is a successor of Putnam Family.

    Putnam Family allegedly sold lumber treated by Great Southern to Whitecap. In turn, Whitecap claimed that it sold that lumber to various consumers in St. John. Whitecap further claimed that the lumber treated by Great Southern prematurely decayed, causing damage to the buildings into which it had been incorporated.

Case: 3:12-cv-00077-CVG-RM   Document #: 580   Filed: 09/29/14   Page 5 of 10

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 5

On December 29, 2010, Whitecap filed a complaint in *Whitecap v. Putnam Lumber, et. al.*, Civil No. 2010-139 against various defendants, including Putnam Family, Putnam Lumber, and Great Southern (the "*Whitecap* action"). Whitecap's complaint set forth eight counts. Count One asserted a claim for breach of contract against Putnam Family and Putnam Lumber (the "Putnam Entities"). Count Two asserted a claim for breach of warranty against all defendants. Count Three asserted a claim for negligence against all defendants. Count Four asserted a claim for strict liability against all defendants. Count Five asserted a claim for indemnity against all defendants. Count Six asserted a claim for contribution against all defendants. Count Seven asserted a claim for fraudulent inducement and misrepresentation against all defendants. Count Eight asserted a claim for civil conspiracy against all defendants. Count Nine sought a declaration that all defendants were liable for the various claims set forth in the previous counts.

Both Putnam Entities filed cross-claims against Great Southern. Each cross-claim asserted two counts. Count One asserted a claim for indemnity. Count Two asserted a claim for contribution. These cross-claims were later amended to assert a third count, a claim for breach of contract.

Case: 3:12-cv-00077-CVG-RM   Document #: 580   Filed: 09/29/14   Page 6 of 10

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 6

While the *Whitecap* action was pending, a number of consumers who allegedly purchased the hazardous wood originally sold to Whitecap filed the instant action against various defendants, including the Putnam Entities and Great Southern (the "*Chapin* action"). As amended, the complaint in the *Chapin* action asserts six counts. Count I asserts a claim for breach of contract. Count II asserts a claim for breach of warranty. Count III asserts a claim for negligence. Count IV asserts a claim for strict liability. Count V asserts a claim for fraud, intentional misrepresentation, and negligent misrepresentation. Count VI asserts a claim under the Virgin Islands Consumer Fraud and Deceptive Business Practices Act.

The Putnam Entities then asserted cross-claims against Great Southern for indemnity and contribution in the *Chapin* action.

Great Southern subsequently impleaded Whitecap as a third-party defendant in the *Chapin* action. In response, Whitecap asserted third-party counterclaims against Great Southern for indemnity and contribution in the *Chapin* action.

By May 31, 2013, the Court had dismissed all counts in the *Whitecap* action other than Counts Five, Six, and Nine. Accordingly, Whitecap's claims for indemnity, contribution, and declaratory judgment against Great Southern were still pending

Case: 3:12-cv-00077-CVG-RM Document #: 580 Filed: 09/29/14 Page 7 of 10

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 7

in the *Whitecap* action as of that date. The Putnam Entities' cross-claims against Great Southern also remained pending in the *Whitecap* action.

On May 31, 2013, the Putnam Entities, Whitecap, and Great Southern indicated to the Court that they had entered into a settlement agreement in the *Whitecap* action. The Court inquired on the record whether the parties wished to "petition to close [the proceedings for] at least this portion for the recitation of the agreement between the parties . . . ." (ECF. No. 326-4, filed under seal.) An attorney present suggested that the parties could, instead, "leave the amount out and . . . execute the piece of paper that has the amount." (ECF. No. 326-4, filed under seal.) The Court agreed to the option proposed by that attorney. None of the other attorneys or clients present objected.

Thereafter, most of the material terms in the settlement agreement were recited on the record in open court. The sum to be paid by the parties was not recited. On the record, the Court established that all representatives had authority to consent on behalf of their clients and that the agreement recited was the settlement agreement in its entirety. Each party then orally agreed to the settlement agreement in open court. A copy of the settlement agreement was also filed under seal. Shortly

thereafter, the Court dismissed all parties' claims pending in the *Whitecap* action.

Great Southern then moved for summary judgment on the third-party counterclaims and cross-claims pending in the *Chapin* action. Great Southern argued that the settlement agreement in the *Whitecap* action barred the third-party counterclaims and cross-claims in the *Chapin* action. Great Southern attached a copy of the settlement agreement to its motion for summary judgment. In its filing, Great Southern redacted from the settlement agreement the sum that the parties had agreed to pay in the *Whitecap* action.

In response, the Putnam Entities and Whitecap filed a number of motions in the *Chapin* action, including motions for sanctions. These motions for sanctions argued that Great Southern should be sanctioned because: (1) the *Whitecap* action's settlement agreement was confidential; and, (2) the settlement agreement stated that "in no event shall the terms of the settlement be admissible in any other action, other than an action between the parties to enforce the terms of this agreement." (ECF No. 326-2, filed under seal.) The Court referred these motions for sanctions to the Magistrate Judge for a Report and Recommendation.

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 9

Upon review, the Magistrate found that the parties waived confidentiality for the terms of the settlement agreement that were recited in open court. Furthermore, the Magistrate concluded that it would be inappropriate for the Court to exercise its inherent power to sanction Great Southern because Great Southern reasonably believed that its disclosure did not violate the settlement agreement. Accordingly, the Magistrate recommended the denial of Whitecap's motion for sanctions and the Putnam Entities' motion for sanctions.

Upon de novo review of the Report and Recommendation, the Court agrees with the Magistrate Judge. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED;** it is further

**ORDERED** that Whitecap's motion seeking to strike Great Southern's motion for summary judgment, to enforce the terms of the settlement, and for sanctions against Great Southern (ECF No. 339), in so far as it seeks sanctions against Great Southern, is **DENIED;** it is further

**ORDERED** that the Putnam Entities' motion seeking sanctions (ECF No. 343) is **DENIED.**

S\_____

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 10

                                                  **Curtis V. Gómez**
                                                  **District Judge**

Case: 3:12-cv-00077-CVG-RM Document #: 580 Filed: 09/29/14 Page 10 of 10

*Chapin, et. al. vs. Great Southern, et. al.*
Civil No. 2012-177
Order
Page 10