```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN

CHAPIN, ET AL.,                    )
                                   )
            Plaintiffs,            )
                                   )
            v.                     )   Civil No. 2012-77
                                   )
GREAT SOUTHERN WOOD PRESERVING     )
INCORPORATED, ET AL.,              )
                                   )
            Defendants.            )
                                   )
```

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Gary Chapin*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin, Dean*
    *Baldwin, Harry Eisener, Denise Barbier, Truman Barbier, Jean*
    *Cottrell, Stephen Cottrell, Mark Anderson, Conch Villa*
    *Condominium Association, Concordia Campgrounds, Inc., Jerry Daly,*
    *Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin,*
    *Bonita Corbeil.*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Joseph Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 3

> *Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
> *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for Whitecap Investment Corp., d/b/a Paradise Lumber.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of third-party defendant Great Southern Wood Preserving, Inc. ("Great Southern") for summary judgment as to the cross-claims asserted by Putnam Lumber and Export Company ("Putnam Lumber"), Putnam Family Properties, Inc. ("Putnam Family"), and Whitecap Investment Corp. d/b/a Paradise Lumber ("Whitecap"). The Court will also address Putnam Family and Putnam Lumber's (the "Putnam Entities") motion to strike and Whitecap's motion to strike, to enforce the settlement agreement, and for sanctions, in so far as Whitecap moves to strike and enforce the settlement agreement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

From in or about 2003 until in or about 2009, Great Southern sold treated lumber and provided lumber-treatment services to Putnam Family. Putnam Family was a lumber wholesaler. Putnam Lumber is a successor of Putnam Family.

Putnam Family allegedly sold lumber treated by Great Southern to Whitecap. In turn, Whitecap claimed that it sold

that lumber to various consumers in St. John. Whitecap further claimed that the lumber treated by Great Southern prematurely decayed, causing damage to the buildings into which it had been incorporated.

On December 29, 2010, Whitecap filed a complaint in *Whitecap v. Putnam Lumber, et. al.*, Civil No. 2010-139 against various defendants, including Putnam Family, Putnam Lumber, and Great Southern (the "*Whitecap* action"). Whitecap's complaint set forth eight counts. Count One asserted a claim for breach of contract against Putnam Family and Putnam Lumber (the "Putnam Entities"). Count Two asserted a claim for breach of warranty against all defendants. Count Three asserted a claim for negligence against all defendants. Count Four asserted a claim for strict liability against all defendants. Count Five asserted a claim for indemnity against all defendants. Count Six asserted a claim for contribution against all defendants. Count Seven asserted a claim for fraudulent inducement and misrepresentation against all defendants. Count Eight asserted a claim for civil conspiracy against all defendants. Count Nine sought a declaration that all defendants were liable for the various claims set forth in the previous counts.

Both Putnam Entities filed cross-claims against Great Southern. Each cross-claim asserted two counts. Count One

asserted a claim for indemnity. Count Two asserted a claim for contribution. These cross-claims were later amended to assert a third count, a claim for breach of contract.

While the *Whitecap* action was pending, a number of consumers who allegedly purchased the hazardous wood originally sold to Whitecap filed the instant action against various defendants, including the Putnam Entities and Great Southern (the "*Chapin* action"). As amended, the complaint in the *Chapin* action asserts six counts. Count I asserts a claim for breach of contract. Count II asserts a claim for breach of warranty. Count III asserts a claim for negligence. Count IV asserts a claim for strict liability. Count V asserts a claim for fraud, intentional misrepresentation, and negligent misrepresentation. Count VI asserts a claim under the Virgin Islands Consumer Fraud and Deceptive Business Practices Act.

The Putnam Entities then asserted cross-claims against Great Southern for indemnity and contribution in the *Chapin* action.

Great Southern subsequently impleaded Whitecap as a third-party defendant in the *Chapin* action. In response, Whitecap asserted third-party counterclaims against Great Southern for indemnity and contribution in the *Chapin* action.

By May 31, 2013, the Court had dismissed all counts against Great Southern in the *Whitecap* action other than Counts Five, Six, and Nine. Accordingly, Whitecap's claims for indemnity, contribution, and declaratory judgment against Great Southern were still pending in the *Whitecap* action as of that date. The Putnam Entities' cross-claims against Great Southern also remained pending in the *Whitecap* action.

On May 31, 2013, the parties in the *Whitecap* action, including the Putnam Entities, Whitecap, and Great Southern indicated to the Court that they had entered into a settlement agreement (the "*Whitecap* settlement"). The Court inquired on the record whether the parties wished to "petition to close [the proceedings for] at least this portion for the recitation of the agreement between the parties . . . ." (ECF. No. 326-4, filed under seal.) An attorney present suggested that the parties could, instead, "leave the amount out and . . . execute the piece of paper that has the amount." (ECF. No. 326-4, filed under seal.) The Court agreed to the option proposed by that attorney. None of the other attorneys or clients present objected.

Thereafter, most of the material terms in the settlement agreement were recited on the record in open court. The sum to be paid by the parties was not recited. On the record, the Court

established that all representatives had authority to consent on behalf of their clients and that the agreement recited was the settlement agreement in its entirety. Each party then orally agreed to the settlement agreement in open court. A copy of the settlement agreement was also filed under seal. Shortly thereafter, the Court dismissed all parties' claims pending in the *Whitecap* action.

Great Southern then moved for summary judgment on the third-party counterclaims and cross-claims pending in the *Chapin* action. Great Southern argued that the *Whitecap* settlement barred the third-party counterclaims and cross-claims in the *Chapin* action. Great Southern attached a copy of the *Whitecap* settlement to its motion for summary judgment. In its filing, Great Southern redacted from the settlement agreement the sum that the parties had agreed to pay.

In response, the Putnam Entities and Whitecap filed a number of motions in the *Chapin* action. Whitecap filed a motion to strike, to enforce the settlement agreement, and for sanctions. The Putnam Entities filed a motion to strike.

## II. DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

**1. Motion for Summary Judgment**

Great Southern asserts that the claims in the *Chapin* action were dismissed with prejudice by the *Whitecap* settlement and are accordingly barred by *res judicata*. *Res Judicata*, or "[c]laim preclusion[,] requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (internal citations omitted) (internal quotation marks omitted).

"[W]hen a claim is dismissed by a settlement agreement, it is 'the express terms of a settlement agreement, not merely the terms of the judgment, [that] determine the bounds of preclusion after a settlement.'" *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008)(alteration in original)(quoting *Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1291 (11th Cir.2004)(holding that "to preclude a wider range of matters than those specified in the Agreement would frustrate the parties' expressed intent and bestow upon [the defendant] a windfall of immunity from litigation")(alteration in original)). "The scope of the preclusive effect of the [dismissal] should not be determined by

the claims specified in the original complaint, but instead by the terms of the Settlement Agreement, as interpreted according to traditional principles of contract law." *Norfolk Southern Corp*, 371 F.3d at 1289.

In *Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, the parties agreed to a settlement agreement which stated that "[t]his release extends and applies to, and also covers and includes, all unknown, unforeseen, unanticipated and unsuspected injuries, damages, loss and liability, and the consequences thereof, arising out of said alleged oil contamination, as well as those now disclosed and known to exist." *Id.* When the successor to the plaintiff in the previous action later discovered that tank bottoms had leaked into an adjacent marsh, it sued. *Id.* The Eleventh Circuit held that the claim was not precluded because the agreement only contemplated precluding suits involving contamination by oil, not suits involving contamination by tank bottoms. *Id.*

Given that backdrop, the Court will assess what, if any, claim preclusion exists. First, the Court must assess whether there was a final judgment on the merits. In the *Whitecap* action, all claims were dismissed with prejudice. "Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after

trial." *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) (citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327 (1955)). Accordingly, there was a final judgment on the merits.

Second, the Court must assess whether the claims that Great Southern seeks to preclude in the *Chapin* action are between the same parties as those named in the *Whitecap* action. In the *Chapin* action, the Putnam Entities assert against Great Southern claims for indemnity, contribution, breach of contract, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of express warranty by affirmation or promise. In the *Whitecap* action, the Putnam Entities asserted against Great Southern claims for indemnity, contribution, and breach of contract. In the *Chapin* action, Whitecap asserts against Great Southern claims for indemnity and contribution. In the *Whitecap* action, Whitecap asserted against Great Southern claims for indemnity, contribution, and declaratory judgment. As such, the claims that Great Southern seeks to preclude in the *Chapin* action involve the same parties as those named in the *Whitecap* action.

Third, the Court must assess whether the claims in the *Chapin* action between Great Southern and the Putnam Entities and between Great Southern and Whitecap are the same as those that

were dismissed by the terms of the *Whitecap* settlement agreement in the *Whitecap* action between Great Southern and the Putnam Entities and between Great Southern and Whitecap.

Thus the issue remaining before the Court on summary judgment is whether the terms of the *Whitecap* settlement unambiguously bar Whitecap and the Putnam Entities' assertion of claims against Great Southern involving unsettled consumer claims in the *Chapin* action. Those indemnity and contribution claims are only precluded by *res judicata* if the terms of the *Whitecap* settlement precludes those claims.

"[C]ontract principles are generally applicable to the construction of settlement agreements." *New York State Elec. & Gas Corp. v. F.E.R.C.*, 875 F.2d 43, 45 (3d Cir. 1989). "The paramount goal of contract interpretation is to determine the intent of the parties." *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 75 (3d Cir. 2011) (quoting *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir.2009)).

Courts are to consider "not the inner, subjective intent of the parties, but rather the intent a reasonable person would apprehend in considering the parties' behavior." *Id.* (quoting *Am. Eagle Outfitters*, 584 F.3d at 582. "The strongest objective manifestation of intent is the language of the contract." *Id.*

(citing *Mellon Bank,* 619 F.2d at 1009). "Thus, where the words of the contract clearly manifest the parties' intent, a court need not 'resort to extrinsic aids or evidence.'" *Id.* (quoting *Am. Eagle Outfitters,* 584 F.3d at 587 (citation and internal quotation marks omitted)).

"This does not mean, however, that the court is confined to the 'four corners of the written document.'" *Pacitti v. Macy's*, 193 F.3d 766, 773 (3d Cir. 1999). "Rather, the court reads the contract in the context in which it was made." *Id.*

The settlement agreement, in relevant part and as recited in open court, states that "[a]ll claims, counterclaims and cross-claims in the action are hereby . . . released and dismissed with prejudice each party to bear its own attorney's fees, costs and expenses."(ECF No. 326-4, filed under seal.)

Here, when the parties agreed to the *Whitecap* settlement, the *Chapin* action was already pending. All the parties to the *Whitecap* settlement agreement were already present in the *Chapin* action. The cross-claims and counterclaims alleging indemnity and contribution on which Great Southern seeks summary judgment were also already pending in the *Chapin* action. Furthermore, at the time of the *Whitecap* settlement, the plaintiffs in *Chapin* were seeking class certification for all Virgin Islands

residents who purchased defective wood treated by Great Southern. (ECF No. 106.)

Notwithstanding the pendency of the *Chapin* action, the *Whitecap* settlement agreement only dismissed with prejudice "[a]ll claims, counterclaims and cross-claims *in the action* . . . ." (ECF Doc. 326-4)(emphasis added). The settlement agreement expressly defines "the Action" as the "the captioned case." The captioned case displayed on the settlement agreement is the *Whitecap* action, not the then already pending *Chapin* action.

If the settlement contemplated dismissing claims already pending in the *Chapin* action, it would have said so. The parties could have drafted a broad global settlement. They did not. Instead, they expressly limited the agreement to claims pending in the *Whitecap* action.

Great Southern asks the Court to read the preclusive effect of the *Whitecap* settlement broadly. To do so, the Court would convey an unintended windfall on Great Southern contrary to what *Norfolk Southern* counsels, and contrary to the specific and appropriate limitations of the *Whitecap* settlement. *Cf. Norfolk Southern Corp.,* 371 F.3d at 1291("[T]o preclude a wider range of matters than those specified in the Agreement would frustrate the parties' expressed intent and bestow upon [the defendant] a windfall of immunity from litigation."(alteration in original)).

Given the record in this case, and in light of the limitations of the preclusions in the Whitecap settlement, Great Southern has failed to demonstrate entitlement to judgment as a matter of law on Whitecap's counterclaims and the Putnam Entities' cross-claims. Accordingly, the Court will deny Great Southern's motion for summary judgment.

### 2. Motions to Strike

Whitecap has moved to strike Great Southern's motion for summary judgment (ECF No. 344). The Putnam entities also moved to "strike any and all mention of the *Whitecap* mediation agreement from Great Southern's Motion for Summary Judgment, and the Exhibits thereto containing th[ose] confidential documents." (ECF Doc. 342.) These motions argue that these documents should be stricken because the documents are confidential and the *Whitecap* settlement states that it is inadmissible in this action.

The Court has ruled on the motion for summary judgment in this order. For the reasons outlined in the Court's previous order (ECF. No. 580) and the associated Report and Recommendation (ECF. No. 556), there was no prejudice to the parties here.

Accordingly, Whitecap's motion to strike (ECF No. 344) and the Putnam Entities' motion to strike (ECF No. 342) are denied as moot.

### 3. Motion to Enforce the Settlement Agreement

In addition, Whitecap moves the Court to enforce the settlement agreement (ECF No. 342) by striking the motion for summary judgment.

The Court has previously addressed a petition for this relief. Indeed, this Court found that:

> As in *Kokkonen*, the Court has no order before it that has been violated. *See generally Kokkonen* [*v. Guardian Life Insurance Co. of America*], 511 U.S. [ U.S. 375, 381]. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.* Because no Court order here refers to the settlement agreement or reserves district court jurisdiction to enforce the settlement, the Court has neither ancillary jurisdiction nor subject-matter jurisdiction to enforce the settlement agreement.

The Court is not inclined to reconsider this decision and sees no need to do so. Accordingly, the Court will deny Whitecap's motion to enforce the *Whitecap* settlement.

## IV. CONCLUSION

The premises having been considered, it is hereby

**ORDERED** that Great Southern's motion for summary judgment (ECF No. 321) is **DENIED;** it is further

**ORDERED** that Whitecap's motion seeking to strike Great Southern's motion for summary judgment, to enforce the terms of the settlement, and for sanctions against Great Southern (ECF No. 339), in so far as it seeks to strike Great Southern's

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 18

motion for summary judgment and to enforce the terms of the settlement, is **DENIED**.

**ORDERED** that the Putnam Entities' motion to strike (ECF No. 342) is **DENIED**.

                                                S\_____

                                                **Curtis V. Gómez**
                                                **District Judge**

Case: 3:12-cv-00077-CVG-RM   Document #: 590   Filed: 09/30/14   Page 18 of 18