```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. THOMAS AND ST. JOHN

CHAPIN, ET AL.,                        )
                                       )
              Plaintiffs,              )
                                       )
      v.                               )    Civil No. 2012-77
                                       )
GREAT SOUTHERN WOOD PRESERVING         )
INCORPORATED, ET AL.,                  )
                                       )
              Defendants.              )
                                       )
```

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Gary Chapin*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin, Dean Baldwin, Harry Eisener, Denise Barbier, Truman Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson, Conch Villa Condominium Association, Concordia Campgrounds, Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Joseph Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 3

> *Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
> *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for Whitecap Investment Corp., d/b/a Paradise Lumber.*

### ORDER

**GÓMEZ, J.**

Before the Court is the motion of Great Southern Wood Preserving, Inc. ("Great Southern") to strike affidavits attached to Putnam Family Properties, Inc. ("Putnam Family") and Putnam Lumber & Export Company's ("Putnam Lumber") opposition to Great Southern's motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

From in or about 2003 until in or about 2009, Great Southern sold treated lumber and provided lumber-treatment services to Putnam Family. Putnam Family was a lumber wholesaler. Putnam Lumber is a successor of Putnam Family.

Putnam Family allegedly sold lumber treated by Great Southern to Whitecap Investment Corp., d/b/a Paradise Lumber ("Whitecap"). In turn, Whitecap claims that it sold that lumber to various consumers in St. John. Whitecap further claims that the lumber treated by Great Southern prematurely decayed, causing damage to the buildings into which it had been incorporated.

On December 29, 2010, Whitecap filed a complaint in *Whitecap v. Putnam Lumber, et. al.*, Civil No. 2010-139 against various defendants, including Putnam Family, Putnam Lumber, and Great Southern (the "*Whitecap* action"). Both Putnam Family and Putnam Lumber (collectively "the Putnam Entities") filed cross-claims against Great Southern.

While the *Whitecap* action was pending, a number of consumers who allegedly purchased the hazardous wood originally sold to Whitecap filed the instant action against various defendants, including the Putnam Entities and Great Southern (the "*Chapin* action").

The Putnam Entities then asserted cross-claims against Great Southern in the *Chapin* action.

Great Southern subsequently impleaded Whitecap as a third-party defendant in the *Chapin* action. In response, Whitecap asserted third-party counterclaims against Great Southern in the *Chapin* action.

On May 31, 2013, the parties in the *Whitecap* action, including the Putnam Entities, Whitecap, and Great Southern indicated to the Court that after mediating the dispute, they had entered into a settlement agreement (the "*Whitecap* settlement").

Great Southern then moved for summary judgment on the third-party counterclaims and cross-claims pending in the *Chapin* action. Great Southern argued that the *Whitecap* settlement barred the third-party counterclaims and cross-claims in the *Chapin* action. Great Southern attached a copy of the *Whitecap* settlement to its motion for summary judgment.

In response, the Putnam Entities and Whitecap filed oppositions to Great Southern's motion for summary judgment. The Putnam Entities attached the affidavits of Randy Saffy and Russell Crosby (the "Saffy and Crosby affidavits") to their opposition. In the Saffy and Crosby affidavits, the affiants assert that the claims in the *Chapin* action were not discussed at the mediation which led to the *Whitecap* settlement.

Great Southern then moved to strike the Saffy and Crosby affidavits.

The Court subsequently denied Great Southern's motion for summary judgment. Great Southern's motion to strike remains pending.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c)(4)(" Rule 56(c)(4)"), "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence,

and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Federal Rule of Civil Procedure 56(e) ("Rule 56(e)") provides the Court with guidance on how to respond if a party fails to properly comply with Rule 56(c)(4). *See* Fed. R. Civ. P. 56(e). Rule 56(e), in relevant part, states that the Court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

*Id.*

"Although Rule 56(e) . . . does not specifically provide for a motion to strike, courts have held that a party wishing to challenge an opponent's affidavits for containing defects under Rule 56(e) should move to strike the affidavits or else waive any objection to the defects." *Coleman v. Cerski,* 2007 WL 2908266, at *3 (M.D. Pa. Oct.4, 2007) (citing *In Re Unisys Sav. Plan Litig.,* 74 F.3d 420, 437 n.12 (3d Cir. 1996); *Grine v. Coombs,* 214 F.R.D. 312, 338-39 (W.D. Pa. 2003)).

### III. ANALYSIS

Great Southern argues that the Saffy and Crosby affidavits offered by the Putnam Entities to oppose Great Southern's motion for summary judgment should be stricken because they are inadmissible under the parole evidence rule and Local Rule of Civil Procedure 3.2(e)(5).

Nevertheless, even assuming *arguendo* that these affidavits are inadmissible and may be stricken under Rule 56(e), when a party brings a motion to strike an affidavit offered in support of or in opposition to a motion and a court subsequently decides that underlying motion without relying on the affidavit, the motion to strike that affidavit is moot. *See Catanzaro v. Lyons*, 232 F. App'x 878, 881 (11th Cir. 2007)("The district court denied [the plaintiff]'s motion to strike as moot because the challenged averments were immaterial and the district court did not consider them in making its summary judgment determination. Given that [the plaintiff] was not prejudiced by the admission of the challenged averments, we cannot say that the district court abused its discretion."); *Zeidler v. A & W Restaurants, Inc.*, 71 F. App'x 595, 600 (7th Cir. 2003)("In ruling on the summary judgment motion, the district judge found it unnecessary to consider [the affiant]'s affidavit and therefore disregarded it altogether. In so doing, the district court took one of the

very steps it might have taken -- indeed, the most obvious step -- had it found that [the defendant] acted improperly in consulting with [the affiant] and preparing his affidavit for submission to the court.").

Great Southern's motion for summary judgment required the Court to assess certain provisions of the *Whitecap* settlement agreement. When courts interpret settlement agreements, they apply general contract interpretation principles. *New York State Elec. & Gas Corp. v. F.E.R.C.*, 875 F.2d 43, 45 (3d Cir. 1989). Therefore, courts only consider extrinsic evidence if they find that the language of a settlement agreement is ambiguous. *See Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 75 (3d Cir. 2011).

When the Court decided Great Southern's motion for summary judgment, it held that the language of the settlement agreement was unambiguous. Thus, it did not consider extrinsic evidence when it made its summary judgment determination. *See, e.g., Baldwin*, 636 F.3d at 75. Moreover, as the summary judgment determination has been made, the need to consider additional information in aid of a summary judgment determination is obviated. *See Catanzaro*, 232 F. App'x at 881; *Zeidler*, 71 F. App'x at 600. Accordingly, Great Southern's motion to strike the

Saffy and Crosby affidavits is moot. *See Catanzaro*, 232 F. App'x at 881; *Zeidler*, 71 F. App'x at 600.

## IV. CONCLUSION

The premises having been considered, it is hereby

**ORDERED** that Great Southern's motion to strike the Saffy and Crosby affidavits (ECF No. 377) is **MOOT.**

S\_____

**Curtis V. Gómez**
**District Judge**