IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CARY CHAPIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. 2012-77 |
| ) | |
| GREAT SOUTHERN WOOD ) | |
| PRESERVING, INC., THE PUTNAM ) | |
| LUMBER & EXPORT COMPANY, ) | |
| PUTNAM FAMILY PROPERTIES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are plaintiffs' (1) Motion for Leave to File Rule 56(d) Motion Out of Time [DE 1050], and (2) plaintiffs' motion pursuant to Federal Rule of Civil Procedure 56(d) to defer responsive briefing and consideration of motions for summary judgment (the "Rule 56(d) Motion") [DE 1052]. In the former, plaintiffs contend they should be permitted to file their Rule 56(d) Motion out of time due to "excusable neglect."[1] In the latter, plaintiffs ask the Court to defer, pending completion of discovery, responsive briefing and consideration of a number of summary judgment motions already filed and to be filed by defendant Great Southern Wood Preserving, Inc. ("GSWP") and by defendants Putnam Lumber & Export Company, Inc. and Putnam Family Properties, Inc. (collectively, "Putnam"). GSWP and Putnam oppose both motions.[2]

---

[1] In this regard, plaintiffs state they are relying on "Federal Rules of Civil Procedure 6, 15(a)(2) and 56, and Local Rules 15.1 and 56.1(c)." Pls' Mot. [DE 1050] at 2. It is a mystery to the Court how the rules regarding amending pleadings could support plaintiffs' position.

[2] GSWP filed a consolidated opposition to both motions [DE 1059] and Putnam filed an opposition only to the Rule 56(d) Motion. [DE 1061]. Plaintiffs filed a consolidated reply memorandum as to both motions. [DE 1073].

*Chapin, et al. v. Great Southern Wood Preserving, Inc. et al.*
Civil No. 2012-77
Page 2

## I. PROCEDURAL HISTORY

Plaintiffs filed the instant action on October 1, 2012 on behalf of numerous individuals and entities claiming to have obtained defective wood products from defendants. According to schedules set by the Court, fact discovery was to have been completed by August 1, 2015, and expert discovery by March 1, 2016. The deadline for filing dispositive motions is April 1, 2016, and the matter is scheduled for trial on June 6, 2016.

Starting on November 3, 2015 and continuing through January, 2016, GSWP has on a rolling basis filed motions for summary judgment against individual plaintiffs [*e.g.,* DEs 957, 961, 1045, 1046].³ On November 12, 2015, plaintiffs' counsel via email told GSWP's counsel that plaintiffs assumed GSWP was planning to file for summary judgment against each plaintiff, and that he "would like to just write one response with maybe an exhibit as to individual issues." Ex. A to Cohen Decl. [DE 1050-2]. GSWP's counsel responded by email that same day:

> I can tell you that my client is not going to be amenable to a single response. We have put a tremendous amount of time and effort into preparing each motion and brief, and each one is different (they have not all been prepared yet, which is why they are being filed on a rolling basis). I have telegraphed to both counsel and the Court for months (if not a year) that this was coming. To allow a single response to all motions (including those which have yet to be filed) would give you an unfair advantage and would be contrary to the spirit and letter of the Federal Rules . . . I am happy to discuss it with you tomorrow, or you can call [co-counsel] today. I'm sure we could agree to your making a single filing when your first brief is due as to the common facts that you could adopt and reference in each of your briefs.

*Id* at 2. No agreement was reached on the issue of delayed responses. On January 23, 2016, plaintiffs' counsel wrote to GSWP that he intended to file Rule 56(d) motions, and proposed a schedule that would permit plaintiffs to "begin responding" to GSWP's summary judgment motions three weeks after the close of expert discovery. Ex. B to Cohen Decl. [DE 1050-3].

---

³   Putnam filed motions for summary judgment on January 6 and 7, 2016. [DEs 1035, 1036, 1037, 1038, 1039].

GSWP's counsel rejected that notion and referred back to his November 12, 2015 email. Ex. C to Cohen Decl. [DE 1050-4]. Plaintiffs' filed the instant motions on February 4, 2016.

## II. LEGAL STANDARD

### A. The Standards for Extending Time

Federal Rule of Civil Procedure 6 allows a court for good cause to extend the time for an act to be done (1) if "the request is made [] before the original time or its extension expires," or (2) when a motion is made beyond the specified deadline "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). "The phrase 'excusable neglect' 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *Glasgow v. Veolia Water N. Am.,* 2011 U.S. Dist. LEXIS 87292, at *9-10 (D.V.I. Aug. 5, 2011) (quoting *Pioneer Inv. Servs. v. Brunswick, 507 U.S. 380, 388* (1993), and finding a delay of a few days due to a miscommunication between counsel and staff was a "close call" but was excusable). The "excusable neglect" inquiry depends on all of the relevant circumstances. *In re O'Brien Env. Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999)* (citing *Pioneer, 507 U.S. at 395*). "These include [] the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer,* 507 U.S. at 395.

With respect to summary judgment motions in particular, Local Rule of Civil Procedure 56.1 provides that any response is to be filed within 20 days of the filing of the motion, but that the parties may negotiate and agree to an extension "which shall not exceed thirty days from the deadline otherwise prescribed in this Rule." LRCi. 56.1(b) and (c)(1). Only one agreed extension is allowed, and the "party seeking the extension must file notice of any such negotiated extension before the filing date prescribed in this Rule." *Id.* at (c)(1).

### B. The Standard for Rule 56(d) Relief

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Favata v. Seidel*, 511 Fed. Appx. 155, 158 (3d Cir. 2013); FED. R. CIV. P. 56(a) (providing "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). In order to defeat a well-supported summary judgment motion, the non-moving party "may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3rd Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986)).[4]

"Consequently, it is axiomatic that a court is 'obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" *Samuel, Son & Co. v. Beach*, 2013 U.S. Dist. LEXIS 129486, at *9 (W.D. Pa. Sept. 11, 2013) (quoting *Doe*, 480 F.3d at 257). To this end, when a party opposing summary judgment "believes that s/he needs additional time for discovery," the nonmoving party may file a Rule 56(d) declaration. *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citation omitted); *see also Celotex*, 477 U.S. at 326 (noting that "[a]ny potential problem with [] premature [summary judgment] motions can be adequately dealt with under [Rule 56(d)], which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity

---

[4] Where a party fails to respond to a summary judgment motion, granting summary judgment is not automatic. *See Anchorage Assoc. v V.I. Bd. of Tax Rev.,* 922 F.2d 168, 175 (3d. Cir. 1990) (a non-moving party's failure to respond does not automatically entitle movant to summary judgment); *see also* LRCi 56.1(d) (the absence of a response "may" result in a finding that facts are undisputed). Even without a response, a court may only grant summary judgment where appropriate.

to make full discovery") (alterations added).

Under Rule 56(d), the opposing party must "show by affidavit or declaration that . . . it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). "In the declaration, a party must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." *Duran v. Warner*, 2013 U.S. Dist. LEXIS 117462, at *11 (D.N.J. Aug. 20, 2013) (citing *Sebelius*, 674 F.3d at 157). If the party's affidavit specifically addresses these requirements, "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," especially when particular information is in the sole possession of the moving party. *Malouf v. Turner*, 814 F. Supp. 2d 454, 459-60 (D.N.J. 2011) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)).

### III.  DISCUSSION

**A.  The Motion to File a 56(d) Motion Out of Time [DE 1050]**

Plaintiffs contend they should be permitted to file a Rule 56(d) motion out of time due to "excusable neglect." GSWP's first motion for summary judgment directed to individual plaintiffs [DE 957] was filed on November 3, 2015. On November 12, 2015, when plaintiffs suggested they be permitted to file a consolidated response once GSWP filed all of its individual motions, GSWP immediately responded that it would not agree to that plan. Nevertheless, plaintiffs waited another almost three months before seeking leave to file, and filing, a 56(d) motion.

Plaintiffs contend that they "believed that an agreement had been reached in principle" with GSWP to defer responses (Pls' Mot. [DE 1050] at 3). How plaintiffs could have come to this conclusion, based on the communications supplied to the Court, is beyond comprehension. There

does not appear to be any sort of "miscommunication' or "misunderstanding;" rather, it appears that plaintiffs' counsel read into the communications what he wanted to see, instead of what was there. On this record, the Court cannot find "excusable" neglect; merely neglect at best, and calculation at worst.

The Court observes that counsel's early communications did not mention an inability to respond to summary judgment motions because of outstanding discovery, nor did counsel request an extension to file a Rule 56(d) motion. Instead, those communications simply discussed the timing of plaintiffs' responses. Of course, plaintiffs are deemed to have known that the Local Rules of Civil Procedure provide that absent a court order, the most that a plaintiff could defer a response, even with the movant's agreement, would have been for 30 days after the due date provided in the rules. See LRCi 56.1(c)(1). In the case of the first of GSWP's summary judgment motions, that would have been no later than 50 days after November 3, 2015, or December 23, 2015. Here, however, plaintiffs seem to have ignored the existence of the Local Rule in favor of determining their own preferred schedule, and they waited another month and half to even seek any relief at all. Further, GSWP did <u>not</u> agree to a 30-day extension – or any other extension – with respect to responses.[5]

Under these circumstances, the Court finds no excusable neglect under the *Pioneer* factors, and no good cause to expand the time. The motion to file Rule 56(d) motion out of time is without merit.

---

[5] Putnam did agree to extend the time for plaintiffs to respond to Putnam's summary judgment motions. [DE 1049]. Even though they agreed to respond by February 25, 2016 to those motions, however, plaintiffs still failed to file any responses and they have not done so to date.

### B. The 56(d) Motion [DE 1052]

Even if the Court were to conclude that plaintiffs' Rule 56(d) Motion was timely, the motion would be denied. As discussed, a 56(d) motion must be supported by an affidavit or declaration that contains three elements: "a party must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." *Duran*, 2013 U.S. Dist. LEXIS 117462, at *11. Plaintiffs here submit the declaration of Daniel M. Cohen, Esq., one of plaintiffs' attorneys. [DE 1052-1]. Attorney Cohen avers that in order to respond to the summary judgment motions, plaintiffs need discovery from both plaintiffs' and defendants' experts, and that plaintiffs' experts "need the opportunity to review Defendants' expert reports and consult with Plaintiffs." Cohen Decl. at 4-5. Plaintiffs also claim to need to review the "voluminous" discovery received in the case. *Id.* at 7. Attorney Cohen states "[i]nformation relevant to Plaintiffs' arguments against summary judgment is anticipated from expert discovery, particularly with regard to arguments surrounding proof of purchase and statute of limitations." *Id.* These averments are not sufficient to warrant Rule 56(d) relief.

In the first place, four of the eight experts whose depositions plaintiffs say they need – the ones that plaintiffs contend have information relevant to statute of limitations and proof of purchase issues -- are plaintiffs' own experts. As such, since they are under plaintiffs' control, their depositions do not need to be taken in order for plaintiffs to gather information: all plaintiffs need to do is confer with their own experts. Likewise, documentary information has been in plaintiffs' possession for quite some time; in fact, they have had most of it for years. That they have not completed their review is no reason to defer responses to summary judgment, particularly where trial is imminent. Thus, with respect to this information, plaintiffs have failed to satisfy the

third element of the Rule 56(d) analysis.

Next, with respect to anything that plaintiffs might glean from deposing defendants' experts, a review of the areas of their expertise is enlightening. The four defense experts and their areas of expertise are: Ronald Anthony, wood science; Steven Jamron, a certified general appraiser; Craig McIntyre, wood preservatives; and Fred Trayser, cost estimates. Putnam Opp. [DE 1061], at 6-7. The summary judgment motions filed to date generally involve the following topics: statutes of limitation, whether plaintiffs were in privity with or had a contract with GSWP or Putnam, whether a plaintiff sustained personal injury, whether plaintiffs were owed a duty by GSWP or Putnam, and whether GSWP or Putnam made any representations to the plaintiffs or whether any such representation was relied upon by a plaintiff. Other arguments are based on legal contentions regarding the applicability of certain statutes or principles. It simply does not appear that any of the information plaintiffs say they still need to respond to these motions could be obtained from discovery of defendants' experts.[6] As to this information, therefore, plaintiffs have failed to satisfy the first and second requirements for Rule 56(d) relief. In sum, plaintiffs have not demonstrated with the requisite particularity that they are entitled to Rule 56(d) relief.

As a final point, plaintiffs posit that judicial economy is served by deferring any consideration of summary judgment until plaintiffs are in a position to offer one consolidated response to all motions, whether previously filed or to be filed.[7] The Court disagrees. If the motions had been briefed in the normal course, in compliance with the schedule provided in the rules, the Court could be well on its way to determining a number of them in accordance with its

---

[6] As noted, the deadline for the completion of all expert discovery was March 1, 2016. [DE 941].

[7] Plaintiffs suggest that a "uniform and consolidated briefing schedule" would avoid inconsistencies and be more efficient. Pls' Reply [DE 1052].

available resources. And, the plaintiffs' self-imposed schedule operates to the detriment and prejudice of the defendants, disrupting their handling of the matter in conformity with the applicable rules. As a result, there is no gain in efficiency or fairness from plaintiffs' delay.

## IV. CONCLUSION

Accordingly, based upon the above discussion, and the premises considered, it is hereby ORDERED:

(1) Plaintiffs' motion to file out of time [DE 1050] is DENIED; and

(2) Plaintiffs' Rule 56(d) Motion [DE 1052] is DENIED with respect to the summary judgment motions filed to date.

(3) Plaintiffs shall respond to any additional summary judgment motions within the time provided in the applicable rules.

**Dated:** March 9, 2016        S\_____
                                **RUTH MILLER**
                                United States Magistrate Judge