DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHAPIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 2012-77 |
| | ) | |
| GREAT SOUTHERN WOOD PRESERVING INCORPORATED, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
        *Counsel for Gary Chapin*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
        *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
        *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
        *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*
        *Conch Villa Condominium Association, Concordia Campgrounds,*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

>        *Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune*
>        *Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
>        *Counsel for Terry R. Whitham, individually and as*
>        *representative of a class of persons similarly situated,*
>        *Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia*
>        *Sauers, Nancy Nemeth, Joseph Nemeth, Irene Patton, Richard*
>        *Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara*
>        *Jakobsen, Arne Jakobsen, Avis James, Oscar James, Philip*
>        *Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper,*
>        *Barbara Pieper, Deborah Ramsay, Upper Deck Villas*
>        *Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
>        *Counsel for Michael Barry, Barbara Barry, Donald Sussman,*
>        *Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 3

St. Croix, U.S.V.I.
> *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 4

**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for Whitecap Investment Corp., d/b/a Paradise
    Lumber.*


## ORDER

**GÓMEZ, J.**

    Before the Court is the Magistrate Judge's March 9, 2016,
order denying the plaintiffs' motion to compel Great Southern
Wood Preserving, Inc. to produce certain discovery.

### I.    FACTUAL AND PROCEDURAL HISTORY

    On October 26, 2015, the plaintiffs moved to compel Great
Southern Wood Preserving, Inc. ("GSWP") to produce certain
discovery. On March 9, 2016, the Magistrate Judge denied that
motion. In the order denying the motion, the Magistrate Judge
stated that the plaintiffs were not entitled to receive the
requested discovery.  The Magistrate Judge also stated that

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 5

"GSWP . . . points out that plaintiffs failed to comply with the requirements of Local Rules of Civil Procedure 37.1 and 37.2. GSWP's Opp. at n. 1. In that event, the Court may not consider this discovery motion." (ECF No. 178, at 2 n.1.) Thereafter, on March 28, 2016, the plaintiffs filed an objection to the Magistrate Judge's order.

## II.  DISCUSSION

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may seek review of a magistrate judge's non-dispositive order by filing objections to the order with this Court within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a). In reviewing a magistrate judge's order, a district court will modify or vacate any portion of the magistrate judge's order that is found to be "clearly erroneous or contrary to law." *Id.; see also Anthony ex rel. Lewis v. Abbott,* 289 F.Supp.2d 667, 671 (D.V.I.2003). A magistrate judge's order will be affirmed unless the Court is left with "the definite and firm conviction that a mistake has been committed." *Nicholas v. Wyndham Intern., Inc.,* 218 F.R.D. 122, 123 (D.V.I.2003) (citing *Harrison,* 200 F .R.D. at 513.).

## III. ANALYSIS

The plaintiffs argue that they are entitled to receive the discovery they requested. The plaintiffs do not, however,

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 6

address their failure to comply with the District Court of the

Virgin Island's Local Rules of Civil Procedure.

Local Rule of Civil Procedure 37.1 ("Local Rule 37.1")

prescribes the actions that parties must engage in before

seeking the Court's assistance with a discovery dispute. That

rule provides that:

> Prior to filing any motion relating to discovery
> pursuant to Federal Rules of Civil Procedure 26-37,
> other than a motion relating to depositions under
> Federal Rule of Civil Procedure 30, counsel for the
> parties shall confer in a good faith effort to
> eliminate the necessity for the motion or to
> eliminate as many of the disputes as possible. It
> shall be the responsibility of counsel for the moving
> party to arrange for this conference. To the extent
> practicable, counsel are encouraged to meet in person
> at a mutually convenient location. If, in the
> consideration of time and/or resources, counsel
> agree that meeting in person is not practicable, the
> conference may take place telephonically or
> electronically. Unless otherwise provided by
> stipulation or by written order of the Court, the
> conference shall be completed within thirty (30)
> calendar days after the moving party serves a letter
> requesting such conference. The moving party's
> letter shall identify each issue and/or discovery
> request in dispute, state briefly with respect to
> each the moving party's position (and provide any
> legal authority), and specify the terms of the
> discovery order to be sought.

LRCi 37.1.

In the event that the parties cannot resolve their

discovery dispute after counsel confer as required by

Local Rule 37.1, the parties may turn to the Court for

assistance in accordance with Local Rule of Civil

Procedure 37.2 ("Local Rule 37.2"). That rule, in

pertinent part, provides that:

> (a) STIPULATION. If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1. The stipulation shall include the moving party's letter requesting a pre-filing conference of counsel and shall be filed and served with the motion.

LRCi 37.2(a).

Local Rule 37.2 also provides that:

> [t]he Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

LRCi 37.2(c).

Here, no stipulation or declaration was filed as

required by Local Rule 37.2(c). Therefore, the Magistrate

Judge's order was neither clearly erroneous nor contrary

to law. Accordingly, the order will be affirmed.

The premises considered; it is hereby

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 8

       **ORDERED** that the Magistrate Judge's March 9, 2016,

order denying the motion to compel is **AFFIRMED**.


      **S\_____**
          **Curtis V. Gómez**
          **District Judge**