```
            DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

CHAPIN, ET AL.,                    )
                                   )
         Plaintiffs,               )
                                   )
         v.                        )    Civil No. 2012-77
                                   )
GREAT SOUTHERN WOOD PRESERVING     )
INCORPORATED, ET AL.,              )
                                   )
         Defendants.               )
                                   )
```

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*
    *Conch Villa Condominium Association, Concordia Campgrounds,*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

> *Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Barbara Jakobsen Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

St. Croix, U.S.V.I.
    *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI

**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
   *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
   *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
   *Counsel for Whitecap Investment Corp., d/b/a Paradise Lumber.*


## ORDER

**GÓMEZ, J.**

The Court previously denied various motions of the plaintiffs seeking: (1) leave to file untimely oppositions to certain motions for summary judgment; (2) an extension of time to respond to certain other motions for summary judgment; and (3) leave to exceed the Court's page limit. The related submissions of the plaintiffs, which were: untimely-filed without leave of Court; exceeded the Court's page limit; or both, remain on the docket. This order addresses the status of those filings. To that end, a brief summary of the relevant procedural history is in order.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 5

## I.     FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving Inc. ("GSWP") is an Alabama lumber wholesaler. It operates principally in Alabama. In addition to selling wood directly, it also provides chemical and pressure treatments to prevent lumber from decaying.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the Putnam Family Properties, Inc. ("Putnam Family"), a Florida corporation, which is itself a lumber retailer.[1] Some of this wood was then sold in the U.S. Virgin Islands.

The plaintiffs in this action allegedly purchased "hazardous and defective" GSWP-treated lumber that had been sold to suppliers by Putnam Family.

This action was filed on October 1, 2012. On August 27, 2014, the Magistrate Judge issued a trial management order in this case. The trial management order provided that fact discovery would be completed by August 1, 2015; expert discovery would be completed by February 1, 2016; dispositive motions would be filed by no later than April 1, 2016; and trial would commence on June 6, 2016.

---

[1] Putnam Lumber & Export Company is allegedly the successor to Putnam Family.

Between November 3, 2015, and December 22, 2015, GSWP filed 16 motions for summary judgment (collectively, the "Group One GSWP motions") against Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman and Denise Barbier; Douglas Benton; Nina Hahler; Barry Devine; Sharon Schott; Emily Bratton and Richard Hathaway; Stephen and Jean Cottrell; Terry Witham; Concordia Campground, Inc.; Conch Village Condominium Association; Barbara Jakobsen Avis James and Oscar James; Donald Near; and Bonita Corbeil (collectively, the "Group One GSWP plaintiffs").

On January 6, 2016, and January 7, 2016, Putnam Family and Putnam Lumber & Export Company (collectively, the "Putnam Entities") filed four motions for summary judgment (collectively, the "Group One Putnam motions") against Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman and Denise Barbier; and Douglas Benton (collectively, the "Group One Putnam plaintiffs").

On January 22, 2016, GSWP filed two additional motions for summary judgment (collectively, the "Group Two GSWP motions") against Jeffrey and Ann McCrave and Jozsef and Nancy Nemeth (collectively, the "Group Two GSWP plaintiffs").

Subsequently, on February 4, 2016, the Group One GSWP plaintiffs filed: (1) a motion for leave (the "motion for

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 7

leave") to file a motion seeking the relief described in Federal Rule of Civil Procedure 56(d)[2] ("Rule 56(d)") directed at the Group One GSWP motions; and (2) a motion seeking Rule 56(d) relief (the "Rule 56(d) motion") directed at the Group One GSWP motions. On March 9, 2016, the Magistrate Judge denied the motion for leave and the Rule 56(d) motion. On March 23, 2016, the Group One GSWP plaintiffs filed objections to the Magistrate Judge's March 9, 2016, order.

Between March 29, 2016, and April 1, 2016, GSWP filed 24 additional summary judgment motions (collectively, the "Group Three GSWP motions") against Pamela Gaffin; Ed and Barbara Pieper; Celso Principaal; Gary Chapin and Barbara Douma; Mark Anderson; Jerry Daly; Great Caribbean, LLC, as assignee of Denise Geary; Elliot Hooper; Molly and Donald Robinson; Vicky Brown-Goldman and Jay Goldman; Marva Applewhite and Gloria

---

[2] Federal Rule of Civil Procedure 56(d) provides that when a motion for summary judgment is filed,

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion[ for summary judgment] or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Case: 3:12-cv-00077-CVG-RM Document #: 1558 Filed: 05/07/16 Page 8 of 16

Chapin et al. v. Great Southern Wood Preserving Inc., et. al.
Civil No. 2012-77
Order
Page 8

Samuel; Denise and Bert Veldman; Warren Family LLC; Patricia Mortenson; Jeffrey Smock; Dominic Watson, as Trustee of the Rogers Family Trust; Michael Krienik, as Trustee of the Michael Krienik Trust; Frances Solomon; John and Dean Baldwin; Michael and Barbara Barry; Upper Deck Villas Association; Phillip and Marjorie Jones; S. Donald Sussman and Emicar LLC; and Susan Greer-Littlefield (collectively, the "Group Three GSWP plaintiffs").[3]

Between March 30, 2016, and April 1, 2016, Putnam Lumber & Export Company and Putnam Family Properties, Inc. (collectively, the "Putnam Entities") filed 38 motions for summary judgment (collectively, the "Group Two Putnam motions")[4] against each plaintiff that had not been targeted by the Group One Putnam motions in January (collectively, the "Group Two Putnam plaintiffs").[5]

---

[3] In this recitation of the facts, the Court has attempted to spell every plaintiff's name correctly and has listed that name as it appears in the Third Amended Complaint regardless of any alterations that were made to the name in the motion for summary judgment directed at that plaintiff. However, some of the plaintiffs' names are spelled inconsistently in the Third Amended Complaint.

[4] The Court notes that a motion for summary judgment, docketed at ECF No. 1175, was filed against multiple plaintiffs on April 1, 2016. That motion argues that summary judgment is appropriate because certain plaintiffs have entered into a binding settlement. Although that motion was filed between March 30, 2016, and April 1, 2016, the Court has not included that motion in the motions denominated as the Group Two Putnam motions. No opposition to that motion was filed.

[5] The Third Amended Complaint lists Rune Fremlin, Birgitta Fremlin, Rick Hoy, and Susan Hoy as plaintiffs. A joint stipulation has been filed dismissing "Rune and Birgitta Fremins" and "David and Susan Hoy" from this action. For the purposes of this order, the Court will assume that the parties intended

On April 18, 2016, the Group Three GSWP plaintiffs and the Group Two Putnam plaintiffs filed a motion seeking a 30-day extension of time (the "extension motion") to file oppositions to the Group Three GSWP motions and the Group Two Putnam motions, respectively. On the same day, all of the plaintiffs in this action filed a motion seeking leave to file oppositions in excess of 20 pages (the "page limit motion") to the summary judgment motions. Also on that day, the Magistrate Judge issued two text orders denying the extension motion and the page limit motion.

In addition, on April 18, 2016, the Group One GSWP plaintiffs and the Group One Putnam plaintiffs filed a motion seeking leave to file late oppositions (the "second motion for leave") to the Group One GSWP motions and the Group One Putnam motions, respectively.

The plaintiffs began to file oppositions to the various summary judgment motions on April 18, 2016. The plaintiffs' opposition briefs were each approximately 40 to 50 pages. The brief for each plaintiff was a combined opposition that

---

to dismiss Rune and Birgitta Fremlin and Rick and Susan Hoy. As such, when the Court refers to the plaintiffs in this order, those individuals are not included.

responded to both GSWP's motion for summary judgment and the Putnam Entities' motion for summary judgment.

On April 19, 2016, the plaintiffs filed objections to the Magistrate Judge's orders denying the extension motion and the page limit motion.

The plaintiffs continued to file 40 to 50-page combined opposition briefs until April 29, 2016. Between April 18, 2016, and April 29, 2016, the plaintiffs filed oppositions to each of the Group One GSWP motions, the Group Two Putnam motions, the Group Three GSWP motions, the Group One Putnam Motions, and the Group Two Putnam motions.

GSWP and the Putnam Entities began filing responses to the plaintiffs' oppositions on April 27, 2016.

On May 5, 2016, the Court issued an order overruling the plaintiffs' objections and affirming the Magistrate Judge's: March 9, 2016, order denying the first motion for leave; April 18, 2016, order denying the extension motion; and April 18, 2016, order denying the page limit motion. On May 6, 2016, the Court also denied the second motion for leave.

## II. <u>ANALYSIS</u>

Having reviewed the docket, it is readily apparent that the plaintiffs have ignored the Magistrate Judge's orders and the rules of this Court. In this case, timely-filed oppositions to

motions for summary judgment are the exception, not the rule. Indeed, the plaintiffs have failed to file timely oppositions to the pending motions for summary judgment as early as November, 2015. Even where the plaintiffs have filed timely oppositions, those submissions are approximately 40 to 50 pages in length, exceeding the maximum page limit without leave of the Court.

While the Court has denied the motions of the Group One GSWP plaintiffs, the Group Three GSWP plaintiffs, the Group One Putnam plaintiffs, and the Group Two Putnam plaintiffs: (1) to file late oppositions and (2) to exceed page limits, the corresponding oppositions, which had already been filed in violation of the local rules and the Magistrate Judge's orders, remain on the docket without legal effect. Similarly, while the Court denied the Group Two GSWP plaintiffs leave to exceed page limits, the Group Two GSWP plaintiffs filed oppositions to the Group Two GSWP motions which violate the local rules and the Magistrate Judge's order.

Significantly, the latest date on which a Group One GSWP motion was filed was December 22, 2015. The latest date on which a Group One Putnam motion was filed was January 7, 2016. The latest date on which a Group Two GSWP motion was filed was January 22, 2016. The plaintiffs began to file oppositions to the GSWP and the Putnam Entities' motions for summary judgment

on April 18, 2016. As such, all of the oppositions to the Group One GSWP motions, Group One Putnam motions, and Group Two GSWP motions were untimely. Indeed, with respect to the Group Two GSWP motions, no leave was sought from the Court to file untimely oppositions.

No opposition to a corresponding Group Three GSWP motion was filed within 20 days of such motion; nor was authority given to file beyond the 20-day period. As such, all of the oppositions to the Group Three GSWP motions were untimely.

Some, but not all, of the oppositions to the Group Two Putnam motions were filed within 20 days of the filing of the corresponding Group Two Putnam motion. A review of the docket indicates that timely oppositions to the Group Two Putnam motions were filed by Nina Hahler; Barry Devine; Sharon Schott; Emily Bratton and Richard Hathaway; Stephen and Jean Cottrell; Terry Witham; Concordia Campground, Inc.; Conch Village Condominium Association; Barbara Jakobsen Avis James and Oscar James; Donald Near; Bonita Corbeil; Jeffrey and Ann McCrave; Nancy and Jozsef Nemeth; Pamela Gaffin; Ed and Barbara Pieper; Celso Principaal; Gary Chapin and Barbara Douma; and Elliot Hooper (collectively, the "Group Two Putnam Timely Plaintiffs").

Untimely oppositions to the Group Two Putnam motions were filed by Mark Anderson; Jerry Daly; Great Caribbean, LLC, as

assignee of Denise Geary; Elliot Hooper; Molly and Donald Robinson; Vicky Brown-Goldman and Jay Goldman; Marva Applewhite and Gloria Samuel; Denise and Bert Veldman; Warren Family LLC; Patricia Mortenson; Jeffrey Smock; Dominic Watson, as Trustee of the Rogers Family Trust; Michael Krienik, as Trustee of the Michael Krienik Trust; Frances Solomon; John and Dean Baldwin; Michael and Barbara Barry; Upper Deck Villas Association; Phillip and Marjorie Jones; S. Donald Sussman and Emicar LLC; and Susan Greer-Littlefield (collectively, the "Group Two Putnam Untimely Plaintiffs").

Therefore, the Court will strike as untimely the oppositions and related supporting documents and attachments to the Group One GSWP motions, the Group Two GSWP motions, the Group Three GSWP motions, and the Group One Putnam Motions. The Court will also strike as untimely the oppositions and related supporting documents and attachments to the Group Two Putnam motions filed by the Group Two Putnam Untimely Plaintiffs.

With regard to the remaining Group Two Putnam plaintiffs, the Court notes that the oppositions to the Group Two Putnam motions filed by the Group Two Putnam Timely Plaintiffs are longer than the 20 pages permitted by local rule. The Court did not grant the Group Two Putnam Timely Plaintiffs leave to exceed that page limit. (*See* ECF No. 1241 (denying the plaintiffs'

motion seeking leave to file 45-page combined oppositions to the defendants' motions for summary judgment); ECF No. 1545 (affirming the Magistrate Judge's order denying the plaintiffs' motion seeking leave to file 45-page combined oppositions to the defendants' motions for summary judgment).) Therefore, the oppositions filed by the Group Two Putnam Timely Plaintiffs will also be stricken from the record.

The Court will also strike GSWP and the Putnam Entities' replies and related supporting documents and attachments filed in response to the plaintiffs' oppositions that have been stricken.

The Court will grant each Group Two Putnam timely plaintiff leave to file an amended opposition brief and related supporting documents, with respect to the Group Two Putnam motion filed against such plaintiff. The Putnam Entities will also be provided with an opportunity to respond to the amended filings. The Court will grant leave to the Group Two Putnam Timely Plaintiffs to file briefs no longer than 24 pages, inclusive of the pages bearing the caption and signature block.

Finally, the Court would be remiss if it did not comment on the repeated and excessive violations of the rules of this Court and the orders issued by the Magistrate Judge. The parties are reminded that the Magistrate Judge is a judicial officer. Orders

issued by the Magistrate Judge are binding orders of this Court and are to be followed by litigants. Indeed, even when a party objects to an order issued by a magistrate judge,

> [t]he filing of a notice of objection does not operate to stay the order pending a determination by the District Judge. A stay of a Magistrate Judge's order must be sought in the first instance from the Magistrate Judge whose order has been objected to, upon due notice to all interested parties.

LRCi 72.2(b).

No such motion was filed in this case. Therefore, the Magistrate Judge's order denying the plaintiffs leave to file oppositions to the motions for summary judgment that exceeded 20 pages remained in effect. *See id.* By failing to comply with that order, the plaintiffs engaged in an ill-advised gamble when they filed their 40 to 50-page opposition briefs.

The premises considered, it is hereby

**ORDERED** that the plaintiffs' oppositions to the Group One GSWP motions, the Group Two GSWP motions, the Group Three GSWP motions, the Group One Putnam Motions, and the Group Two Putnam motions, and the related supporting documents and attachments, are **STRICKEN** from the record; it is further

**ORDERED** that GSWP and the Putnam Entities' replies to the plaintiffs' oppositions to the Group One GSWP motions, the Group Two GSWP motions, the Group Three GSWP motions, the Group One

Putnam motions, and the Group Two Putnam motions, and the related supporting documents and attachments, are **STRICKEN** from the record; it is further

**ORDERED** that by no later than 5:00 P.M. on Tuesday, May 10, 2016, the Group Two Putnam Timely Plaintiffs may file amended opposition briefs, not to exceed 24 pages, inclusive of the pages bearing the caption and signature block, and supporting documents, in response to the corresponding Group Two Putnam motions filed against such plaintiffs; and it is further

**ORDERED** that by no later than 5:00 P.M. on Monday, May 16, 2016, the Putnam Entities may file replies and supporting documents in response to the Group Two Putnam Timely Plaintiffs' amended filings.

S\_____
     **Curtis V. Gómez**
     **District Judge**