**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

CHAPIN, ET AL.,                    )
                                   )
             Plaintiffs,     )
                                   )
             v.             )     Civil No. 2012-77
                                   )
GREAT SOUTHERN WOOD PRESERVING     )
INCORPORATED, ET AL.,              )
                                   )
             Defendants.     )
_____)

**ATTORNEYS:**

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*


**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

> *Conch Villa Condominium Association, Concordia Campgrounds, Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Barbara Jakobsen Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 3


St. Croix, U.S.V.I.
     *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
     *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as
     trustee of the Miachel Krienik Trust, Barry Devine, Dominic
     Watson, as trustee of the Rogers Family Trust, Susan Greer-
     Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey
     A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P.
     Samuel, Maria Applewhite, Warren Family LLC, Denise
     Veldman, Burt Veldman, Donald L. Robinson, Molly K.
     Robinson, Great Caribbean LLC, as assignee of Denise Geary.*


**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
     *Counsel for Great Southern Wood Preserving, Incorporated.*


**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
     *Counsel for Putnam Lumber & Export Company.*


**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 4


**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
     *Counsel for Putnam Family Properties, Inc.*

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
     *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
     *Counsel for Whitecap Investment Corp., d/b/a Paradise
     Lumber.*


<u>**AMENDED ORDER**</u>[1]

**GÓMEZ, J.**

     The Court previously denied various motions of the

plaintiffs seeking: (1) leave to file untimely oppositions to

certain motions for summary judgment; (2) an extension of time

to respond to certain other motions for summary judgment; and

(3) leave to exceed the Court's page limit. The related

submissions of the plaintiffs, which were: untimely-filed

without leave of Court; exceeded the Court's page limit; or

---

[1] The Court's May 7, 2016, order, docketed at ECF No. 1558, inadvertently categorized Elliot Hooper as both a Group Two Putnam Untimely Plaintiff and a Group Two Putnam Timely Plaintiff and omitted several Group Two Putnam plaintiffs from the list of Group Two Untimely Plaintiffs. This amended order addresses those oversights. It also clarifies three minor nomenclature references.

both, remain on the docket. This order addresses the status of those filings. To that end, a brief summary of the relevant procedural history is in order.

## I.   FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving Inc. ("GSWP") is an Alabama lumber wholesaler. It operates principally in Alabama. In addition to selling wood directly, it also provides chemical and pressure treatments to prevent lumber from decaying.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the Putnam Family Properties, Inc. ("Putnam Family"), a Florida corporation, which is itself a lumber retailer.[2] Some of this wood was then sold in the U.S. Virgin Islands.

The plaintiffs in this action allegedly purchased "hazardous and defective" GSWP-treated lumber that had been sold to suppliers by Putnam Family.

This action was filed on October 1, 2012. On August 27, 2014, the Magistrate Judge issued a trial management order in this case. The trial management order provided that fact discovery would be completed by August 1, 2015; expert discovery

---

[2] Putnam Lumber & Export Company is allegedly the successor to Putnam Family.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 6

would be completed by February 1, 2016; dispositive motions
would be filed by no later than April 1, 2016; and trial would
commence on June 6, 2016.

Between November 3, 2015, and December 22, 2015, GSWP filed
16 motions for summary judgment (collectively, the "Group One
GSWP motions") against Harold Eisener and Cynthia Sauers; Elisa
Adams; Deborah Ramsay; Truman and Denise Barbier; Douglas
Benton; Nina Hahler; Barry Devine; Sharon Schott; Emily Bratton
and Richard Hathaway; Stephen and Jean Cottrell; Terry Witham;
Concordia Campground, Inc.; Conch Village Condominium
Association; Barbara Jakobsen Avis James and Oscar James; Donald
Near; and Bonita Corbeil (collectively, the "Group One GSWP
plaintiffs").

On January 6, 2016, and January 7, 2016, Putnam Family and
Putnam Lumber & Export Company (collectively, the "Putnam
Entities") filed four motions for summary judgment
(collectively, the "Group One Putnam motions") against Harold
Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman
and Denise Barbier; and Douglas Benton (collectively, the "Group
One Putnam plaintiffs").

On January 22, 2016, GSWP filed two additional motions for
summary judgment (collectively, the "Group Two GSWP motions")

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 7

against Jeffrey and Ann McCrave and Jozsef and Nancy Nemeth

(collectively, the "Group Two GSWP plaintiffs").

Subsequently, on February 4, 2016, the Group One GSWP

plaintiffs filed: (1) a motion for leave (the "first motion for

leave") to file a motion seeking the relief described in Federal

Rule of Civil Procedure 56(d)[3] ("Rule 56(d)") directed at the

Group One GSWP motions; and (2) a motion seeking Rule 56(d)

relief (the "Rule 56(d) motion") directed at the Group One GSWP

motions. On March 9, 2016, the Magistrate Judge denied the first

motion for leave and the Rule 56(d) motion. On March 23, 2016,

the Group One GSWP plaintiffs filed objections to the Magistrate

Judge's March 9, 2016, order.

Between March 29, 2016, and April 1, 2016, GSWP filed 24

additional summary judgment motions (collectively, the "Group

Three GSWP motions") against Pamela Gaffin; Ed and Barbara

---

[3] Federal Rule of Civil Procedure 56(d) provides that when a motion for
summary judgment is filed,

> [i]f a nonmovant shows by affidavit or declaration that, for
> specified reasons, it cannot present facts essential to justify
> its opposition, the court may:
>
> (1) defer considering the motion[ for summary judgment] or
> deny it;
>
> (2) allow time to obtain affidavits or declarations or to take
> discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 8

Pieper; Celso Principaal; Cary Chapin and Barbara Douma; Mark
Anderson; Jerry Daly; Great Caribbean, LLC, as assignee of
Denise Geary; Elliot Hooper; Molly and Donald Robinson; Vicky
Brown-Goldman and Jay Goldman; Marva Applewhite and Gloria
Samuel; Denise and Bert Veldman; Warren Family LLC; Patricia
Mortenson; Jeffrey Smock; Dominic Watson, as Trustee of the
Rogers Family Trust; Michael Krienik, as Trustee of the Michael
Krienik Trust; Frances Solomon; John and Dean Baldwin; Michael
and Barbara Barry; Upper Deck Villas Association; Phillip and
Marjorie Jones; S. Donald Sussman and Emicar LLC; and Susan
Greer-Littlefield (collectively, the "Group Three GSWP
plaintiffs").[4]

Between March 30, 2016, and April 1, 2016, Putnam Lumber &
Export Company and Putnam Family Properties, Inc. (collectively,
the "Putnam Entities") filed 38 motions for summary judgment
(collectively, the "Group Two Putnam motions")[5] against each

---

[4] In this recitation of the facts, the Court has attempted to spell every
plaintiff's name correctly and has listed that name as it appears in the
Third Amended Complaint regardless of any alterations that were made to the
name in the motion for summary judgment directed at that plaintiff. However,
some of the plaintiffs' names are spelled inconsistently in the Third Amended
Complaint.

[5] The Court notes that a motion for summary judgment, docketed at ECF No. 1175,
was filed against multiple plaintiffs on April 1, 2016. That motion argues
that summary judgment is appropriate because certain plaintiffs have entered
into a binding settlement. Although that motion was filed between March 30,
2016, and April 1, 2016, the Court has not included that motion in the
motions denominated as the Group Two Putnam motions. No opposition to that
motion was filed.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 9

plaintiff that had not been targeted by the Group One Putnam

motions in January (collectively, the "Group Two Putnam

plaintiffs").[6]

On April 18, 2016, the Group Three GSWP plaintiffs and the

Group Two Putnam plaintiffs filed a motion seeking a 30-day

extension of time (the "extension motion") to file oppositions

to the Group Three GSWP motions and the Group Two Putnam

motions, respectively. On the same day, all of the plaintiffs in

this action filed a motion seeking leave to file oppositions in

excess of 20 pages (the "page limit motion") to the summary

judgment motions. Also on that day, the Magistrate Judge issued

two text orders denying the extension motion and the page limit

motion.

In addition, on April 18, 2016, the Group One GSWP

plaintiffs and the Group One Putnam plaintiffs filed a motion

seeking leave to file late oppositions (the "second motion for

leave") to the Group One GSWP motions and the Group One Putnam

motions, respectively.

---

[6] The Third Amended Complaint lists Rune Fremlin, Birgitta Fremlin, Rick Hoy, and Susan Hoy as plaintiffs. A joint stipulation has been filed dismissing "Rune and Birgitta Fremins" and "David and Susan Hoy" from this action. For the purposes of this order, the Court will assume that the parties intended to dismiss Rune and Birgitta Fremlin and Rick and Susan Hoy. As such, when the Court refers to the plaintiffs in this order, those individuals are not included.

The plaintiffs began to file oppositions to the various summary judgment motions on April 18, 2016. The plaintiffs' opposition briefs were each approximately 40 to 50 pages. The brief for each plaintiff was a combined opposition that responded to both GSWP's motion for summary judgment and the Putnam Entities' motion for summary judgment.

On April 19, 2016, the plaintiffs filed objections to the Magistrate Judge's orders denying the extension motion and the page limit motion.

The plaintiffs continued to file 40 to 50-page combined opposition briefs until April 29, 2016. Between April 18, 2016, and April 29, 2016, the plaintiffs filed oppositions to each of the Group One GSWP motions, the Group Two GSWP motions, the Group Three GSWP motions, the Group One Putnam Motions, and the Group Two Putnam motions.

GSWP and the Putnam Entities began filing responses to the plaintiffs' oppositions on April 27, 2016.

On May 5, 2016, the Court issued an order overruling the plaintiffs' objections and affirming the Magistrate Judge's: March 9, 2016, order denying the first motion for leave; April 18, 2016, order denying the extension motion; and April 18, 2016, order denying the page limit motion. On May 6, 2016, the Court also denied the second motion for leave.

## II.  <u>ANALYSIS</u>

Having reviewed the docket, it is readily apparent that the plaintiffs have ignored the Magistrate Judge's orders and the rules of this Court. In this case, timely-filed oppositions to motions for summary judgment are the exception, not the rule. Indeed, the plaintiffs have failed to file timely oppositions to the pending motions for summary judgment as early as November, 2015. Even where the plaintiffs have filed timely oppositions, those submissions are approximately 40 to 50 pages in length, exceeding the maximum page limit without leave of the Court.

While the Court has denied the motions of the Group One GSWP plaintiffs, the Group Three GSWP plaintiffs, the Group One Putnam plaintiffs, and the Group Two Putnam plaintiffs: (1) to file late oppositions and (2) to exceed page limits, the corresponding oppositions, which had already been filed in violation of the local rules and the Magistrate Judge's orders, remain on the docket without legal effect. Similarly, while the Court denied the Group Two GSWP plaintiffs leave to exceed page limits, the Group Two GSWP plaintiffs filed oppositions to the Group Two GSWP motions which violate the local rules and the Magistrate Judge's order.

Significantly, the latest date on which a Group One GSWP motion was filed was December 22, 2015. The latest date on which

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 12

a Group One Putnam motion was filed was January 7, 2016. The
latest date on which a Group Two GSWP motion was filed was
January 22, 2016. The plaintiffs began to file oppositions to
the GSWP and the Putnam Entities' motions for summary judgment
on April 18, 2016. As such, all of the oppositions to the Group
One GSWP motions, Group One Putnam motions, and Group Two GSWP
motions were untimely. Indeed, with respect to the Group Two
GSWP motions, no leave was sought from the Court to file
untimely oppositions.

No opposition to a corresponding Group Three GSWP motion
was filed within 20 days of such motion; nor was authority given
to file beyond the 20-day period. As such, all of the
oppositions to the Group Three GSWP motions were untimely.

Some, but not all, of the oppositions to the Group Two
Putnam motions were filed within 20 days of the filing of the
corresponding Group Two Putnam motion. A review of the docket
indicates that timely oppositions to the Group Two Putnam
motions were filed by Nina Hahler; Barry Devine; Sharon Schott;
Emily Bratton and Richard Hathaway; Stephen and Jean Cottrell;
Terry Witham; Concordia Campground, Inc.; Conch Village
Condominium Association; Barbara Jakobsen Avis James and Oscar
James; Donald Near; Bonita Corbeil; Jeffrey and Ann McCrave;
Nancy and Jozsef Nemeth; Pamela Gaffin; Ed and Barbara Pieper;

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 13

Celso Principaal; Cary Chapin and Barbara Douma; and Elliot

Hooper (collectively, the "Group Two Putnam Timely Plaintiffs").

Untimely oppositions to the Group Two Putnam motions were

filed by Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah

Ramsay; Truman and Denise Barbier; Douglas Benton; Mark

Anderson; Jerry Daly; Great Caribbean, LLC, as assignee of

Denise Geary; Molly and Donald Robinson; Vicky Brown-Goldman and

Jay Goldman; Marva Applewhite and Gloria Samuel; Denise and Bert

Veldman; Warren Family LLC; Patricia Mortenson; Jeffrey Smock;

Dominic Watson, as Trustee of the Rogers Family Trust; Michael

Krienik, as Trustee of the Michael Krienik Trust; Frances

Solomon; John and Dean Baldwin; Michael and Barbara Barry; Upper

Deck Villas Association; Phillip and Marjorie Jones; S. Donald

Sussman and Emicar LLC; and Susan Greer-Littlefield

(collectively, the "Group Two Putnam Untimely Plaintiffs").

Therefore, the Court will strike as untimely the

oppositions and related supporting documents and attachments to

the Group One GSWP motions, the Group Two GSWP motions, the

Group Three GSWP motions, and the Group One Putnam Motions. The

Court will also strike as untimely the oppositions and related

supporting documents and attachments to the Group Two Putnam

motions filed by the Group Two Putnam Untimely Plaintiffs.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 14

With regard to the remaining Group Two Putnam plaintiffs, the Court notes that the oppositions to the Group Two Putnam motions filed by the Group Two Putnam Timely Plaintiffs are longer than the 20 pages permitted by local rule. The Court did not grant the Group Two Putnam Timely Plaintiffs leave to exceed that page limit. (*See* ECF No. 1241 (denying the plaintiffs' motion seeking leave to file 45-page combined oppositions to the defendants' motions for summary judgment); ECF No. 1545 (affirming the Magistrate Judge's order denying the plaintiffs' motion seeking leave to file 45-page combined oppositions to the defendants' motions for summary judgment).) Therefore, the oppositions filed by the Group Two Putnam Timely Plaintiffs will also be stricken from the record.

The Court will also strike GSWP and the Putnam Entities' replies and related supporting documents and attachments filed in response to the plaintiffs' oppositions that have been stricken.

The Court will grant each Group Two Putnam Timely Plaintiff leave to file an amended opposition brief and related supporting documents, with respect to the Group Two Putnam motion filed against such plaintiff. The Putnam Entities will also be provided with an opportunity to respond to the amended filings. The Court will grant leave to the Group Two Putnam Timely

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 15

Plaintiffs to file briefs no longer than 24 pages, inclusive of the pages bearing the caption and signature block.

Finally, the Court would be remiss if it did not comment on the repeated and excessive violations of the rules of this Court and the orders issued by the Magistrate Judge. The parties are reminded that the Magistrate Judge is a judicial officer. Orders issued by the Magistrate Judge are binding orders of this Court and are to be followed by litigants. Indeed, even when a party objects to an order issued by a magistrate judge,

> [t]he filing of a notice of objection does not operate to stay the order pending a determination by the District Judge. A stay of a Magistrate Judge's order must be sought in the first instance from the Magistrate Judge whose order has been objected to, upon due notice to all interested parties.

LRCi 72.2(b).

No such motion was filed in this case. Therefore, the Magistrate Judge's order denying the plaintiffs leave to file oppositions to the motions for summary judgment that exceeded 20 pages remained in effect. *See id.* By failing to comply with that order, the plaintiffs engaged in an ill-advised gamble when they filed their 40 to 50-page opposition briefs.

The premises considered, it is hereby

**ORDERED** that the plaintiffs' oppositions to the Group One GSWP motions, the Group Two GSWP motions, the Group Three GSWP

motions, the Group One Putnam Motions, and the Group Two Putnam motions, and the related supporting documents and attachments, are **STRICKEN** from the record; it is further

**ORDERED** that GSWP and the Putnam Entities' replies to the plaintiffs' oppositions to the Group One GSWP motions, the Group Two GSWP motions, the Group Three GSWP motions, the Group One Putnam motions, and the Group Two Putnam motions, and the related supporting documents and attachments, are **STRICKEN** from the record; it is further

**ORDERED** that by no later than 5:00 P.M. on Tuesday, May 10, 2016, the Group Two Putnam Timely Plaintiffs may file amended opposition briefs, not to exceed 24 pages, inclusive of the pages bearing the caption and signature block, and supporting documents, in response to the corresponding Group Two Putnam motions filed against such plaintiffs; and it is further

**ORDERED** that by no later than 5:00 P.M. on Monday, May 16, 2016, the Putnam Entities may file replies and supporting documents in response to the Group Two Putnam Timely Plaintiffs' amended filings.

S\_____
         **Curtis V. Gómez**
         **District Judge**