```
             DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN

CHAPIN, ET AL.,                    )
                                   )
          Plaintiffs,              )
                                   )
          v.                       )    Civil No. 2012-77
                                   )
GREAT SOUTHERN WOOD PRESERVING     )
INCORPORATED, ET AL.,              )
                                   )
          Defendants.              )
                                   )
```

**ATTORNEYS:**

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*
    *Conch Villa Condominium Association, Concordia Campgrounds,*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

> *Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Barbara Jakobsen Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

St. Croix, U.S.V.I.
    *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI

**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
   *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
   *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
   *Counsel for Whitecap Investment Corp., d/b/a Paradise Lumber.*

## AMENDED ORDER[1]

**GÓMEZ, J.**

Before the Court is the motion of certain plaintiffs to file untimely oppositions to various motions for summary judgment.

### I.   FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving Inc. ("GSWP") is an Alabama lumber wholesaler. It operates principally in Alabama. In addition to selling wood directly, it also provides chemical and pressure treatments to prevent lumber from decaying.

---

[1] The Court's March 6, 2016, order, docketed at ECF No. 1553, inadvertently stated that the Group Two GSWP motions were filed on January 22, 2015. This amended order clarifies that those motions were filed on January 22, 2016.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the Putnam Family Properties, Inc. ("Putnam Family"), a Florida corporation, which is itself a lumber retailer.[2] Some of that wood was then sold in the U.S. Virgin Islands.

The plaintiffs in this action allegedly purchased "hazardous and defective" GSWP-treated lumber that had been sold to suppliers by Putnam Family.

This action was filed on October 1, 2012. On August 27, 2014, the Magistrate Judge issued a trial management order in this case. The trial management order provided that fact discovery would be completed by August 1, 2015; expert discovery would be completed by February 1, 2016; dispositive motions would be filed by no later than April 1, 2016; and trial would commence on June 6, 2016.

Between November 3, 2015, and December 22, 2015, GSWP filed 16 motions for summary judgment (collectively, the "Group One GSWP motions") against Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman and Denise Barbier; Douglas Benton; Nina Hahler; Barry Devine; Sharon Schott; Emily Bratton

---

[2] Putnam Lumber & Export Company is allegedly the successor to Putnam Family.

and Richard Hathaway; Stephen and Jean Cottrell; Terry Witham; Concordia Campground, Inc.; Conch Village Condominium Association; Barbara Jakobsen Avis James and Oscar James; Donald Near; and Bonita Corbeil (collectively, the "Group One GSWP plaintiffs").

On January 6, 2016, and January 7, 2016, Putnam Family and Putnam Lumber & Export Company (collectively, the "Putnam Entities") filed four motions for summary judgment (collectively, the "Group One Putnam motions") against Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman and Denise Barbier; and Douglas Benton (collectively, the "Group One Putnam plaintiffs").

On January 22, 2016, GSWP filed two additional motions for summary judgment (collectively, the "Group Two GSWP motions") against Jeffrey and Ann McCrave and Jozsef and Nancy Nemeth (collectively, the "Group Two GSWP plaintiffs").

Between March 29, 2016, and April 1, 2016, GSWP filed 24 additional summary judgment motions (collectively, the "Group Three GSWP motions") against Pamela Gaffin; Ed and Barbara Pieper; Celso Principaal; Cary Chapin and Barbara Douma; Mark Anderson; Jerry Daly; Great Caribbean, LLC, as assignee of Denise Geary; Elliot Hooper; Molly and Donald Robinson; Vicky Brown-Goldman and Jay Goldman; Marva Applewhite and Gloria

Samuel; Denise and Bert Veldman; Warren Family LLC; Patricia Mortenson; Jeffrey Smock; Dominic Watson, as Trustee of the Rogers Family Trust; Michael Krienik, as Trustee of the Michael Krienik Trust; Frances Solomon; John and Dean Baldwin; Michael and Barbara Barry; Upper Deck Villas Association; Phillip and Marjorie Jones; S. Donald Sussman and Emicar LLC; and Susan Greer-Littlefield (collectively, the "Group Three GSWP plaintiffs").[3]

Between March 30, 2016, and April 1, 2016, the Putnam Entities filed 38 motions for summary judgment (collectively, the "Group Two Putnam motions") against each plaintiff that had not been targeted by the Group One Putnam motions in January, 2016 (collectively, the "Group Two Putnam plaintiffs").[4]

On April 18, 2016, the Group One GSWP plaintiffs and the Group One Putnam plaintiffs filed a motion seeking leave (the

---

[3] In this recitation of the facts, the Court has attempted to spell every plaintiff's name correctly and has listed each plaintiff's name as it appears in the Third Amended Complaint regardless of any alterations that were made to the name in the motion for summary judgment directed at that plaintiff. However, some of the plaintiffs' names are spelled inconsistently in the Third Amended Complaint.

[4] The Court notes that the Third Amended Complaint lists Rune Fremlin, Birgitta Fremlin, Rick Hoy, and Susan Hoy as plaintiffs. A joint stipulation has been filed dismissing "Rune and Birgitta Fremins" and "David and Susan Hoy" from this action. For the purposes of this order, the Court will assume that the parties intended to dismiss Rune and Birgitta Fremlin and Rick and Susan Hoy. As such, when the Court refers to the plaintiffs in this order, those individuals are not included in that label.

"motion for leave") to file late oppositions to the Group One GSWP motions and the Group One Putnam motions, respectively.[5]

## II. DISCUSSION

Federal Rule of Civil Procedure 6(b) outlines the procedure for extensions of time. That rule provides that:

> **(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> **(2)** *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b).

## III. ANALYSIS

The latest date on which either a Group One GSWP motion or a Group One Putnam motion was filed was January 7, 2016. Therefore, the opposition to that motion was due on January 27,

---

[5] This motion is labelled on the docket as a "Motion for Leave to File Rule 56(d) Motion Out of Time." The memorandum, however, is captioned "Motion to File Opposition Briefs Out of Time" and seeks for the Court to "consider the opposition briefs submitted for the foregoing Plaintiffs notwithstanding that they were filed out of time." (ECF No. 1237, at 3.) Thus, despite the label on the docket, the Court construes this motion as a motion seeking leave to file opposition briefs out of time, not as a motion to file a Rule 56(d) motion out of time.

2016. *See* LRCi 56.1(b)("Any party adverse to a motion filed under this rule may file a response, brief, affidavits and other supporting documents within twenty (20) days of the filing of the motion."). The motion for leave was filed on April 18, 2016, almost three months after that deadline. Under these circumstances, the Court may only grant additional time to file an opposition if the non-movant establishes "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

The Group One GSWP plaintiffs and the Group One Putnam plaintiffs argue that the Court should permit them to file late oppositions to the Group One GSWP motions and Group One Putnam motions because: (1) when the Group One GSWP motions and Group One Putnam motions were filed, the plaintiffs did not have all of the relevant evidence necessary to respond to the motions; and (2) it was necessary for the plaintiffs to review a large volume of discovery.

If the Group One GSWP plaintiffs and Group One Putnam plaintiffs sought the Court's leave to delay filing their oppositions to the motions for summary judgment for those reasons, the proper procedure was to file a timely motion

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 10

seeking the relief described in Federal Rule of Civil Procedure 56(d)[6] (a "Rule 56(d) motion"). They failed to do so. Indeed, in denying the Group One GSWP plaintiffs' prior motion seeking leave to file an untimely Rule 56(d) motion, the Court found that their failure to timely file that motion was not excusable neglect. (*See* ECF No. 1077 (denying the Group One GSWP plaintiffs' motion seeking leave to file an untimely Rule 56(d) motion); ECF No. 1545 at 10-15 (affirming the Magistrate Judge's order denying the Group One GSWP plaintiffs' motion seeking leave to file an untimely Rule 56(d) motion).) For similar reasons, the Court finds that the Group One GSWP plaintiffs and Group One Putnam plaintiffs have not established that their failure to file timely oppositions to the Group One GSWP motions and Group One Putnam motions, respectively, was due to excusable neglect.

---

[6] Federal Rule of Civil Procedure 56(d) provides that when a motion for summary judgment is filed,

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion[ for summary judgment] or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The premises considered, it is hereby

**ORDERED** that the motion for leave is **DENIED.**

```
                              S_____
                                 Curtis V. Gómez
                                 District Judge
```