DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHAPIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 2012-77 |
| | ) | |
| GREAT SOUTHERN WOOD PRESERVING INCORPORATED, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*
    *Conch Villa Condominium Association, Concordia Campgrounds,*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 2

> *Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Barbara Jakobsen Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

St. Croix, U.S.V.I.
  *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
  *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
  *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
  *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI

**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
     *Counsel for Putnam Family Properties, Inc.*


**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
     *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
     *Counsel for Whitecap Investment Corp., d/b/a Paradise
     Lumber.*


<u>**AMENDED ORDER**</u>[1]

**GÓMEZ, J.**

     Before the Court are the objections to the Magistrate

Judge's: (1) March 9, 2016, order denying the plaintiffs' motion

for leave to file out of time a motion seeking the relief

described in Federal Rule of Civil Procedure 56(d), and denying

the relief described in Federal Rule of Civil Procedure 56(d);

(2) April 18, 2016, order denying the plaintiffs' motion seeking

a 30-day extension of time to file oppositions to various

motions for summary judgment; and (3) April 18, 2016, order

---

[1] The Court's March 5, 2016, order, docketed at ECF No. 1545, inadvertently
referred to 2015, in three instances, as the year in which certain events
occurred, when it should have stated that those events occurred in 2016. This
amended order addresses that oversight.

denying the plaintiffs' motion seeking leave to file briefs that exceeded 20 pages in response to various defense motions for summary judgment.

## I.   FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving Inc. ("GSWP") is an Alabama lumber wholesaler. It operates principally in Alabama. In addition to selling wood directly, it also provides chemical and pressure treatments to prevent lumber from decaying.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to the Putnam Family Properties, Inc. ("Putnam Family"), a Florida corporation, which is itself a lumber retailer.[2] Some of this wood was then sold in the U.S. Virgin Islands.

The plaintiffs in this action allegedly purchased "hazardous and defective" GSWP-treated lumber that had been sold to suppliers by Putnam Family.

This action was filed on October 1, 2012. On August 27, 2014, the Magistrate Judge issued a trial management order. The trial management order provided that fact discovery would be completed by August 1, 2015; expert discovery would be completed

---

[2] Putnam Lumber & Export Company is allegedly the successor to Putnam Family.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 6

by February 1, 2016; dispositive motions would be filed by no later than April 1, 2016; and trial would commence on June 6, 2016.

Between November 3, 2015, and December 22, 2015, GSWP filed 16 motions for summary judgment (collectively, the "Group One GSWP motions") against Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman and Denise Barbier; Douglas Benton; Nina Hahler; Barry Devine; Sharon Schott; Emily Bratton and Richard Hathaway; Stephen and Jean Cottrell; Terry Witham; Concordia Campground, Inc.; Conch Village Condominium Association; Barbara Jakobsen Avis James and Oscar James; Donald Near; and Bonita Corbeil (collectively, the "Group One GSWP plaintiffs").

On January 6, 2016, and January 7, 2016, Putnam Family and Putnam Lumber & Export Company (collectively, the "Putnam Entities") filed four motions for summary judgment (collectively, the "Group One Putnam motions") against Harold Eisener and Cynthia Sauers; Elisa Adams; Deborah Ramsay; Truman and Denise Barbier; and Douglas Benton (collectively, the "Group One Putnam plaintiffs").

On January 22, 2016, GSWP filed two additional motions for summary judgment (collectively, the "Group Two GSWP motions")

against Jeffrey and Ann McCrave and Jozsef and Nancy Nemeth (collectively, the "Group Two GSWP plaintiffs").

Subsequently, on February 4, 2016, the Group One GSWP plaintiffs filed: (1) a motion for leave (the "motion for leave") to file a motion seeking the relief described in Federal Rule of Civil Procedure 56(d)[3] ("Rule 56(d)") directed at the Group One GSWP motions; and (2) a motion seeking Rule 56(d) relief (the "Rule 56(d) motion") directed at the Group One GSWP motions. On March 9, 2016, the Magistrate Judge denied the motion for leave and the Rule 56(d) motion. On March 23, 2016, the Group One GSWP plaintiffs filed objections to the Magistrate Judge's March 9, 2016, order.

Between March 29, 2016, and April 1, 2016, GSWP filed 24 additional summary judgment motions (collectively, the "Group Three GSWP motions") against Pamela Gaffin; Ed and Barbara

---

[3] Federal Rule of Civil Procedure 56(d) provides that when a motion for summary judgment is filed,

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion[ for summary judgment] or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 8

Pieper; Celso Principaal; Cary Chapin and Barbara Douma; Mark
Anderson; Jerry Daly; Great Caribbean, LLC, as assignee of
Denise Geary; Elliot Hooper; Molly and Donald Robinson; Vicky
Brown-Goldman and Jay Goldman; Marva Applewhite and Gloria
Samuel; Denise and Bert Veldman; Warren Family LLC; Patricia
Mortenson; Jeffrey Smock; Dominic Watson, as Trustee of the
Rogers Family Trust; Michael Krienik, as Trustee of the Michael
Krienik Trust; Frances Solomon; John and Dean Baldwin; Michael
and Barbara Barry; Upper Deck Villas Association; Phillip and
Marjorie Jones; S. Donald Sussman and Emicar LLC; and Susan
Greer-Littlefield (collectively, the "Group Three GSWP
plaintiffs").[4]

Between March 30, 2016, and April 1, 2016, the Putnam
Entities filed 38 motions for summary judgment (collectively,
the "Group Two Putnam motions") against each plaintiff that had
not been targeted by the Group One Putnam motions in January,
2016 (collectively, the "Group Two Putnam plaintiffs").[5]

---

[4] In this recitation of the facts, the Court has attempted to spell every
plaintiff's name correctly and has listed each plaintiff's name as it appears
in the Third Amended Complaint regardless of any alterations that were made
to the name in the motion for summary judgment directed at that plaintiff.
However, some of the plaintiffs' names are spelled inconsistently in the
Third Amended Complaint.
[5] The Court notes that the Third Amended Complaint lists Rune Fremlin,
Birgitta Fremlin, Rick Hoy, and Susan Hoy as plaintiffs. A joint stipulation
has been filed dismissing "Rune and Birgitta Fremins" and "David and Susan
Hoy" from this action. For the purposes of this order, the Court will assume
that the parties intended to dismiss Rune and Birgitta Fremlin and Rick and

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 9

On April 18, 2016, the Group Three GSWP plaintiffs and the Group Two Putnam plaintiffs filed a motion seeking a 30-day extension of time (the "extension motion") to file oppositions to the Group Three GSWP motions and the Group Two Putnam motions, respectively. On the same day, all of the plaintiffs in this action filed a motion seeking leave to file oppositions in excess of 20 pages (the "page limit motion") to the summary judgment motions. Also on that day, the Magistrate Judge issued two text orders denying the extension motion and the page limit motion.

On April 19, 2016, the plaintiffs filed objections to the Magistrate Judge's April 18, 2016, orders denying the extension motion and the page limit motion.

## II.   **DISCUSSION**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may seek review of a magistrate judge's non-dispositive order by filing objections to the order with this Court within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a). In reviewing a magistrate judge's order, a district court will modify or vacate any portion of the magistrate judge's order that is found to be "clearly erroneous

---

Susan Hoy. As such, when the Court refers to the plaintiffs in this order, those individuals are not included in that label.

or contrary to law." *Id.; see also Anthony ex rel. Lewis v. Abbott,* 289 F.Supp.2d 667, 671 (D.V.I.2003). A magistrate judge's order will be affirmed unless the Court is left with "the definite and firm conviction that a mistake has been committed." *Nicholas v. Wyndham Intern., Inc.,* 218 F.R.D. 122, 123 (D.V.I.2003) (citing *Harrison,* 200 F.R.D. at 513.).

### III. <u>ANALYSIS</u>

**A. The Motion for Leave and the Rule 56(d) Motion**

The Court will first address whether the Magistrate Judge's March 9, 2016, order denying the motion for leave was clearly erroneous or contrary to law.

When a motion for summary judgment is filed, the respondent's "response, brief, affidavits and other supporting documents" must be filed "with[in] twenty (20) days of the filing of the motion [for summary judgment]." LRCi 56.1(b). As such, the opposition to the Group One GSWP motion that was last-filed was due no later than January 11, 2016. It was not until almost a month after that date that the Group One GSWP plaintiffs filed their motion for leave to file a Rule 56(d) motion out of time. Under these circumstances, the Court may only grant additional time to file an opposition if the plaintiffs establish "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 11

time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

The Magistrate Judge denied the Group One GSWP plaintiffs' motion for leave because they had not established excusable neglect. Although the plaintiffs' counsel asserted that he believed that the parties had reached an agreement "in principle" to defer briefing, the Magistrate Judge rejected that assertion and found that there was no excusable neglect. Specifically, in relevant part, the Magistrate Judge's order states:

> How plaintiffs could have come to this conclusion, based on the communications supplied to the Court, is beyond comprehension. There does not appear to be any sort of "miscommunication" or "misunderstanding;" rather, it appears that plaintiffs' counsel read into the communications what he wanted to see, instead of what was there. On this record, the Court cannot find "excusable" neglect; merely neglect at best, and calculation at worst.

(ECF No. 1077, at 5-6.)

The Court finds that the order was neither clearly erroneous nor contrary to law. The Magistrate Judge's factual conclusions are amply supported by the communications between

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 12

counsel that were provided to the Court.[6] Indeed, the Court is in full agreement with the Magistrate Judge's factual conclusions. Moreover, as a legal matter, the Court agrees that there is nothing excusable about counsel's neglect in this case.

Nevertheless, the plaintiffs argue that the Magistrate Judge erred because she did not consider the *Poulis* factors[7] before denying the motion for leave.

The Third Circuit has:

> required consideration of the *Poulis* factors when a
> district court dismisses a case pursuant to Rule
> 37(b) for failure to respond to discovery, *e.g.,*
> *United States v. $8,221,877.16 in U.S. Currency,* 330
> F.3d 141, 145, 161–62 (3d Cir.2003); *Hicks v.*
> *Feeney,* 850 F.2d 152, 155–56 (3d Cir.1988), when a
> district court dismisses a case pursuant to Rule
> 41(b) for failure to prosecute, *e.g., Dunbar v.*
> *Triangle Lumber & Supply Co.,* 816 F.2d 126, 128–29
> (3d Cir.1987), and when a district court enters a
> default judgment pursuant to Rule 55(b) as a

---

[6] The Court also notes that even if an agreement for an extension of time had been reached, the plaintiffs would have been required to file notice of the negotiated extension of time with respect to the oppositions before the deadline for filing each of the oppositions had passed. *See* LRCi 56.1(c)(1).

[7] In *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984), the Third Circuit listed six factors that a trial court must consider before dismissing a case as a sanction. *See Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). These factors include:

> (1) the extent of the *party*'s personal *responsibility;* (2) the
> *prejudice* to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a *history* of
> dilatoriness; (4) whether the conduct of the party or the
> attorney was *willful* or in *bad faith;* (5) the effectiveness of
> sanctions other than dismissal, which entails an analysis of
> *alternative sanctions;* and (6) the *meritoriousness* of the claim
> or defense.

*Id.*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 13

> sanction for failure to plead or otherwise defend,
> *e.g., Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1148
> (3d Cir.1990). In addition, we have required a
> *Poulis* analysis when a district court imposes
> sanctions that are tantamount to default judgment
> because they inevitably lead to liability for one
> party. *E.g., Ali v. Sims,* 788 F.2d 954, 957 (3d
> Cir.1986)[(applying the *Poulis* factors when, due to
> discovery violations, the district court held that
> the material allegation of the plaintiff's complaint
> were deemed admitted and granted summary judgment
> based on those admissions)].

*Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013).

If a motion for summary judgment is filed and no opposition is filed, the Court may, if permitted by local rule, accept as undisputed all facts supported by evidence.[8] *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990) Under those circumstances, no application of the *Poulis* factors is required. *Id.* at 177-78.

Nevertheless, the plaintiffs argue that the *Poulis* factors must be applied when an opposition to a motion for summary judgment is late rather than absent, citing to *GRS Dev. Co. v. Jarrett*, No. CIV. 596/2001, 2003 WL 21134437, at *2 (Terr. V.I. Apr. 10, 2003). That opinion is not persuasive, especially in light of contravening jurisprudence from the Third Circuit and other district courts in the Third Circuit.

---

[8] The District Court of the Virgin Islands operates under such a rule. *See* LRCi 56.1(d).

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 14

In a recent case, *McElroy v. Sands Casino*, 593 F. App'x 113 (3d Cir. 2014), the Third Circuit held that the district court was not required to consider the *Poulis* factors before striking an untimely opposition to a motion for summary judgment when the district court gave some consideration to the nonmovant's arguments. *See McElroy v. Sands Casino*, 593 F. App'x 113, 115, 116 n.3 (3d Cir. 2014). Indeed, *Poulis* was not a factor in the assessment as there was no dismissal of the action as a sanction. *See id.*

The Court is satisfied that where, as here, the Court denies a motion to permit a late-filed opposition, that denial is not tantamount to dismissing a case as a sanction. No dispositive admissions are forced on the plaintiffs, *see, e.g., Ali v. Sims,* 788 F.2d 954, 957 (3d Cir.1986); nor will GSWP be entitled to summary judgment merely on the basis that no reply was filed. Instead, the Court will adjudicate the motion for summary judgment based on the evidence adduced by GSWP and determine whether GSWP has satisfied its burden. Therefore, application of the *Poulis* factors is not required. *Accord DiFrancesco v. Aramark Corp.*, No. CIV.A. 04-5647, 2006 WL 1118096, at *2-*3 (E.D. Pa. Apr. 24, 2006)("We do not believe the late filing alters the conclusion that the *Poulis* factors do not apply. Unlike a dismissal, there are evidentiary hurdles

that the movant must overcome to demonstrate its entitlement to summary judgment. Thus, it is not an automatic sanction against the non-moving party.").

Accordingly, the Court will affirm the Magistrate Judge's order denying the motion for leave.[9] Because that motion was properly denied, the Rule 56(d) motion was also properly denied as untimely.

## B. The Extension Motion

The Court will next consider the plaintiffs' objections to the Magistrate Judge's April 18, 2016, order denying the extension motion. The text order denying the motion does not explain the Magistrate Judge's reasoning. Nevertheless, the Court may affirm the order "on any basis which finds support in the record." *Cf. Fairview Twp., York Cty., Com. of Pa. v. U.S. E.P.A.*, 773 F.2d 517, 525 n.15 (3d Cir. 1985)("It is well settled that "we [can] affirm the district court on any basis

---

[9] The plaintiffs also argue in this motion that there is good cause for an extension of time to respond to the motions for summary judgment because of the volume of the record and the number of summary judgment motions. That argument is wanting given the procedural posture of this case. If it was the plaintiffs' position that more time was necessary to file Rule 56(d) motions, the proper course of action was to file a motion seeking an extension of time before the deadline for filing a response expired. As it stands, the inquiry before the Court is whether the plaintiffs established excusable neglect, not good cause. Especially in light of the significant delay in filing these Rule 56(d) motions, the Court is not convinced that the volume of the record and the number of summary judgment motions establish that the plaintiffs failed to act due to excusable neglect.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 16

which finds support in the record." (quoting *United States v. Maker*, 751 F.2d 614, 627 (3d Cir.1984)).

The extension motion was filed on April 18, 2016. In that motion, the Group Three GSWP plaintiffs and the Group Two Putnam plaintiffs sought an extension of time to file oppositions that were due to be filed with the Court on April 18th, 19th, 20th, and 21st of 2016. As such, the extension motion was filed before the deadline for filing the relevant oppositions had passed. Therefore, the Court may grant an extension of time to file if the plaintiffs establish good cause. *See* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . .").

In their objection, the plaintiffs argue that the volume of the record and the number of summary judgment motions and other motions pending establish good cause for an extension of time to file their oppositions.

There are a significant number of motions pending. Nevertheless, the Court is not convinced that the plaintiffs have established good cause. The vast majority of the motions pending in this case seek summary judgment. The legal arguments

in the motions for summary judgment largely overlap. As such, while the sheer number of pages of briefing may be daunting to counsel, that number does not accurately reflect the difficulty of complying with the original briefing schedule. Indeed, the Court finds that requiring compliance with the briefing schedule is not unreasonable.

Several other factors also counsel against extending the time for filing oppositions in this matter. First, the plaintiffs were aware of many of the legal arguments that would be raised as early as November, 2015, when GSWP filed its first motion for summary judgment.

Second, in a brief filed on March 1, 2016, the plaintiffs stated that "both Great Southern and Putnam have indicated that they plan to file summary judgment motions for every Plaintiff." (ECF No. 1071.) As such, the plaintiffs were on notice well before April 1, 2016, that a number of additional summary judgment motions would be filed.

Third, granting the extension motion would disrupt the trial schedule. A 30-day extension would have extended the deadline for filing oppositions to a little more than two weeks before trial is due to commence in this matter. The defendants would then have had fourteen days to file replies to the oppositions. *See* LRCi 56.1(a)(2). Thus, if the extension motion

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 18

had been granted, briefing would have closed on the summary

judgment motions mere days before trial is scheduled to

commence.

For these reasons, the Court finds that there was not good

cause for granting the extension motion. Accordingly, and

because the Magistrate Judge's ruling is neither clearly

erroneous nor contrary to law, the Court will affirm the

Magistrate Judge's order denying the extension motion.

### C.  The Page Limit Motion

Finally, the Court will consider the plaintiffs' objection

to the Magistrate Judge's denial of the page limit motion.

The Magistrate Judge's text order denying the page limit

motion does not explain the reasoning underlying her order.

Therefore, the Court will determine whether the order may be

affirmed on any basis in the record. *Cf. Fairview Twp., York*

*Cty., Com. of Pa. v. U.S. E.P.A.*, 773 F.2d 517, 525 n.15 (3d

Cir. 1985).

In this action, the Putnam Entities and GSWP have each

filed at least one motion for summary judgment against each of

the plaintiffs. The page limit motion seeks the Court's leave to

allow each plaintiff faced with a summary judgment motion from

both GSWP and the Putnam Entities, to file a single 45-page

opposition, rather than a 20-page opposition to each motion filed by each defendant.

In their objection, the plaintiffs argue that the Magistrate Judge erred when she denied their motion "for leave to file briefs up to 5 pages in excess of the local rule 56.1(e) page limits for summary judgment briefs, which would result in briefs of no more than 45 pages." (ECF No. 1292, at 3.) They argue that such relief is proper because "the legal and factual issues are complex and Plaintiffs' editing has yielded briefs exceeding the page limits by no more than 5 pages." (*Id.*) They further assert that "[f]urther reductions to the brief length will compromise the integrity of the briefs, prejudice Plaintiffs' ability to adequately present the issues to this Court, and could prevent Plaintiffs from fully addressing all of the dispositive issues raised by Defendants. Requiring shorter briefs would unfairly prejudice plaintiffs." (*Id.* at 3-4.)

Summary judgment briefs are limited to 20 pages. LRCi 56.1(e). When two different movants file motions for summary judgment against the same party, no rule permits that party to file one 40-page opposition in lieu of two 20-page oppositions. Indeed, the Court notes that permitting such a combined opposition brief would convey an advantage on the non-movant that is not contemplated by the rules. When a similar issue is

raised by two different movants, the non-movant would be able to address the issue once in a 40-page combined opposition brief when that issue would otherwise need to be addressed twice, once in each 20-page brief. As such, each plaintiff's request to file a 45-page brief is, effectively, a request for significantly more than five pages of additional briefing.

The Court is not satisfied that significantly more briefing is required in this case than in other cases before the Court. Indeed, in *MRL Development I, LLC v. Whitecap Investment Corp. d/b/a Paradise Lumber, et. al.*, 3:13-cv-48, where similar issues were addressed, the plaintiffs were able to comply with the Court's page limit.

Accordingly, and because the Magistrate Judge's ruling is neither clearly erroneous nor contrary to law, the Court will affirm the Magistrate Judge's order denying the page limit motion.

## IV.   CONCLUSION

Having reviewed the plaintiffs' objections to the Magistrate Judge's orders, the Court holds that the plaintiffs' objections are without merit.

The premises considered, it is hereby

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 21

**ORDERED** that the Magistrate Judge's March 9, 2016,
order denying the motion for leave and denying the Rule
56(d) motion is **AFFIRMED**; it is further

**ORDERED** that the Magistrate Judge's April 18, 2016,
order denying the page limit motion is **AFFIRMED**; and it
is further

**ORDERED** that the Magistrate Judge's April 18, 2016,
order denying the extension motion is **AFFIRMED**.

S\_____
**Curtis V. Gómez**
**District Judge**