**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

```
CHAPIN, ET AL.,                    )
                                   )
               Plaintiffs,         )
                                   )
          v.                       )     Civil No. 2012-77
                                   )
GREAT SOUTHERN WOOD PRESERVING     )
INCORPORATED, ET AL.,              )
                                   )
               Defendants.         )
_____    )
```

**ATTORNEYS:**

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*

> *Conch Villa Condominium Association, Concordia Campgrounds, Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as representative of a class of persons similarly situated, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Barbara Jakobsen Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 3

St. Croix, U.S.V.I.
    *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
    *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
    *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
    *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
    *Counsel for Putnam Family Properties, Inc.*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 4

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for Whitecap Investment Corp., d/b/a Paradise
    Lumber.*

<u>**ORDER**</u>

**GÓMEZ, J.**

    The Court is in receipt of a letter dated May 11, 2016, (the "recusal letter") from one of plaintiffs' counsel, Lee J. Rohn, Esq.[1] The recusal letter, which indicates that it is regarding a case pending before the Court, *Chapin, et. al. v. Great Southern Wood Preserving, Inc., et. al.*, 3:12-cv-77, references facts, cites legal authority, and requests specific relief--recusal of the undersigned. Yet, the letter does not bear any indicia that it was served on opposing counsel in the referenced case.[2]

    Attorney Rohn claims, among other things, that she has a recollection that she sought advice from the undersigned "years ago" about "what an attorney should do if she felt her clients were in jeopardy as a result of an apparent bias by a judge."

---

[1] The letter was delivered May 12, 2016.
[2] The Court will remedy that deficiency by requiring the Clerk of Court to docket the letter.

She also claims that the undersigned advised her, by way of suggestion, that she "should write a letter and bring the issue to the Court's attention to avoid having a public fight."[3]

Attorney Rohn then shares several of her undertakings.[4] She states that she "[s]uccessfully lobbied former Delegate to Congress, Donna Christiansen [sic],[5] to remove her letter of recommendation that . . . [the undersigned] be reappointed."[6] Rohn also states that she, "with the aid of . . . [her] position in several PACS, successfully lobbied Delegate Stacy [sic][7] Plaskett not to back . . . [the undersigned's] reappointment." Rohn further states that she has "successfully taken the position in lobbying President Obama's office, on . . . [her] own and in political groups . . . [she is] affiliated with," to not reappoint the undersigned.

Essentially, counsel has shared with the undersigned a list of her activities, each of which constitutes an exercise of her rights under the First Amendment of the United States

---

[3] The undersigned does not share that recollection.

[4] Rohn prefaces each of her undertakings with the claim that she "understands" that the undersigned is aware of the undertaking, or with the claim that the undersigned knows of the undertaking.

[5] The Court understands the correct spelling to be "Donna Christensen."

[6] Attorney Rohn claims that she achieved this shortly after the undersigned sat on a matter involving Donna Christensen's running mate. Rohn claims that the undersigned was "lobbying . . . [Christensen] for reappointment" and did not disclose that fact. The Court presumes that Rohn is referring to *Haynes v. Ottley, et. al.*, 3:14-cv-70. In that case, no party sought recusal of the undersigned. The Court entered judgment in that case on October 23, 2014. That decision was subject to appeal. No party filed an appeal.

[7] The Court understands the correct spelling to be "Stacey Plaskett."

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 6

Constitution. From that list of *her* activities, she concludes there is "disagreement" and "bias" against her such that she expects automatic recusal by the undersigned. As such, she wants the undersigned to "recuse . . . [himself] from all matters . . . [she is] handling."

To begin, the Court appreciates the exercise of the rights enumerated in the First Amendment. Indeed, one of the hallmarks of our form of government is the freedom to speak and associate. The undersigned holds no bias towards, nor disagreement with, any individual who exercises those rights.

Second, Attorney Rohn states that she does not "want to make a public fight about this issue . . . ." The Court does not regard the disposition of disqualification motions as a "fight." Indeed, the Court treats recusal and disqualification requests like it does other petitions for relief. On the record, the Court will address the merits of the petition. It will then render a decision on the record.

Having reviewed the relief sought by Attorney Rohn, the Court finds that the recusal letter is best treated as a motion for disqualification under 28 U.S.C. § 455, and will address it as such. 28 U.S.C. § 455 provides, in pertinent part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."[8] 28 U.S.C. §

455(a). Because most district judges are appointed to serve

during good behavior, there is a dearth of federal caselaw

addressing whether the protected First Amendment conduct engaged

in by Attorney Rohn requires the disqualification of the

undersigned.

Nevertheless, a number of states elect their judges and

have addressed similar issues. State courts have held that when

an "attorney . . . has campaigned or contributed to . . . [a]

judge's opponent," neither bias nor prejudice are established.

*See, e.g., Pierce v. Charity Hospital of Louisiana,* 550 So.2d

211, 214 (La.App.1989); *State v. McBride*, 187 Wis. 2d 409, 418,

523 N.W.2d 106, 111 (Ct. App. 1994)("[W]e conclude that

McBride's support of Judge Koehn's opponent, standing alone, is

not sufficient evidence to allow this court to conclude that

Judge Koehn harbored actual bias against her."). Indeed, even a

candidate for judicial office "accepts the risk that, if he

loses, he may have to try cases in the court of his successful

opponent." *Ex parte Grayson,* 665 So.2d 986, 987

(Ala.Crim.App.1995). In light of that authority and the

attendant circumstances here, the Court holds that Attorney

---

[8] 28 U.S.C. § 455 also requires disqualification when a judge "has a personal
bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). Here,
Attorney Rohn is asserting bias against herself, not against a party.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 8

Rohn's protected conduct does not require the undersigned's
disqualification.

A holding to the contrary could "unnecessarily preclude[] .
. . [the undersigned] from hearing a significant number of cases
arising within his . . . jurisdiction." *McBride*, 187 Wis. 2d at
417. Moreover, such a holding would permit judge shopping.

The Court also notes that when a motion to disqualify is
filed only after adverse rulings, it raises concern that the
movant is impermissibly seeking a second bite at the apple.

Indeed, the timing of this letter underscores that concern.
Since *Haynes*, the Court has been involved in several matters in
which Attorney Rohn was counsel for a party, including *Ritter v.
Kmart Corporation*, 3:13-cv-51. In that case, the undersigned
presided over a jury trial at which Attorney Rohn's client was
awarded judgment in the amount of $1,719,430. No motion for
disqualification was filed in that case, or any other matters
involving Attorney Rohn's clients.

Moreover, this matter has proceeded apace since 2012. The
docket contains over 1625 entries. The undersigned has issued
multiple orders, including several orders that were favorable to
Attorney Rohn's clients. *See, e.g.,* ECF No. 901 (denying entry
of summary judgment against the plaintiffs). In addition, as
recently as March 28, 2016, Attorney Rohn filed objections to

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 9

orders issued by the Magistrate Judge, seeking review by the

undersigned.[9] *See* ECF No. 1087. Yet, no recusal was sought.

Indeed, the recusal issue was presented to the Court only after

several orders adverse to Rohn's clients were issued. Between

April 28, 2016, and May 9, 2016, the undersigned issued several

orders unfavorable to Rohn's clients in which the Court:

affirmed the Magistrate Judge's orders in this case; denied

leave to file various oppositions out of time; and struck from

the record various briefs that failed to comply with the Court's

rules and the Magistrate Judge's orders. [10] After that turn of

events, the recusal letter was sent to the undersigned--

---

[9] On April 19, 2016, counsel for the plaintiffs filed another objection to an
order issued by the Magistrate Judge. Attorney Rohn's electronic signature is
attached to that brief, but only her co-counsel signed the certificate of
service. ECF No. 1292. As such, it is unclear whether she filed that
objection.

[10] Attorney Rohn also asserts that the Court, in striking matters, has issued
rulings that she regards as "questionable in their legal reasoning." It is
unclear whether Rohn is referring to rulings in the *Chapin* case which struck
certain filings. In any event,

> judicial rulings alone almost never constitute a valid basis
> for a bias or partiality motion. In and of themselves (i.e.,
> apart from surrounding comments or accompanying opinion), they
> cannot possibly show reliance upon an extrajudicial source;
> and can only in the rarest circumstances evidence the degree
> of favoritism or antagonism required . . . when no
> extrajudicial source is involved. Almost invariably, they are
> proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994)(assessing a claim of bias
pursuant to Section 455). To the extent that Rohn is referring to the *Chapin*
case, the Court stands by the reasoning in its opinions. Although some of
those opinions were unfavorable to Attorney Rohn's clients, the Court does
not find that those opinions provide a meritorious basis for a bias or
partiality motion.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Order
Page 10

approximately three weeks before the trial in this matter is due to commence.

The premises considered, it is hereby

**ORDERED** that the May 11, 2016, letter sent to the undersigned by Attorney Rohn will be construed as a motion for disqualification; it is further

**ORDERED** that the Clerk of Court shall docket the May 11, 2016, recusal letter as a motion for disqualification; and it is further

**ORDERED** that the motion for disqualification is **DENIED**.


        **S\\**_____
                **Curtis V. Gómez**
                **District Judge**