DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHAPIN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 2012-77 |
| | ) | |
| GREAT SOUTHERN WOOD PRESERVING | ) | |
| INCORPORATED, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 2

> *Conch Villa Condominium Association, Concordia Campgrounds,
> Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune
> Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, individually and as
> representative of a class of persons similarly situated,
> Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia
> Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard
> Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara
> Jakobsen, Arne Jakobsen, Barbara Jakobsen Avis James, Oscar
> James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton,
> Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck
> Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald
> Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Terri L. Griffiths**
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 3

St. Croix, U.S.V.I.
> *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Douglas R. Bentorn, Michael L. Kridnik, as trustee of the Miachel Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
> *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 4

**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
**Terri L. Griffiths**
Lee J. Rohn and Associates
St. Croix, VI
        *Counsel for Putnam Family Properties, Inc.*

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
        *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
        *Counsel for Whitecap Investment Corp., d/b/a Paradise*
        *Lumber.*

## MEMORANDUM OPINION

GÓMEZ, J.

        Before the Court is the motion of Great Southern Wood

Preserving, Inc. for summary judgment with regard to the claims

asserted by Deborah Ramsay.

### I.    FACTUAL AND PROCEDURAL HISTORY

        Great Southern Wood Preserving Inc. ("GSWP") is an Alabama

lumber wholesaler. It operates principally in Alabama. In

addition to selling wood directly, it also provides chemical and

pressure treatments to prevent lumber from decaying.

        From in or about 2003 until in or about 2009, GSWP

regularly sold treated lumber and provided lumber-treatment

services to Putnam Family Properties, Inc., a Florida

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 5

corporation, which is itself a lumber retailer.[1] Some of this wood was then sold to Whitecap Investment Corporation d/b/a Paradise Lumber ("Whitecap").

Deborah Ramsay ("Ramsay") and the other plaintiffs allegedly purchased "hazardous and defective" lumber from Whitecap or another supplier, MSI Building Supplies ("MSI").

The original complaint in this matter was filed on October 1, 2012. The complaint has since been amended several times. On April 2, 2013, Ramsay was added as a plaintiff in the First Amended Complaint. The current complaint is the Third Amended Complaint. The Third Amended complaint includes six counts. Count One alleges a breach of contract claim against Putnam Family Properties, Inc. and Putnam Lumber & Export Company (collectively, the "Putnam Entities"). Count Two alleges a breach of warranty claim against GSWP and the Putnam Entities. Count Three alleges a negligence claim against GSWP and the Putnam Entities. Count Four alleges a strict liability claim against GSWP and the Putnam Entities. Count Five alleges fraud, intentional misrepresentation, and negligent misrepresentation claims against GSWP and the Putnam Entities. Count Six allege a

---

[1] Putnam Lumber & Export Company is allegedly the successor to Putnam Family.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 6

claim for violating the Virgin Islands Deceptive Trade Practices
Act ("DTPA") against GSWP and the Putnam Entities. [2]

On November 4, 2015, GSWP filed the instant motion in which
it seeks summary judgment on all claims asserted against it by
Ramsay. ECF No. 1102. On April 18, 2016, Ramsay filed an
untimely opposition to the motion for summary judgment. ECF Nos.
1252, 1253, 1254. GSWP then filed a reply to that opposition.
ECF Nos. 1439, 1440.

Thereafter, on May 7, 2016, the Court issued an order
which, in relevant part, struck from the record Ramsay's
untimely opposition to the instant motion and GSWP's reply to
that opposition. ECF No. 1558.

## II.  **DISCUSSION**

Summary judgment is appropriate "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed.R.Civ.P.
56(a); *see also Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d
Cir. 1986).

---

[2] In the Third Amended Complaint, Count Six is titled as asserting a violation
of the Virgin Islands Consumer Fraud and Deceptive Business Practices Act.
Notwithstanding the title, the plaintiffs have repeatedly requested that the
Court construe Count Six as asserting a violation of the Deceptive Trade
Practices Act. Indeed, such a request is included in the proposed pretrial
order. *See* ECF No. 1688, at 21. The Court will construe Count Six as
asserting a violation of the Deceptive Trade Practices Act.

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir.1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls,* 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

1. **Legal Effect of a Stricken Opposition to a Motion for Summary Judgment**

Before addressing GSWP's motion on the merits, the Court will address the legal effect of striking an opposition to a

motion for summary judgment. As noted above, when a movant
satisfies its initial burden on a motion for summary judgment,
the burden generally shifts to the non-movant to show that there
is a genuine dispute of material fact or that the movant is
otherwise not entitled to judgment as a matter of law. *Gans v.
Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). That legal framework
remains in place even where no opposition is filed to a motion
for summary judgment. In that case, the Court may grant summary
judgment upon finding that the movant satisfied its initial
burden. *See Anchorage Associates v. Virgin Islands Bd. of Tax
Review*, 922 F.2d 168, 176 (3d Cir. 1990). Similarly, if an
opposition to a motion for summary judgment is filed, but
stricken, the Court may grant summary judgment upon finding that
the movant satisfied its initial burden. *See Davila-Rivera v.
Caribbean Refrescos, Inc.*, 150 F. App'x 3, 6 (1st Cir.
2005)("Because the district court ordered the Second Opposition
stricken from the record, CRI's motion for summary judgment was
unopposed. However, the district court is 'still obliged to
consider the motion on its merits, in light of the record as
constituted, in order to determine whether judgment would be
legally appropriate.'" (quoting *Kelly v. United States,* 924 F.2d
355, 358 (1st Cir.1991))). In either event--where no opposition
is filed or where the opposition is stricken--the movant does

not get an automatic and clear path to summary judgment. *See Anchorage Associates*, 922 F.2d 168 at 176; *Davila-Rivera*, 150 F. App'x at 6.

Here, the Court struck Ramsay's opposition to GSWP's motion for summary judgment. *See* ECF No. 1558. Moreover, the local rules of civil procedure provide, in pertinent part, that:

> Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

LRCi 56.1(d). Still, the Court may only enter summary judgment in GSWP's favor if GSWP satisfies its initial burden. *See Anchorage Associates*, 922 F.2d 168 at 176; *Davila-Rivera*, 150 F. App'x at 6.

**2. Merits**

**i.   Count Two: Breach of Warranty**

Count Two alleges a breach of warranty claim. GSWP argues that it is entitled to summary judgment on Count Two because: (1) under the Uniform Commercial Code ("UCC"), GSWP did not provide any warranty to Ramsay, and (2) even if the common law applies, rather than the UCC, GSWP did not provide any warranty to Ramsay under the common law.

Warranty claims fall into two categories: common law warranty claims, where the underlying contract is not subject to

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 10

the UCC, *see, e.g., Paramount Aviation Corp. v. Agusta,* 288 F.3d 67, 73 (3d Cir.2002)(applying the New Jersey common law of warranties to a service contract); and UCC warranty claims, where the underlying contract is for the sale of goods, *see* 11A V.I.C. §§ 2-313, 2-314, 2-315. "Goods" are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (article 8) and things in action." 11A V.I.C. § 2-105

The allegations in the complaint are vague enough to encompass a claim that GSWP entered into a contract for sale of treated lumber and entered into contracts to treat lumber. Indeed, GSWP indicates that it engaged in both activities. *See* Statement of Undisputed Facts, ECF No. 969, at ¶¶ 3-5.

Insofar as GSWP entered into contracts to sell treated lumber (the "lumber sales contracts"), those contracts are contracts for goods, governed by the UCC. *See MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. CV 2013-48, 2014 WL 6461583, at *5 (D.V.I. Nov. 18, 2014). In contrast, the contracts to merely treat lumber (the "treatment service contracts") are better construed as service contracts, governed by the common law.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 11

**a. Uniform Commercial Code**

The Court will first consider whether GSWP is entitled to summary judgment on the warranty claim with respect to the lumber sales contracts.

Recovery under a warranty generally requires privity between the warrantor and the warrantee. *See Matos v. Nextran, Inc.,* 52 V.I. 676, 683-84. However, under the UCC, "[a] seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty." 11A V.I.C. § 2-318 ("Section 2-318"). Significantly, this provision extends warranties only to those people who are injured "in person." *Paramount Aviation Corp. v. Augusta,* 288 F.3d 67, 75 (3d Cir.2002) (noting that implicit in Section 2-318 is a clearly-expressed legislative policy choice limiting recovery by third parties to damages for personal injuries).

GSWP argues that there is no warranty because: (1) there is no evidence that GSWP and Ramsay are in privity; and (2) Ramsay cannot recover as the third-party beneficiary of any warranty because she was not injured in person.

In support of its contention that no privity exists between Ramsay and itself, GSWP directs the Court to Ramsay's deposition. At her deposition, Ramsay testified that prior to

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 12

this lawsuit, she had: (1) never heard of GSWP; (2) never had a contract with GSWP; (3) never "communicated, whether oral, written, via email, with anyone from" GSWP; and (4) never went to GSWP's website. ECF No. 961, at 100:1-15.

In support of its contention that no one was injured in person, GSWP cites again to Ramsay's deposition. At her deposition, counsel for GSWP asked Ramsay if she was "claiming any personal injuries in this lawsuit . . . ." *Id.* at 100:16-17. Ramsay then sought clarification by asking: "By 'personal injuries,' you mean falling down and hurting my body?" *Id.* at 100:18-19. GSWP's counsel answered in the affirmative. *Id.* at 100:20. Ramsay then indicated that she was not seeking to recover any such damages. *Id.* at 100:21.

As such, with respect to the lumber sales contracts, GSWP has satisfied its burden of showing there is no dispute of material fact and that it is entitled to judgment as a matter of law.

### b. Common Law

The Court now turns to the treatment service contracts. The common law addresses the privity issue in the same manner as the UCC. Therefore, based on the evidence discussed above, GSWP has satisfied its burden of showing that there was no privity between GSWP and Ramsay.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 13

The Court will next address whether Ramsay is entitled to benefit as a third-party beneficiary from any warranty issued by GSWP. Under the Restatement (Second) of Contracts, a third-party beneficiary is either intended or incidental. Section 302 of the Restatement defines intended and incidental beneficiaries as follows:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981).

Only an intended third-party beneficiary of the contract may bring suit on a contract to which she is not a party. *See Kmart Corp. v. Balfour Beatty, Inc.,* 994 F.Supp. 634, 636 (D.V.I. 1998) (noting that "[a]n intended beneficiary acquires a right under the contract" while "[a]n incidental beneficiary does not"). An incidental beneficiary is not part of the

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 14

required "agreement." *See Isbrandtsen Co. v. Local 1291 of Int'l Longshoreman's Assoc.,* 204 F.2d 495, 498 (3d Cir.1953).

GSWP argues that there is no evidence that Ramsay was an intended third-party beneficiary of any GSWP warranty. Specifically, in its brief, GSWP asserts that:

> There is no evidence that Putnam or Great Southern intended Plaintiff to be a beneficiary under any contract or for her to have any recognizable rights of performance under any contract. The undisputed evidence is that no contract documents other than the invoices exist, much less any documents between Great Southern and Putnam that even mention Plaintiff, Whitecap or Paradise Lumber. In fact, there is no evidence of any kind that demonstrates Great Southern intended the agreements for pressure treatment services to benefit anyone other than themselves, much less that they intended for Plaintiff to be bestowed rights under their agreements.

ECF No. 1106, at 11 (footnote omitted).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But . . . [there is] no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim . . . . [R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 15

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

In the third-party complaint, the plaintiffs generally allege that they are the third-party beneficiaries of contracts that Putnam and another defendant, XYZ Corporation, entered into with Whitecap and MSI. *See* ECF No. 44, at ¶ 83. Ramsay never alleges that she is an intended third-party beneficiary of a treatment services contract with GSWP. The closest she comes is an allegation that "[a]s a direct and proximate cause of *Defendants'* breach of their warranties, Plaintiffs have sustained damages and may sustain further damages in the future directly and as third-party beneficiaries." *Id.* at ¶ 98 (emphasis added). GSWP has denied that allegation. ECF No. 683, at ¶ 98.

An essential element of Ramsay's warranty claim is the establishment of an intended third-party beneficiary relationship between GSWP and Ramsay. GSWP has satisfied its burden by identifying that there is no evidence that supports that essential element of Ramsay's claim. *See Celotex Corp*, 477 U.S. at 323.

Accordingly, the Court will enter summary judgment in favor of GSWP on Count Two, with regard to Ramsay.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 16

### ii. Counts Three, Four, and Five: Fraud; Negligent Misrepresentation; and Intentional Misrepresentation

Count Three alleges a negligence claim. Count Four alleges a strict liability claim. Count Five alleges fraud, intentional misrepresentation, and negligent misrepresentation claims. GSWP argues that these claims are barred by the statute of limitations.

Tort claims are subject to a two-year statute of limitations. *See* 5 V.I.C. § 31(5)(A). This time period is subject to tolling under the discovery rule. *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. CV 2013-48, 2014 WL 6461583, at *12 (D.V.I. Nov. 18, 2014). The discovery rule provides that a claim "does not accrue for statute of limitations purposes until the plaintiff possesses actual or constructive knowledge of the injury and its cause." *Warner v. Ross*, 164 F. App'x 218, 220 (3d Cir. 2006). Where a plaintiff seeks to toll the statute of limitations under the discovery rule,

> [t]he plaintiff has the burden of justifying any delay beyond the date on which the limitation would have expired if computed from the date on which the acts giving rise to the cause of action allegedly occurred. He must allege and prove facts which show that he made reasonable efforts to protect his interests and which explain why he was unable to discover the operative facts for his cause of action sooner than he did.

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 17

*Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 487 (3d
Cir.1985)(internal quotations and citations omitted). Similarly,
the plaintiff bears the burden of establishing that equitable
tolling is appropriate. *Thomas v. Virgin Islands Bd. of Land Use
Appeals*, No. S.CT.CIV. 2013-0001, 2014 WL 691657, at *4 (V.I.
Feb. 24, 2014).

GSWP argues that these tort claims are barred by the
statute of limitations because Ramsay knew that there was an
issue with the wood by no later than April, 2010. In support of
this contention, GSWP cites to Ramsay's deposition. At her
deposition, Ramsay testified that "[t]he only problems . . .
[she was] experiencing at . . . [her] home are with regard to
the actual wood she purchased from . . . [Whitecap] in around
2004 to 2007." ECF No. 969-1, at 83:9-13. She further testified
that she first noticed a problem with the wood in April, 2010.
*Id.* at 83:17-22. At that time, she noticed that the wood was
discolored and that the wood was spongy when she walked on it.
*Id.* at 83:23-84:6. When she poked the wood a bit, she noticed
that it was disintegrating. *Id.* at 84:6-8.

No claim was filed by Ramsay within two years of her
discovery of disintegrating wood--that is, by April, 2012.
Rather, she was added as a plaintiff in this action in the First
Amended Complaint on April 2, 2013. *See* ECF No. 108. That date

is five to six years after she had purchased the last of the wood at issue and three years after she first noticed problems with the wood. Significantly, that period of time exceeds the period within which she was required to file her claim.

As such, GSWP has satisfied its burden of showing there is no dispute of material fact and that it is entitled to judgment as a matter of law. Accordingly, the Court will enter summary judgment in favor of GSWP on Counts Three, Four, and Five, with regard to Ramsay.

### iii. Count Six: Deceptive Trade Practices Act

Count Six alleges violations of the DTPA. The DTPA prohibits "any deceptive or unconscionable trade practice in the sale, lease, rental or loan or in the offering for sale, lease, rental, or loan of any consumer goods or services, or in the collection of consumer debts." 12A V.I.C. § 101. The Virgin Islands Code defines deceptive and unconscionable trade practices:

> (a) 'Deceptive trade practice' means any false, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind made in connection with the sale, lease, rental, or loan of consumer goods or services ... which has the capacity, tendency or effect of deceiving or misleading consumers. Deceptive trade practices include but are not limited to:

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 19

     (1) representations that goods or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; ... or goods or services are of particular standard, quality, grade, style or model, if they are of another;
     (2) the use, in any oral or written representation, of exaggeration, innuendo or ambiguity as to a material fact or failure to state a material fact if such use deceives or tends to deceive;

     * * *

     (4) offering goods or services with intent not to sell them as offered;

     * * *

     (b) 'Unconscionable trade practice' means any act or practice in connection with the sale, lease, rental or loan or in connection with the offering for sale, lease, rental or loan of any consumer goods or services ... which unfairly takes advantage of the lack of knowledge, ability, experience or capacity of a consumer; or results in a gross disparity between the value received by a consumer and the price paid, to the consumer's detriment....

12A V.I.C. § 102 (Definitions).

     GSWP argues that the DTPA claim is barred by the statute of limitations. Any DTPA claim that (1) accrued more than two years before October 2013, and (2) was not filed within two years of accrual, is barred by the statute of limitations. *See MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. 14-4738, 2016 WL 2865730, at *9-*10 (3d Cir. May 17, 2016). That limitation period "begins

running from the date the violation of the statute occurred, not the date the violation was discovered[.]" *See Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 214 (3d Cir.2002). Moreover, because the DTPA addresses pre-sale conduct, the statute of limitations begins to run no later than the time of sale. *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. CV 2013-48, 2014 WL 6461583, at *16 (D.V.I. Nov. 18, 2014).

The last purchase of the lumber at issue in this action was in 2007. ECF No. 969-1, at 83:9-13. That date is more than two years before October, 2013. Moreover, Ramsay filed her claims more than two years after purchasing the wood at issue. *See* ECF No. 108. Significantly, that period of time exceeds the period within which she was required to file her claim.

As such, GSWP has satisfied its burden of showing there is no dispute of material fact and that it is entitled to judgment as a matter of law. Accordingly, the Court will enter summary judgment in favor of GSWP on Count Six, with regard to Ramsay.

## IV.   <u>CONCLUSION</u>

Having considered the arguments and evidence presented by GSWP, the Court holds that GSWP is entitled to summary judgment in its favor on the claims asserted against it by Ramsay. Accordingly, the Court will grant GSWP's motion for summary

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 21

judgment and enter judgment in GSWP's favor on Counts Two

through Six, with regard to Ramsay.

An appropriate Judgment follows.

**S\\**_____
      **Curtis V. Gómez**
      **District Judge**