**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| CARY CHAPIN, BARBARA DOUMA, EMILY BRATTON, JOHN AND DEAN BALDWIN, TERRY R. WITHMAN, ANN AND JEFFREY MCCRAVE, CELSO PRINCIPAAL, HARRY EISENER, CYNTHIA SAUERS, ELISA ADAMS, DENISE AND TRUMAN BARBIER, JEAN AND STEPHEN NEMETH, AND IRENE PATTON, *ET AL.* | ) ) ) ) ) ) ) ) ) | CASE NO. 3:12-cv-00077 |
| | ) | |
| Plaintiffs, | ) ) | ACTION FOR DAMAGES |
| v. | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| GREAT SOUTHERN WOOD PRESERVING, INCORPORATED, PUTNAM LUMBER & EXPORT COMPANY, AND PUTNAM FAMILY PROPERTIES INC. | ) ) ) ) ) | |
| Defendants. | ) | |
| | ) | |
| PUTNAM LUMBER & EXPORT COMPANY, PUTNAM FAMILY PROPERTIES INC., | ) ) ) | |
| | ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | |
| WHITECAP INVESTMENT CORP. d/b/a PARADISE LUMBER AND MSI BUILDING SUPPLIES | ) ) ) ) | |
| Third Party Defendants. | ) ) | |
| WHITECAP INVESTMENT CORP. d/b/a PARADISE LUMBER, | ) ) ) | |
| | ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | |
| GREAT SOUTHERN WOOD PRESERVING, INCORPORATED, | ) ) ) | |
| | ) | |
| Third Party Defendant. | ) ) | |

## GREAT SOUTHERN WOOD PRESERVING, INCORPORATED'S OPPOSITION TO STIPULATION OF DISMISSAL

Defendant Great Southern Wood Preserving, Inc. ("Great Southern"), appearing specially and without waiving its personal jurisdiction challenge, by and through its attorneys, Lightfoot, Franklin & White, LLC, S. Andrew Kelly, of counsel, hereby objects to the Stipulation of Dismissal filed by Plaintiffs, Putnam and Whitecap (Doc.1728) and respectfully requests that the Court move forward with the June 1, 2016 hearing. As grounds for its objection, Great Southern shows as follows:

The parties were before the Court for the Final Pre-trial Conference on Monday, May 23, 2016. At the Final Pre-trial Conference, Plaintiffs represented that they had reached a settlement with Putnam and Whitecap and that the settlement and dismissal documents would be finalized and filed the following day. No such documents were filed. Great Southern and Plaintiffs participated in a Settlement Conference with the Court on May 26, 2016. Plaintiffs made similar representations regarding their potential settlement with Whitecap and Putnam during the Settlement Conference. Further, Plaintiffs have represented that, as part of the settlement, Putnam and Whitecap will enter into an agreement by which Whitecap and Putnam will agree to the entry of a consent judgment that Plaintiffs will try to enforce against Great Southern by way of assignment of the claims Putnam and Whitecap have asserted against Great Southern. Plaintiffs have indicated that their plan is to try to enforce the judgment against Great Southern in the Superior Court, not the District Court, where this matter has been pending and litigated for three and a half years. On information and believe, the proposed consent judgments are over 20 times the amount paid by Putnam and Whitecap to settle Plaintiffs' claims.

On May 28, 2016, the Court, not having received any stipulations of dismissal, entered an Order requiring the parties to appear before the Court on June 1, 2016 to place the settlement among Plaintiffs, Whitecap, and Putnam on the record. Doc. 1727. On May 31, 2016, in an

2

attempt to moot the June 1st hearing, Plaintiffs, Putnam, and Whitecap filed their Stipulation of Dismissal. Doc. 1728. Significantly, the Stipulation of Dismissal dismisses all claims asserted by Plaintiffs against Putnam and Whitecap, as well as all claims between Putnam and Whitecap. It does not, however, dismiss any claims that Putnam and Whitecap have asserted against Great Southern; it appears those claims would remain pending, and the parties need to know how the Court will handle them at trial in light of the purported settlement.[1]

The purported settlement and Stipulation of Dismissal are nothing more than Plaintiffs' most recent attempt to end around Great Southern's pending summary judgment motions, the Court's and Third Circuit's decisions in the *Lucht* matter, and the Court's recent order granting summary judgment in Great Southern's favor as to Plaintiff Deborah Ramsay. *See MRL Development I, LLC, et al. v. Whitecap Inv. Corp., et al.*, 2016 WL 2865730 (3d Cir. May 17, 2016) *and* Docs. 1692-93. Plaintiffs' attempts to do so should not be permitted. Great Southern requests that the Court proceed with the June 1st hearing so that Great Southern will have an opportunity to learn the details of the scheme planned by Putnam, Whitecap and Plaintiffs and to protect its interests.

The hearing should also move forward because the Stipulation of Dismissal was not signed by all parties, and Great Southern objects to the dismissal of Whitecap and Putnam under the circumstances. Under Fed. R. Civ. P. 41, a plaintiff may only dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). Here, Great Southern did not and will not sign the Stipulation of Dismissal under the circumstances. Great Southern obviously takes issue with Putnam, Whitecap, and

---

[1] Great Southern contends that Whitecap's and Putnam's cross-claims and third-party claims fail for the reasons set forth in its motion for summary judgment as to those claims, but those claims remain pending at this time.

Plaintiffs colluding against it, and it objects to the dismissal of Putnam and Whitecap under those circumstances. Because the Stipulation of Dismissal was not signed by all parties, it is moot and has no effect.

Lastly, Great Southern respectfully requests that the Court rule upon its dispositive motions, which are pending against all of Plaintiffs'; Whitecap's; and Putnam's claims, before dismissing any claims involving Plaintiffs, Putnam and Whitecap. The dispositive motions were filed first, and their adjudication will have preclusive effect on any attempt to thwart this Court's jurisdiction by seeking to enforce consent judgments in the *Chapin* Superior Court matter.

Plaintiffs' latest attempt to end around the *Lucht* and recent decision as to Plaintiff Deborah Ramsey (Docs. 1692-93) rulings should be denied, and the hearing scheduled for Wednesday, June 1, 2016 should move forward as planned.

Respectfully submitted,

LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
400 North 20th Street
Birmingham, AL 35203
Tel: (205) 581-0700/Fax: (205) 380-9140

By:   /s/ S. Andrew Kelly
      **S. Andrew Kelly, BAR NO. 1278**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of May, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification (NEF) to the following:

Lee J. Rohn
Lee J. Rohn and Associates, LLC
1101 King Street
Christiansted, Sr. Croix
U. S. Virgin Islands  00820
lee@rohnlaw.com
terri@rohnlaw.com

Alex Moskowitz
Chad Messier
Dudley, Topper and Feuerzeig, LLP
1000 Frederiksberg Gade
St. Thomas, VI  00804
amoskowitz@dtflaw.com
cmessier@dtflaw.com

Robert A. Carlson, Esq.
Lee, Hernandez, Landrum, Garofalo, &
Blake, APC
100 N. Biscayne Blvd., Suite 605
Miami, Florida 33132
rcarlson@lee-lawfirm.com

Lisa Michelle Komives
BOLTNAGI PC
5600 Royal Dane Mall, Suite 21
St. Thomas, VI 00802
lkomives@vilaw.com

Charles LaDuca
Michael Flannery
Daniel Cohen
Cuneo, Gilbert & LaDuca, LLP
507 C Street NE
Washington, DC  20002
Charles@cuneolaw.com
MFlannery@cuneolaw.com
DanielC@cuneolaw.com

/s/ S. Andrew Kelly