```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

CHAPIN, ET AL.,                         )
                                        )
             Plaintiffs,                )
                                        )
             v.                         )   Civil No. 2012-77
                                        )
GREAT SOUTHERN WOOD PRESERVING          )
INCORPORATED, ET AL.,                   )
                                        )
             Defendants.                )
                                        )
```

**ATTORNEYS:**

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
    *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
    *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
    *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*
    *Conch Villa Condominium Association, Concordia Campgrounds,*
    *Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune*
    *Fremlin, Birgitta Fremlin, Bonita Corbeil.*

*Chapin et al. v. Great Southern Wood Preserving Inc., et. al.*
Civil No. 2012-77
Memorandum Opinion
Page 2

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
 *Counsel for Terry R. Whitham, Ann McCrave, Jeffrey J. McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth, Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C. Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne Jakobsen, Barbara Jakobsen, Avis James, Oscar James, Philip Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper, Barbara Pieper, Deborah Ramsay, Upper Deck Villas Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
 *Counsel for Michael Barry, Barbara Barry, S. Donald Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
 *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI

*Counsel for Douglas R. Benton, Michael L. Krienik, as trustee of the Michael Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
*Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
*Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
*Counsel for Putnam Family Properties, Inc.*

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
*Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *Counsel for Whitecap Investment Corp., d/b/a Paradise Lumber.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of Great Southern Wood Preserving, Inc. for summary judgment with regard to the claims asserted by Molly and Donald Robinson.

### I.     FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving Inc. ("GSWP") is an Alabama lumber wholesaler. It operates principally in Alabama. In addition to selling wood directly, it also provides chemical and pressure treatments to prevent lumber from decaying.

From in or about 2003 until in or about 2009, GSWP regularly sold treated lumber and provided lumber-treatment services to Putnam Family Properties, Inc., a Florida corporation, which is itself a lumber retailer.[1] Some of this wood was then sold to Whitecap Investment Corporation d/b/a Paradise Lumber ("Whitecap").

Molly and Donald Robinson (the "Robinsons") allegedly own a home on St. John at 6B 40 Estate St. Quacco. They are residents

---

[1] Putnam Lumber & Export Company is allegedly the successor to Putnam Family.

of Maine.[2] The Robinsons and the other plaintiffs allegedly purchased "hazardous and defective" lumber from Whitecap or another supplier, MSI Building Supplies.

The original complaint in this matter was filed on October 1, 2012. The current complaint is the Third Amended Complaint. The Third Amended complaint includes six counts. Count One alleges a breach of contract claim against Putnam Family Properties, Inc. and Putnam Lumber & Export Company (collectively, "Putnam"). Count Two alleges a breach of warranty claim against GSWP and Putnam. Count Three alleges a negligence claim against GSWP and Putnam. Count Four alleges a strict liability claim against GSWP and Putnam. Count Five alleges fraud, intentional misrepresentation, and negligent misrepresentation claims against GSWP and Putnam. Count Six allege a claim for violating the Virgin Islands Deceptive Trade Practices Act ("DTPA") against GSWP and Putnam.[3]

On March 30, 2016, GSWP filed the instant motion in which it seeks summary judgment on all claims asserted against it by

---

[2] Although the Third Amended Complaint alleges that the Robinsons are residents of Main, the Court presumes that the complaint is intended to allege that the Robinsons are residents of the State of Maine.
[3] In the Third Amended Complaint, Count Six is titled as asserting a violation of the Virgin Islands Consumer Fraud and Deceptive Business Practices Act. Notwithstanding the title, the plaintiffs have repeatedly requested that the Court construe Count Six as asserting a violation of the Deceptive Trade Practices Act. Indeed, such a request is included in the proposed pretrial order. *See* ECF No. 1688, at 21. The Court will construe Count Six as asserting a violation of the Deceptive Trade Practices Act.

the Robinsons. ECF No. 1107. On April 21, 2016, the Robinsons filed an untimely opposition to the motion for summary judgment. ECF Nos. 1328, 1329, 1330, 1331, 1332. GSWP then filed a reply to that opposition. ECF Nos. 1532, 1533.

Thereafter, on May 7, 2016, the Court issued an order which, in relevant part, struck from the record the Robinsons' untimely opposition to the instant motion and GSWP's reply to that opposition. ECF No. 1558.

## II.  DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir.1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls,* 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

1. **Legal Effect of a Stricken Opposition to a Motion for Summary Judgment**

Before addressing GSWP's motion on the merits, the Court will address the legal effect of striking an opposition to a motion for summary judgment. As noted above, when a movant satisfies its initial burden on a motion for summary judgment, the burden generally shifts to the non-movant to show that there is a genuine dispute of material fact or that the movant is otherwise not entitled to judgment as a matter of law. *Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). That legal framework remains in place even where no opposition is filed to a motion for summary judgment. In that case, the Court may grant summary judgment upon finding that the movant satisfied its initial

burden. *See Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 (3d Cir. 1990).

Similarly, if an opposition to a motion for summary judgment is filed, but stricken, the Court may grant summary judgment upon finding that the movant satisfied its initial burden. *See Davila-Rivera v. Caribbean Refrescos, Inc.*, 150 F. App'x 3, 6 (1st Cir. 2005)("Because the district court ordered the Second Opposition stricken from the record, CRI's motion for summary judgment was unopposed. However, the district court is 'still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate.'" (quoting *Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991))). In either event--where no opposition is filed or where the opposition is stricken--the movant does not get an automatic and clear path to summary judgment. *See Anchorage Associates*, 922 F.2d 168 at 176; *Davila-Rivera*, 150 F. App'x at 6.

Here, the Court struck the Robinsons' opposition to GSWP's motion for summary judgment. *See* ECF No. 1558. Moreover, the local rules of civil procedure provide, in pertinent part, that:

> Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

LRCi 56.1(d). Still, the Court may only enter summary judgment in GSWP's favor if GSWP satisfies its initial burden. *See Anchorage Associates*, 922 F.2d 168 at 176; *Davila-Rivera*, 150 F. App'x at 6.

## 2. Merits

GSWP contends that it is entitled to summary judgment because the Robinsons cannot prove that the defective wood was treated by GSWP. Specifically, GSWP argues that: (1) there are no tags on the wood that identify the wood as treated by GSWP, and (2) Whitecap purchased approximately twenty percent of its pressure treated lumber from sources other than Putnam.

In support of its contention that there are no markings or tags on the wood that identify the wood as treated by GSWP, GSWP directs the Court to the deposition of Donald Robinson and the affidavit of Molly Robinson. At Donald Robinson's deposition, he testified that: (1) he did not see any end tags on the wood when the decks were originally built, ECF No. 1115-1, at 19:19-24; (2) he was unaware of any marks on that wood that would identify who treated the wood, *id.* at 19:24-20:3; (3) he did not know who treated the wood at issue, *id.* at 20:4-6; and (4) he did not notice any end tags or identifying marks on the wood used to build the replacement deck in 2013, *id.* at 25:13-16. In Molly

Robinson's affidavit, she adopted those statements as her own. *See* ECF No. 1115-3, at 3. GSWP does not rest its argument for summary judgment solely on the failure of the Robinsons to identify the defective lumber as a product of, or treated by, GSWP.

Indeed, GSWP also argues that there is no clear linkage between the wood purchased by the Robinsons and GSWP because even if the Robinsons' lumber was purchased from Whitecap,[4] Whitecap purchased approximately twenty percent of its pressure treated lumber inventory from sources other than Putnam. In support of that contention, GSWP directs the Court to the deposition of Brian Rourke ("Rourke"). Rourke is an owner of Whitecap and takes an active role in managing the company. ECF No. 954-11, at 23:7-10. At his deposition, Rourke testified that he recalled that "about 80 percent" of Whitecap's pressure treated wood was supplied by Putnam.[5] *Id.* at 74:3-16. The

---

[4] At Donald Robinson's deposition, he testified that he was not certain where the contractor that built his decks in 2008 and 2009 had purchased the lumber. ECF No. 1115-1, at 14:24-15:2.

[5] At his deposition, Rourke also testified that "Mike had told me that the wood that we have had problems with was all treated by Great Southern." ECF No. 952-10, at 310:4-6. This is a classic example of a hearsay statement. Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment. *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009). No hearsay exception is apparent to the Court. As such, this statement cannot be considered. *See id.*

suppliers of the other twenty percent have not been served and joined in this action.[6]

The essence of the plaintiffs' contract and tort claims is that GSWP ineffectively treated wood that was sold in the Virgin Islands and that the plaintiffs were harmed by that poorly treated wood. It is axiomatic that liability may only attach where there is proof that a party through its actions, its implements, or its goods caused the plaintiff's injury. *See Habecker v. Copperloy Corp.*, 893 F.2d 49, 54 (3d Cir. 1990)("Causation is an essential element of a products liability (or any other tort) action."); *S. J. Groves & Sons Co. v. Warner Co.*, 576 F.2d 524, 527 (3d Cir. 1978)("The burden is on the plaintiff to establish proximate cause between breach and damage and if the loss caused by a breach [of contractual obligations] cannot be isolated from that attributable to other factors, no damages may be awarded."). As such, when a plaintiff claims that a product is defective and files suit against a defendant on that basis, the plaintiff must show that the defective "product . . . was manufactured, produced, handled or possessed by" the defendant. *Kamosky v. Owens-Illinois Glass Co.*, 89 F. Supp. 561, 563 (M.D. Pa.), *aff'd,* 185 F.2d 674 (3d Cir. 1950). Here, GSWP

---

[6] "XYZ Corporation" is alleged to be a defendant who also distributed lumber through Whitecap. XYZ Corporation has never been served; nor have the plaintiffs substituted a named entity for XYZ Corporation.

has adduced evidence that the Robinsons are unable to identify the wood at the center of their tort and contract claims as being manufactured, sold, or treated by GSWP.

To the extent that the Robinsons' theory of liability is based on probability identity evidence, that approach is similarly problematic. The United States Court of Appeals for the Third Circuit has had occasion to consider whether probability evidence establishes identity, and held that proof of identity could not be established solely by probability evidence. *See Guenther v. Armstrong Rubber Co.*, 406 F.2d 1315, 1318 (3d Cir. 1969). In *Guenther v. Armstrong Rubber Company*, the record established that Howard Guenther ("Guenther") was a mechanic employed by Sears Roebuck & Company ("Sears"). *Id.* at 1315. Among other things, he installed tires. *Id.* The record also indicates that at the Sears store where Guenther was employed, as much as eighty percent of the tire inventory was manufactured by The Armstrong Tire Company ("Armstrong"). *Id.* at 1318.

While Guenther was installing automobile tires, one of the tires exploded and injured him. *Id.* at 1315. Guenther filed suit against the alleged manufacturer, Armstrong. *See id.* at 1316. Armstrong admitted that it had manufactured the tire that was presented to it, which was a "white wall" tire. *See id.* At

trial, Guenther did not identify a "white wall" tire as the instrument of his injury. *Id.* at 1316. Rather, he testified that the tire that exploded was a "black wall" tire. *Id.* At the close of Guenther's case, the district court held that Guenther was bound by his identification testimony and granted a directed verdict in favor of Armstrong. *Id.* at 1316-17.

Guenther appealed the directed verdict. *See id.* at 1317. On appeal, he argued, in pertinent part, that

> his claim should have been allowed to go to the jury on his testimony about a black tire. [His argument was] . . . founded on evidence that the defendant made from 75 to 80 per cent of the tires the particular Sears Roebuck store had for sale.

*Id.* at 1318. The Third Circuit rejected that argument, reasoning that:

> It is true that the trial court in holding that plaintiff's evidence of identification failed, relied on *Kamosky v. Owens-Illinois Glass Co.*, 89 F. Supp. 561 (M.D.Pa. 1950), *affd. p.c.* 185 F.2d 674 (3 Cir. 1950). It is also true that in *Kamosky* there was only a 10 to 15 per cent likelihood of liability of the alleged offending article. Even so as we see it there was no justification for allowing plaintiff's case on that so-called probability hypothesis to go to the jury. The latter's verdict would at best be a guess. It could not be reasonably supported.[7]

*Id.*

---

[7] The court nevertheless remanded the case for a new trial based on other evidence that the exploding tire was in fact a "white wall" tire. *Guenther v. Armstrong Rubber Co.*, 406 F.2d 1315, 1317-18 (3d Cir. 1969).

The identity deficiency here is remarkably similar to that in *Guenther v. Armstrong Rubber Company*. Here, Truman Barbier's deposition shows that he has no personal knowledge as to who originally treated the product. Like Guenther, Truman Barbier, by his own testimony, is unable to identify the specific lumber that is alleged to be defective as an implement that was owned, treated, or manufactured by GSWP.

There is no other competent evidence on the record before the Court that Whitecap's lumber inventory was comprised entirely of lumber purchased from Putnam, which was owned, treated, or manufactured by GSWP. While there is evidence that approximately eighty percent of the pressure treated lumber sold by Whitecap was purchased from Putnam, that probability evidence alone cannot establish identity. *See id*. This Court, like the court in *Guenther v. Armstrong Rubber Company*, finds that a verdict based on such evidence "would at best be a guess" and "could not be reasonably supported." *See id.*

GSWP has directed the Court to evidence that shows that there is an absence of evidence with regard to identity, an essential element of the Robinsons' claims.[8]

---

[8] Various doctrines, such as market share liability, on their face, may appear to relax this identification requirement. For example, market share liability "impos[es] and allocate[es] several liability by market share" and "dispense[s] with particular proof of causation." *Thompson v. Johns-Manville Sales Corp.*, 714 F.2d 581, 583 (5th Cir. 1983). Of course, those doctrines ordinarily presume multiple liable tortfeasors are joined in an action. That

> . . . Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
>
> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But . . . [there is] no express or implied requirement in Rule 56 that the moving party support its motion with

---

is not the case here. Also, those doctrines may not apply where, as here, a defendant establishes the absence of proof that it supplied the defective product. Thus, it is arguable, at best, that any such doctrine applies here.
   Significantly, no Virgin Islands court has ever adopted any such doctrine under any circumstances. It is not this Court's role to act as a "judicial pioneer" with regard to matters of territorial law. *See City of Philadelphia v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 123(3d Cir. 1993). Moreover, if there are "two competing yet sensible interpretations of . . . [state or territorial law]," the Court "should opt for the interpretation that restricts liability, rather than expands it, until the Supreme Court of . . . [the state or territory] decides differently." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 (3d Cir. 2002). Accordingly, the Court will decline any invitation to apply those doctrines in the matter at hand. *Accord City of Philadelphia*, 994 F.2d at 122-29 (holding that various exceptions to the identification requirement should not be adopted by the federal courts in Pennsylvania sitting in diversity).

> affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, *if any*" (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment "*with or without supporting affidavits*" (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986)(emphasis in original).

As such, GSWP has met its burden of establishing that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. On that basis, the Court will enter summary judgment in favor of GSWP on all counts asserted against it, with regard to the Robinsons. *See Anchorage Associates*, 922 F.2d 168 at 176; *Davila-Rivera*, 150 F. App'x at 6.

## IV.  <u>CONCLUSION</u>

The Court is not unsympathetic to the injuries that the Robinsons are alleged to have suffered. Indeed, on its face, there *may* arguably be some linkage between the defective lumber

purchased by the Robinsons and Whitecap. That link *may* create a path to compensation for the Robinsons as against Whitecap.

With respect to GSWP, however, the Robinsons' claim to recovery is wanting as GSWP has adduced evidence that a legally material connection between the defective lumber purchased by the Robinsons and GSWP cannot be proved. Significantly, that disconnect is fatal to the Robinsons' claim against GSWP as injuries alone do not entitle a plaintiff to recovery. A plaintiff, while complying with the rules of this Court, must also be able to establish that those injuries were caused by the defendant's conduct or product. GSWP has demonstrated that that burden cannot be met.

Accordingly, the Court will grant GSWP's motion for summary judgment and enter judgment in GSWP's favor on Counts Two through Six, with regard to the Robinsons.

An appropriate Judgment follows.

S\_____
**Curtis V. Gómez**
**District Judge**