## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

CHAPIN, ET AL.,      )
            )
    Plaintiffs,   )
            )
    v.       )  Civil No. 2012-77
            )
GREAT SOUTHERN WOOD PRESERVING )
INCORPORATED, ET AL.,    )
            )
    Defendants.   )
            )

ATTORNEYS:

**Bonnie Prober**
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Jordan S. Cohen**
Wicker Smith O'Hara McCoy & Ford
Fort Lauderdale, Fla.
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
 *Counsel for Cary Chapin.*

**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
 *Counsel for Barbara Douma, Emily J. Bratton, John Baldwin,*
 *Dean Baldwin, Harry Eisener, Denise Barbier, Truman*
 *Barbier, Jean Cottrell, Stephen Cottrell, Mark Anderson,*
 *Conch Villa Condominium Association, Concordia Campgrounds,*
 *Inc., Jerry Daly, Carlos Di Blasi, John Fitzgerald, Rune*
 *Fremlin, Birgitta Fremlin, Bonita Corbeil.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Terry R. Whitham, Ann McCrave, Jeffrey J.*
> *McCrave, Celso Principaal, Cynthia Sauers, Nancy Nemeth,*
> *Jozsef Nemeth, Irene Patton, Richard Hathaway, Nina C.*
> *Hahler, Rick Hoy, Susan Hoy, Barbara Jakobsen, Arne*
> *Jakobsen, Barbara Jakobsen, Avis James, Oscar James, Philip*
> *Jones, Marjorie Jones, Dan Near, Rudy Patton, Ed Pieper,*
> *Barbara Pieper, Deborah Ramsay, Upper Deck Villas*
> *Association, Sharon Schott.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Michael Barry, Barbara Barry, S. Donald*
> *Sussman, Emicar LLC.*

**Charles J. LaDuca**
Cuneo Gilbert & LaDuca, LLP
Bethesda, MD
**Daniel M. Cohen**
Cuneo Gilbert & LaDuca, LLP
Washington, DC
**Michael James Flannery**
Cuneo Gilbert & LaDuca, LLP
St. Louis, MO
**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI
**Rhea Lawrence**
Rohn & Carpenter
St. Croix, U.S.V.I.
> *Counsel for Elisa Adams.*

**Lee J. Rohn**
Lee J. Rohn and Associates
St. Croix, VI

> *Counsel for Douglas R. Benton, Michael L. Krienik, as trustee of the Michael Krienik Trust, Barry Devine, Dominic Watson, as trustee of the Rogers Family Trust, Susan Greer-Littlefield, Patricia Mertensen, Elliot C. Hooper, Jeffrey A. Smock, Jay Goldman, Vicky Brown-Goldman, Gloria P. Samuel, Maria Applewhite, Warren Family LLC, Denise Veldman, Burt Veldman, Donald L. Robinson, Molly K. Robinson, Great Caribbean LLC, as assignee of Denise Geary.*

**Daryl C. Barnes**
**Sunshine S. Benoit**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
**John Stewart Baker**
**Lee M. Hollis**
**Stewart Andrew Kelly**
Lightfoot, Franklin & White, LLC
Birmingham, AL
> *Counsel for Great Southern Wood Preserving, Incorporated.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
**Ryan M. Charlson**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
> *Counsel for Putnam Lumber & Export Company.*

**Lisa M. Komives**
Bolt Nagi PC
St. Thomas, VI
**Robert A. Carlson**
**Lana M. Naghshineh**
Lee, Hernandez, Landrum, Garofalo and Blake APC
Miami, FL
> *Counsel for Putnam Family Properties, Inc.*

**Alex Moskowitz**
Dudley Topper & Feuerzeig
St. Thomas, VI
> *Counsel for MSI Building Supplies.*

**Chad C. Messier**
Dudley Topper & Feuerzeig
St. Thomas, VI
*Counsel for Whitecap Investment Corp., d/b/a Paradise
Lumber.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the

Magistrate Judge.

## I.    FACTUAL AND PROCEDURAL HISTORY

Great Southern Wood Preserving Inc. ("GSWP") is an Alabama

lumber wholesaler. It operates principally in Alabama. In

addition to selling wood directly, it also provides chemical and

pressure treatments to prevent lumber from decaying.

From on or about 2003 through on or about 2009, GSWP

regularly sold treated lumber and provided lumber-treatment

services to Putnam Family Properties, Inc., a Florida

corporation, which is itself a lumber retailer.[1] Some of this

wood was then sold to Whitecap Investment Corporation d/b/a

Paradise Lumber ("Whitecap").

On October 1, 2012, a number of consumers who purchased

wood from Whitecap filed the instant action against various

defendants, including the Putnam Entities and Great Southern

(the "*Chapin* action"). The plaintiffs alleged that the wood they

---

[1] Putnam Lumber & Export Company is the successor to Putnam Family.

purchased from Whitecap was initially sold to Whitecap by GSWP. They further alleged that the wood was "hazardous and defective" and prematurely decayed, causing damage to the buildings into which it had been incorporated.

Subsequently, the Putnam Entities asserted cross-claims against Great Southern in the *Chapin* action. Great Southern impleaded Whitecap as a third-party defendant. In response, Whitecap asserted third-party counterclaims against Great Southern.

On June 2, 2016, the Court held a status conference in this matter. At the conference, the parties advised the Court that they had entered a settlement agreement resolving all claims. Pursuant to that agreement, the parties executed mutual releases of any and all claims arising out of this matter and requested that all claims be dismissed with prejudice. On September 8, 2016, the Court entered Judgment and dismissed this case.

On September 20, 2016, seven plaintiffs that had been represented by attorney Lee J. Rohn ("Rohn") and the law firm Cuneo, Gilbert, & LaDuca, LLP, ("LaDuca")--Cary Chapin, Barb Douma, Marjorie Jones, Philip Jones, Pam Gaffin, Nina Hahler, and Deborah Ramsay (collectively, the "Chapin plaintiffs")-- filed a motion captioned "Motion for Relief." *See* ECF No. 1818. On September 21, 2016, the Chapin plaintiffs filed a motion

captioned "Amended Motion for Relief." *See* ECF No. 1820. Both

motions "sought relief from this Court arising from the LaDuca

and Rohn firms' alleged expenses without supporting

documentation and their failure/refusal to provide the method of

calculation of fees and the apportionment of expenses." *See* ECF

No. 1818 at 1; ECF No. 1820 at 1. The Chapin plaintiffs asked

for (1) three weeks "to submit a grievance with respect to the

disputed alleged expenses and attorney fees"; and (2) an order

directing "that the disputed monies be placed in an escrow

account of an independent agent or the Court's registry." *See*

ECF No. 1818 at 2; ECF No. 1820 at 2.

On September 28, 2016, the Chapin plaintiffs filed a motion

captioned "Emergency Motion to Deposit Settlement Proceeds into

an Independent Account." See ECF No. 1826. The motion asserted

that Rohn and the attorney's at DeLuca had violated ethical

obligations in connection with their charged expenses as well as

their accounting for and disbursing of proceeds from the

settlement. The September 28, 2016, motion sought an order

directing "the [settlement] funds to be deposited into an

independent escrow account and the net proceeds to be

distributed without delay to the Plaintiffs." *See id.* at 10.

On September 30, 2016, several other plaintiffs in this

action filed a motion to strike the September 28, 2016, motion

of the Chapin plaintiffs. That motion argued that, after

dismissing the case, "[t]he Court did not retain jurisdiction

over any matter including any settlement, fee or expenses

matter. As such, this case is closed and the Court has no

jurisdiction to entertain the [September 28, 2016] [m]otion."

*See* ECF no. 1828 at 2.

On July 20, 2017, the Court referred the above motions to

the Magistrate Judge for a Report and Recommendation. On

February 23, 2018, the Magistrate issued a Report and

Recommendation recommending that the Court (1) find the motions

of the Chapin plaintiffs moot; (2) deny the motion to strike;

and (3) refer the Chapin plaintiff's allegations of misconduct

to the Chief Judge pursuant to LRCi 83.2(b).

With respect to the motions to deposit funds filed by the

Chapin plaintiffs, the Magistrate noted that an interpleader

action had been commenced in the Superior Court of the Virgin

Islands. In connection with that action, the funds allocated to

the Chapin plaintiffs had been "deposited . . . into the

registry of the Superior Court, and the Superior Court later

allowed payment to be made to the members of the Chapin

[plaintiffs] of the 'undisputed funds.'" *See* ECF No. 1883 at 4.

As such, the Magistrate recommends that the Court find the

motions to deposit funds moot. As to the motion for time to file

a grievance, the Magistrate noted that the Chapin plaintiffs had filed their grievance and had acknowledged that the motion was moot. The Magistrate recommends that the Court find this motion moot as well.

With respect to the motion to strike, the Magistrate noted that the proponents of the motion had not identified "any authority for striking the Chapin [plaintiffs'] motion from the docket." *See id.* at 5. Moreover, "this Court maintains jurisdiction to adjudicate complaints concerning the ethical conduct of attorneys who practice before it, notwithstanding the dismissal of an action." *See id.*

The Magistrate Judge found that the allegations of misconduct in the Chapin plaintiffs' filings, "if substantiated, would warrant discipline" and that the "applicable procedure" to address the allegations "is not otherwise mandated by [the Local] Rules [of Civil Procedure of the District Court of the Virgin Islands]." *See* LRCi 83.2(b). The Magistrate recommended "that no further action be taken in Civil Action 2012-77 . . . but that the Chief Judge be informed of the issues raised" in the Chapin plaintiffs' filings. *See* ECF No. 1883 at 5.

No party has filed an objection to the Magistrate's Report and Recommendation.

Litigants may make "specific written objections" to a
magistrate judge's report and recommendation "[w]ithin 14 days
after being served with a copy of the recommended disposition."
*See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)
("Within fourteen days after being served with a copy, any party
may serve and file written objections to such proposed findings
and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court
"make[s] a *de novo* determination of those portions of the report
or specified proposed findings or recommendations to which
objection is made." *Id.* When no objection to a magistrate's
report and recommendation is made the district court reviews the
report and recommendation for plain error. *See Henderson v.
Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28
U.S.C. § 636(b)(1)] may not require, in the absence of
objections, the district court to review the magistrate's report
before accepting it, we believe that the better practice is for
the district judge to afford some level of review to dispositive
legal issues raised by the report."); *see also Tice v. Wilson*,
425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x
125 (3d Cir. 2008)(explaining that, by failing to object to a
portion of a report and recommendation, the litigant "waived its
right to have this Court conduct a *de novo* review," and that in

those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Having reviewed the record and the Report and Recommendation, the Court finds no error.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 1883 is **ADOPTED**; it is further

**ORDERED** that the motions docketed at ECF Numbers 1818, 1820, and 1826 are **MOOT**; it is further

**ORDERED** that the motion to strike docketed at ECF Number 1828 is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall inform the Chief Judge of the misconduct alleged by the Chapin plaintiffs.

S_____
        **Curtis V. Gómez**
        **District Judge**